## COMMONWEALTH OF KENTUCKY
### FLOYD CIRCUIT COURT
### CIVIL ACTION NO.: 18-CI-459

**LISA AND ANTHONY ALLEN**                                    **PLAINTIFFS**

**VS.**

**EQUITRANS, LIMITED**
         **SERVE:**        **CT Corporation System**
                           **306 West Main Street**
                           **Suite 512**
                           **Frankfort, Kentucky 40601**
                           **CERTIFIED MAIL**

NO. 18-CI-459 DV II
FILED 11 DAY OF July 20 18
SUMMONS AND_____ COPIES ISSUED
FLOYD CIRCUIT & DISTRICT COURT
BY_____ 6H_____D.C.

**AND**

**SPECTRA ENERGY OPERATING COMPANY, LLC**               **DEFENDANTS**

         **SERVE:**        **CT Corporation System**
                           **306 West Main Street**
                           **Suite 512**
                           **Frankfort, Kentucky 40601**
                           **CERTIFIED MAIL**

---

### COMPLAINT

Comes the Plaintiffs, Lisa and Anthony Allen, by and through counsel, and for their

Complaint against the Defendants, and states as follows:

1)      That the Plaintiffs are residents of the Commonwealth of Kentucky;

2)      That the Defendant, Equitrans, Limited is a foreign limited liability partnership

         conducting business within the Commonwealth of Kentucky;

3)      That the Defendant, Spectra Energy Operating Company, LLC is a foreign limited

         liability company conducting business within the Commonwealth of Kentucky;

4)   That the Plaintiffs are the owners of a certain tract of real property located in Floyd County, Kentucky that is the subject matter of this litigation;

5)   That the Defendants have constructed, maintained, repaired and/or operated a natural gas pipeline in close proximity to the Plaintiffs' property in question;

6)   That Defendants, their agents, servants and employees have negligently and/or grossly negligently caused damage to the Plaintiffs' property by virtue of their construction, maintenance, operation and repair of the pipeline in near proximity to the Plaintiffs' property;

7)   That as a sole and proximate result of the Defendants' acts and failure to acts as more specifically set forth above, the Plaintiffs have been forced to endure damage to their property, a diminution in the market value of their property, and a loss of use and enjoyment of their property;

8)   That the Defendants have been placed upon notice of the damage being done to the Plaintiffs' property and the Defendant has utterly disregarded this notice;

9)   That the Defendants' acts as complained of herein, are grossly negligent thereby entitling the Plaintiffs to recover punitive damages; and

10)  That the Plaintiffs' damages are well in excess of the jurisdictional limits of this Honorable Court.

WHEREFORE, the Plaintiffs, Lisa and Anthony Allen, respectfully demand the following:

1).   Trial by jury as to all claims;

2).   Compensatory damages for the diminution in market value to the Plaintiffs' property, damage done to the Plaintiffs' property, and for the loss and use of enjoyment of their property and land;

3).   Punitive damages for the Defendants' grossly negligent conduct;

4).   Pre and Post Judgment Interest;

5).   Costs and attorney fees expended herein; and

6).   To all other relief that the Plaintiffs may be entitled in law or equity.

Respectfully submitted,

ADAM P. COLLINS, ESQ.
COLLINS, COLLINS, & CONLEY, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822
PHONE: (606) 785-5048
FAX: (606) 785-3021

**Commonwealth of Kentucky**
**Floyd County**
**Douglas Ray Hall**
**Circuit Court Clerk**

Receipt Number: 02-0040431-A
DATE: 07/11/2018
TIME: 11:49 AM
*** (1) CIRCUIT CIVIL FILING ***

CASE NO: 18-CI-00459

RECEIVED FROM: COLLINS, COLLINS & CONLEY

ACCOUNT OF: ALLEN VS EQUITRANS

PARTY NAME: LISA ALLEN

| | | |
|---|---|---|
| 1. | Civil Filing Fee (Q) | 150.00 |
| 2. | ATJ Fee (1) | 20.00 |
| 3. | Court Technology MCFO(K(CT)) | 20.00 |
| 4. | Library Fee (L) | 1.00 |
| 5. | Court Facilities Fee (I) | 25.00 |
| 6. | Att Tax Fee MCFO(K(Q)) | 5.00 |
| 7. | Jury Demand /12 CS(W(M)) | 60.00 |
| 8. | Postage MCFO(K(H)) | 23.08 |
| | **TOTAL:** | **$304.08** |
| | **CHECK:** | **$304.08** |
| | ***DIFF: | .0.00 |

*** Check Number: 28205
*** Credit Card Invoice #:
Balance Due :

Prepared By: Brent Hamilton
** MCFO=Money Collected for Others
** CS=Charge for Services
Filing (KYCOURTS)                        Page 1 of 1

18-CI-459

FILED                    ENTERED
TENDERED                 RECEIVED
THIS __ DAY OF __        20__
DOUGLAS R. HALL CLERK
BY: __

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
(Equitrans, Limited)

18-CI- 459

9590 9402 3920 8060 0806 22

2. Article Number (Transfer from service label)

7018 0360 0001 2072 1929

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
La Tonya Washington          ☐ Addressee
B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                     ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery      Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery    Merchandise
☐ Insured Mail                       ☐ Signature Confirmation™
☐ Insured Mail Restricted Delivery    ☐ Signature Confirmation
                                         Restricted Delivery

Domestic Return Receipt



FILED ENTERED
TENDERED RECEIVED
THIS __ DAY OF _____ 20 __
DOUGLAS R. HALL, CLERK
BY: _____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
(Spectra Energy Operating
Co., LLC)

18-CI-459

9590 9402 3920 8060 0806 39

2. Article Number (Transfer from service label)

7018 0360 0001 2072 1912

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Ka' Tonya Washington ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
La Tonya Washington

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
☐)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

| AOC-105     Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. _18-CI-459_<br>Court ☒ Circuit ☐ District<br>County _Floyd_ |

PLAINTIFF

## Lisa Allen and Anthony Allen

VS.

DEFENDANT

## Equitrans, Limited; and
## Spectra Energy Operating Company, LLC.

Service of Process Agent for Defendant:

CT Corporation System
306 West Main Street, Ste 512
Frankfort, Kentucky, 40601

Serve by: Certified Mail
Spectra Energy Operating Co., LLC.

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

...anding relief against you are shown on the document

...ugles Ray Hall _____ Clerk
     BH _____ D.C.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To _CT Corp. System / Spectra_
Street and Apt. No., or PO Box No.
City, State, ZIP+4 _18-CI-459_

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

Postmark
Here

...rvice
...e Complaint (or other initiating document) to:

...rved by: _____

_____ Title

| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | Doc. Code: CI | | Case No. 18- CI- 459 |
| | | **CIVIL SUMMONS** | Court  ☒ Circuit ☐ District |
| | | | County  Floyd |

**CIVIL SUMMONS**

PLAINTIFF

Lisa Allen and Anthony Allen

VS.

Equitrans, Limited; and
Spectra Energy Operating Company, LLC.

DEFENDANT

Service of Process Agent for Defendant:

_CT Corporation System_
_306 West Main Street, Suite 512_
_Frankfort, Kentucky 40601_
_Serve by: Certified Mail;_

THE COMMONWEALTH OF KENTUCKY      Equitrans, Limited
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on
the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on
your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

demanding relief against you are shown on the document

Douglas Ray Hall      Clerk
DH      D.C.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only.

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $      Postmark Here
Postage
$
Total Postage and Fees
$
Sent To  CT Corp. System / Equitrans
Street and Apt. No., or PO Box No.
City, State, ZIP+4®      18 - CI - 459

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7018 0360 0001 2072 1924

Service
d the Complaint (or other initiating document) to:

Served by: _____
_____ Title

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| LISA ALLEN and ANTHONY ALLEN )<br><br>     Plaintiffs,     )<br>                              )<br>v.                            )<br>                              )<br>EQUITRANS, LIMITED and        )<br>SPECTRA ENERGY OPERATING      )<br>COMPANY, LLC                  )<br>                              )<br>     Defendants.              ) | Case No. _____<br><br>Removed from the Circuit Court of Floyd County, Kentucky, Case No. 18-CI-459 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, defendant Spectra Energy Operating Company, LLC ("Spectra") hereby removes this action, *Allen v. Equitrans, Ltd., et al*, from the Circuit Court of Floyd County, Kentucky, Case No. 01-CI-459, to the United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville, and alleges as follows:

1.     Plaintiffs brought this action for alleged significant damage to their property purportedly caused by gross negligence in the "construction, maintenance, operation and repair of" a natural gas pipeline located near their property. *See* Compl. at ¶ 6. Plaintiffs seek both compensatory and punitive damages.

2.     Jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between the plaintiffs and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

## I.    JURISDICTIONAL BASIS FOR REMOVAL

### A.    Diversity of Citizenship

3.    Based on the allegations of the complaint, Plaintiffs are, and at the time of the filing of this action were, citizens of the Commonwealth of Kentucky.  Compl. at ¶ 1.

4.    Upon information and belief, Defendant Equitrans, Limited ("Equitrans") and its partners or members are, and at the time of filing of this action were, citizens of Pennsylvania and Delaware.

5.    Defendant Spectra and its members are, and at the time of filing of this action were, organized in Delaware and have their principal place of business in Texas.

6.    Accordingly, the requisite diversity of citizenship for federal diversity jurisdiction is satisfied.

### B.    Amount in Controversy

7.    Based upon the nature of the Plaintiffs' claimed injuries and damages, the $75,000 amount in controversy requirement of 28 U.S.C. §1332 has been satisfied. A "fair reading" of Plaintiffs' complaint demonstrates that more than $75,000 is in controversy in this case. *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 478 (6th Cir. 2014) ("A court must conduct a 'fair reading' of the allegations in the complaint to determine the amount in controversy."). The Sixth Circuit also applies the "preponderance of the evidence (more likely than not) test" to the amount in controversy when the plaintiffs' complaint seeks an unspecified amount in damages. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993) (internal quotation marks omitted). Under the preponderance standard, the defendant must show, by a preponderance of the evidence, that the plaintiffs' allegations, if properly proved, will justify an award in excess of the jurisdictional minimum. *Id.* at 158; *see also Naji v. Lincoln*, 665 Fed. Appx. 397, 400 (6th Cir.

2016) (noting defendant "need not show to a legal certainty that the amount in controversy [meets the] federal requirement").Plaintiffs acknowledge that their damages are "well in excess of the jurisdictional limits" of the state circuit court, but do not explicitly quantify the damage amount. Compl. at ¶ 10.

8.      Plaintiffs allege that Spectra and Equitrans (collectively, "Defendants") have caused "damage to," "a diminution in the market value of," and "a loss of use and enjoyment of" their property.  Compl. at ¶ 7.  Compensatory damages alone for these items could easily exceed $75,000.

9.      In addition to compensatory damages, Plaintiffs seek punitive damages, alleging that Defendants acted "grossly negligently" in causing damage to Plaintiffs' property. *See also* Compl. at ¶ 9.   Requests for punitive damages are included in the calculation of the amount in controversy. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).  Taken together, Plaintiffs' requests for compensatory and punitive damages exceed the jurisdictional threshold.

10.     Thus, the face of the complaint makes clear that Plaintiffs seek damages in excess of the $75,000 threshold set forth in 28 U.S.C. § 1332(a).  Accordingly, the amount in controversy requirement is satisfied.

## II.    PROCEDURAL REQUIREMENTS FOR REMOVAL

11.     On July 11, 2018, Plaintiffs filed their complaint.  On July 17, 2018, Plaintiffs served Spectra with a copy of the complaint.  Because this removal is being filed within 30 days of service, this Notice of Removal is timely under 28 U.S.C. § 1446(b).  Copies of all process and pleadings are attached to this Notice of Removal as Exhibit A.

12.     Defendant Equitrans consents to the removal of this action.  There are no other defendants.

13.     The United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville, embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 97(a).

14.     Spectra is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d).  Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

15.     If any question arises as to the propriety of the removal of this action, Spectra requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

16.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Spectra's right to assert any defense or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over the person, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, 7) failure to join an indispensable party(ies) or 8) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Spectra respectfully removes this action from the Circuit Court of Floyd County, Kentucky, to this Court, pursuant to 28 U.S.C. § 1441.

DATED this 6th day of August 2018.

4

Respectfully submitted,

*s/ Brian R. Epling*
Lela M. Hollabaugh (TN BPR #14894)
(*Pro hac vice* admission pending)
Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following by first-class mail, on this the 6th day of August, 2018:

> Adam P. Collins
> Collins, Collins, & Conley, P.S.C.
> P.O. Box 727
> Hindman, Kentucky 41822
> Counsel for Plaintiffs

> _s/ Brian R. Epling_
> Brian R. Epling

# COMMONWEALTH OF KENTUCKY
## FLOYD CIRCUIT COURT
### DIVISION II
### CIVIL ACTION NO. 18-CI-459

**LISA AND ANTHONY ALLEN,**                                    **Plaintiffs,**

**v.**

**EQUITRANS, LIMITED,**
**and SPECTRA ENERGY OPERATING COMPANY, LLC,**              **Defendants.**

## ANSWER AND CROSSCLAIM OF DEFENDANT EQUITRANS LIMITED

Comes Defendant Equitrans Limited (hereinafter "EQT"), by counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

### FIRST DEFENSE

1.      The Complaint fails to state a claim upon which relief can be granted and must be dismissed.

### SECOND DEFENSE

2.      Plaintiffs' claim must be dismissed because it fails to join parties in whose absence complete relief cannot be accorded.

### THIRD DEFENSE

3.      EQT admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

4.      EQT denies the allegations contained in paragraphs 6, 7, 8, 9, and 10 of Plaintiffs' Complaint.

5.      EQT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3, 4, and 5 of Plaintiffs' Complaint and therefore denies same.

Filed 18-CI-00459 08/06/2018 Douglas R. Hall, Floyd Circuit Clerk

NOT ORIGINAL DOCUMENT
09/23/2019 11:18:29 AM
85355-13

6.      EQT denies all allegations of the Complaint not specifically admitted herein.

### FOURTH DEFENSE

7.      The Plaintiffs' claims are barred by the applicable statutes of limitation.

### FIFTH DEFENSE

8.      The Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel and laches.

### SIXTH DEFENSE

9.      The Plaintiffs' claims should be dismissed as to EQT because the damages, if any, suffered by Plaintiffs were caused by or are the responsibility of parties other than EQT.

### SEVENTH DEFENSE

10.      The Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates EQT's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Sections 1, 2, 7 and 17 of the Constitution of the Commonwealth of Kentucky and, therefore fails to state a cause of action upon which punitive damages can be awarded.

### EIGHTH DEFENSE

11.      The Complaint, to the extent that it seeks punitive damages, violates EQT's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Section 5 of the Constitution of the Commonwealth of Kentucky, and violates EQT's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Section 14 of the Constitution of the Commonwealth of Kentucky and, therefore, fails to state a cause of action supporting the punitive damages claim.

Filed 8109931 18-CI-00459 08/06/2018 Douglas R. Hall, Floyd Circuit Clerk

Filed 18-CI-00459 08/06/2018 Douglas R. Hall, Floyd Circuit Clerk ENTERED FINAL DOCUMENT

09/23/2019 11:18:29 AM
85355-13

## NINTH DEFENSE

12.     The Complaint fails to state a cause of action upon which punitive damages can be awarded.

## TENTH DEFENSE

13.     Plaintiffs' claims are barred and must be dismissed because Plaintiffs released EQT from liability with regard to the claims asserted in the Complaint.

## ELEVENTH DEFENSE

14.     The Complaint fails to state a cause of action upon which pre-judgment or post-judgment interest can be awarded.

## TWELFTH DEFENSE

15.     EQT relies on such other affirmative defenses as may be identified during the course of discovery, and reserves the right to amend its answer, file further pleadings, and assert additional claims or defenses.

## CROSSCLAIM

1.     EQT adopts and incorporates by reference its responses to Plaintiffs' Complaint set forth in paragraphs 1 through 15 above.

2.     EQT transferred to Spectra Energy Partners, LP and Spectra Energy Operating Company, LLC ("Spectra") all of its right, title and interest to the natural gas pipeline which is the subject of Plaintiffs' Complaint (the "Pipeline") on or about May 11, 2011.

3.     Plaintiffs' damages, if any, occurred subsequent to EQT's transfer of its interest in the Pipeline to Spectra.

4.     EQT is entitled to contractual and equitable indemnification from Spectra with regard to any damages which may be awarded to Plaintiffs on their Complaint.

3

WHEREFORE, having fully answered, Defendant Equitrans Limited demands:

1. That the relief demanded by the Plaintiffs be denied and the claim be dismissed with

   prejudice;

2. That EQT be awarded a judgment of indemnification against Spectra with regard to

   any judgment rendered against it on Plaintiffs' Complaint;

3. That the Plaintiffs be required to pay its costs, including a reasonable attorney's fee;

4. For any and all other relief, in law or equity, to which it is entitled.

Dated this 6th of August, 2018.

/s/ John Kevin West
J. Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

Candace Smith (95710)
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
candace.smith@steptoe-johnson.com
**COUNSEL FOR DEFENDANT
EQUITRANS LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th of August, 2018, I served the foregoing *"Answer and Crossclaim of Defendant Equitrans Limited"* via the electronic filing system and U.S. Mail, postage prepaid, to:

Hon. Adam Collins
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*


Lela Hollabaugh
Bradley, Arant, Boult, Cummings, LLP
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating Company, LLC*

/s/ *John Kevin West*
J. Kevin West (0081802)

**COMMONWEALTH OF KENTUCKY**
**FLOYD COUNTY COURT**

| | |
|---|---|
| **LISA ALLEN and ANTHONY ALLEN** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION NO.: 18-CI-459** |
| **v.** ) | |
| ) | |
| **EQUITRANS, LIMITED and** ) | |
| **SPECTRA ENERGY OPERATING** ) | |
| **COMPANY, LLC** ) | |
| ) | |
| **Defendants.** ) | |

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

To:   Clerk, Floyd County Circuit Court
      Floyd County Justice Center
      127 S. Lake Drive
      Prestonsburg, KY 41653

**PLEASE TAKE NOTICE**, that on August 6, 2018, Defendant Spectra Energy Operating

Company, LLC filed a Notice of Removal of this action to the United States District Court for the

Eastern District of Kentucky, Southern Division at Pikeville.  A true and correct copy of the Notice

of Removal is attached hereto as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that the filing of the Notice of Removal in the

United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville

and the filing of this Notice effect the removal of this action, and pursuant to 28 U.S.C. § 1446(d),

the above-captioned action may proceed no further unless and until the case is remanded.

**DATED** this 6th day of August 2018.

1

Respectfully submitted,

Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2340
Facsimile: (615) 252-6340
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following by first-class mail, on this the 6th day of August, 2018:

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822

Brian R. Epling

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION AT PIKEVILLE

LISA ALLEN and ANTHONY ALLEN   )
                                 )
     Plaintiffs,               )
                                 )    Case No. _____
v.                                 )
                                 )    Removed from the Circuit Court of
EQUITRANS, LIMITED and        )    Floyd County, Kentucky,
SPECTRA ENERGY OPERATING   )    Case No. 18-CI-459
COMPANY, LLC                  )
                                 )
     Defendants.             )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, defendant Spectra Energy Operating Company, LLC ("Spectra") hereby removes this action, *Allen v. Equitrans, Ltd., et al*, from the Circuit Court of Floyd County, Kentucky, Case No. 01-CI-459, to the United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville, and alleges as follows:

    1.    Plaintiffs brought this action for alleged significant damage to their property purportedly caused by gross negligence in the "construction, maintenance, operation and repair of" a natural gas pipeline located near their property. *See* Compl. at ¶ 6. Plaintiffs seek both compensatory and punitive damages.

    2.    Jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between the plaintiffs and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1



I.      **JURISDICTIONAL BASIS FOR REMOVAL**

A.      **Diversity of Citizenship**

3.      Based on the allegations of the complaint, Plaintiffs are, and at the time of the filing of this action were, citizens of the Commonwealth of Kentucky.  Compl. at ¶ 1.

4.      Upon information and belief, Defendant Equitrans, Limited ("Equitrans") and its partners or members are, and at the time of filing of this action were, citizens of Pennsylvania and Delaware.

5.      Defendant Spectra and its members are, and at the time of filing of this action were, organized in Delaware and have their principal place of business in Texas.

6.      Accordingly, the requisite diversity of citizenship for federal diversity jurisdiction is satisfied.

B.      **Amount in Controversy**

7.      Based upon the nature of the Plaintiffs' claimed injuries and damages, the $75,000 amount in controversy requirement of 28 U.S.C. §1332 has been satisfied. A "fair reading" of Plaintiffs' complaint demonstrates that more than $75,000 is in controversy in this case. *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 478 (6th Cir. 2014) ("A court must conduct a 'fair reading' of the allegations in the complaint to determine the amount in controversy.").  The Sixth Circuit also applies the "preponderance of the evidence (more likely than not) test" to the amount in controversy when the plaintiffs' complaint seeks an unspecified amount in damages. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993) (internal quotation marks omitted). Under the preponderance standard, the defendant must show, by a preponderance of the evidence, that the plaintiffs' allegations, if properly proved, will justify an award in excess of the jurisdictional minimum. *Id.* at 158; *see also Naji v. Lincoln*, 665 Fed. Appx. 397, 400 (6th Cir.

2016) (noting defendant "need not show to a legal certainty that the amount in controversy [meets the] federal requirement").Plaintiffs acknowledge that their damages are "well in excess of the jurisdictional limits" of the state circuit court, but do not explicitly quantify the damage amount. Compl. at ¶ 10.

8.      Plaintiffs allege that Spectra and Equitrans (collectively, "Defendants") have caused "damage to," "a diminution in the market value of," and "a loss of use and enjoyment of" their property.  Compl. at ¶ 7.  Compensatory damages alone for these items could easily exceed $75,000.

9.      In addition to compensatory damages, Plaintiffs seek punitive damages, alleging that Defendants acted "grossly negligently" in causing damage to Plaintiffs' property.  *See also* Compl. at ¶ 9.    Requests for punitive damages are included in the calculation of the amount in controversy.  *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).  Taken together, Plaintiffs' requests for compensatory and punitive damages exceed the jurisdictional threshold.

10.      Thus, the face of the complaint makes clear that Plaintiffs seek damages in excess of the $75,000 threshold set forth in 28 U.S.C. § 1332(a).  Accordingly, the amount in controversy requirement is satisfied.

## II.      PROCEDURAL REQUIREMENTS FOR REMOVAL

11.      On July 11, 2018, Plaintiffs filed their complaint.  On July 17, 2018, Plaintiffs served Spectra with a copy of the complaint.  Because this removal is being filed within 30 days of service, this Notice of Removal is timely under 28 U.S.C. § 1446(b).  Copies of all process and pleadings are attached to this Notice of Removal as Exhibit A.

12.     Defendant Equitrans consents to the removal of this action.  There are no other defendants.

13.     The United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville, embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 97(a).

14.     Spectra is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d).  Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

15.     If any question arises as to the propriety of the removal of this action, Spectra requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

16.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Spectra's right to assert any defense or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over the person, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, 7) failure to join an indispensable party(ies) or 8) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Spectra respectfully removes this action from the Circuit Court of Floyd County, Kentucky, to this Court, pursuant to 28 U.S.C. § 1441.

DATED this 6th day of August 2018.

4

Respectfully submitted,

*s/ Brian R. Epling*                              
Lela M. Hollabaugh (TN BPR #14894)
(*Pro hac vice* admission pending)
Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on the following by first-class mail, on this the 6th day of August, 2018:

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822
Counsel for Plaintiffs

*s/ Brian R. Epling*
Brian R. Epling

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| LISA ALLEN and ANTHONY ALLEN  ) | |
| ) | |
| Plaintiffs,  ) | Case No. 7:18-cv-00083-GFVT |
| ) | |
| v.  ) | Removed from the Circuit Court of |
| ) | Floyd County, Kentucky, |
| EQUITRANS, LIMITED and  ) | Case No. 18-CI-459 |
| SPECTRA ENERGY OPERATING  ) | |
| COMPANY, LLC  ) | |
| ) | |
| Defendants.  ) | |

### RULE 7.1 DISCLOSURE

Pursuant to Federal Rule of Civil Procedure 7.1, Spectra Energy Operating Company,

LLC discloses that it is owned indirectly by Enbridge, Inc. (NYSE: ENB).

DATED this 7th day of August 2018.

Respectfully submitted,

*s/ Brian R. Epling*
Lela M. Hollabaugh (TN BPR #14894)
(*Pro hac vice* admission pending)
Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following by first-class mail, on this the 7th day of August, 2018:

> Adam P. Collins
> Collins, Collins, & Conley, P.S.C.
> P.O. Box 727
> Hindman, Kentucky 41822
> Counsel for Plaintiffs

> _s/ Brian R. Epling_
> Brian R. Epling

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 7:18-cv-00083-GFVT |
| v. | ) | |
| | ) | |
| EQUITRANS, LIMITED and | ) | |
| SPECTRA ENERGY OPERATING | ) | |
| COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR ADMISSION OF COUNSEL *PRO HAC VICE*

The undersigned moves this Court for an Order admitting, *pro hac vice*, Lela M. Hollabaugh to practice in the above-captioned case on behalf of Defendant, Spectra Energy Operating Company, LLC, pursuant to Rule 83.2 of the Local Rules of the United States District Court of the Eastern District of Kentucky. Ms. Hollabaugh is an active member in good standing with the State Bar of Tennessee. Exhibit A sets forth the admission status, disciplinary history, consent to jurisdiction and ECF training information as required by Local Rule 83.2.

Respectfully submitted,

*s/Brian R. Epling*
Brian R. Epling (KY Bar #95539)
BRADLEY ARANT BOULT & CUMMINGS LLP
Roundabout Plaza
1600 Division St., Suite 700
Nashville, TN 37203
Tel.: (615) 244-2582
Fax: (615) 252-6380
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following by first-class mail, on this the 7th day of August, 2018:

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822
Counsel for Plaintiffs


*s/ Brian R. Epling*
Brian R. Epling

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT PIKEVILLE**

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 7:18-cv-00083-GFVT |
| v. | ) | |
| | ) | Removed from the Circuit Court of |
| EQUITRANS, LIMITED and | ) | Floyd County, Kentucky, |
| SPECTRA ENERGY OPERATING | ) | Case No. 18-CI-459 |
| COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FOR ADMISSION OF COUNSEL *PRO HAC VICE*

Having considered Motion for *Pro Hac Vice* Admission of Lela M. Hollabaugh, said

Motion is hereby GRANTED; and it is further ORDERED that Lela M. Hollabaugh is admitted

as counsel, *pro hac vice*, for Defendant, Spectra Energy Operating Company, LLC in the above-

styled matter.

The Clerk of this Court is directed to send certified copies of this Order to all counsel of

record.

It is so ORDERED this _____ day of _____, 2018.

_____
Judge Gregory F. VanTatenhove

7/3586487.2

Respectfully submitted,

*s/ Brian R. Epling*
Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2340
Facsimile: (615) 252-6340
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following by first-class mail, on this the 7th day of August, 2018:

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822
Counsel for Plaintiffs

*s/ Brian R. Epling*
Brian R. Epling

# *Supreme Court of Tennessee*

# *Certificate of Good Standing*

*I, James M. Hivner, Clerk of the Supreme Court of the State of Tennessee, do hereby certify that*

## *Lela Merrell Hollabaugh*

*is a licensed and practicing attorney of the Courts of this State, having been admitted to practice on October 29, 1991, and is presently in good standing.  The Supreme Court is the Court of last resort in Tennessee.*

*In testimony whereof, I have set my hand and affixed the seal of the Court on this the 6th day of August, 2018.*

*James M. Hivner*
*Clerk of the Supreme Court of Tennessee*

By: _____
*MaryBeth Lindsey, D.C.*

EDKy 419A (Rev. 10/08) Application for Admission to Practice in this Court

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY

The Application of:

**Lela M. Hollabaugh**
<small>(Name to Appear on Certificate)</small>

**1600 Division Street, Suite 700**
<small>(Mailing Address to Send Certificate)</small>

**Nashville, TN  37203**

for Admission to Practice in this Court.

     I hereby apply for admission to practice before the United States District Court for the Eastern District of Kentucky. I ask that my application and accompanying motion be considered and acted upon by any District Judge.

     I represent that I am an attorney of good moral and professional character and eligible for admission to the Bar of this Court. I have completed training for mandatory electronic case filing through ☐ the Kentucky Bar Association CLE course ☑ on-line tutorial ☐ authorized class room training or ☐ other method (Please explain:

_____

_____ ).

     I have been admitted to practice before the following courts (Please include bar membership numbers):
**U.S. Supreme Court; TN Supreme Court; U.S. Court of Appeals, 6th Circuit; U.S. Court of Appeals, 4th Circuit**
**U.S. District Court - Middle, Eastern,Western Districts of TN (TN BPR #14894)**

_____

     I am a member in good standing in the bar of the above courts.  I have not have been disbarred, suspended, or disciplined in any fashion from practice in any court  or any bar association in any jurisdiction. (If there is any exception, check here ☐ and attach a detailed explanation together with copies of any opinions, order or letters of discipline.)

I was born on _**July 15, 1967**_ at _**Nashville, Tennessee**_

If not a citizen of the United States by birth, check here ☐ and state date and place of naturalization:

_____

Other Information :

Home Address:
**1007 Mt. Hebron Lane**

**Franklin, TN  37064**

Home Telephone No. **615-790-8482**

Office Address:
**1600 Division Street**

**Suite 700**

**Nashville, TN  37203**

Office Telephone No. **615-252-2348**

State of ) **Tennessee**
       )
County of ) **Davidson**

     I, **Lela M. Hollabaugh** , do solemnly swear that I will demean myself as an attorney and counselor of this Court, uprightly and according to law; and that I will support the Constitution of the United States. I do further swear that the statements in the foregoing application are true.

_____
<small>(Signature of Applicant)</small>

Subscribed and sworn to before me this _6th_ day of _August_ , 2018.

Notary Public _Mittie Jean Compton_
<small>(Signature of Notary Public)</small>

State at Large My commission expires: _5-6-19_

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE
## CIVIL ACTION NO: 7:18-CV-00083-GFVT

LISA ALLEN AND ANTHONY ALLEN                                    PLAINTIFF

v.

EQUITRANS, LIMITED AND SPECTRA
ENERGY OPERATING COMPANY, LLC

                                                               DEFENDANTS

### NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that J. Kevin West, Candace Smith and Steptoe & Johnson PLLC, 41 S. High Street, Suite 2200, Columbus, OH 43215 and enter their appearance in the above-styled civil action on behalf of Defendant Equitrans Limited. It is requested that they be placed on the service list and be sent copies of all orders, pleadings and papers filed herein; and that all notices, whether written or oral (including but not limited to telephone notice of hearings to obtain emergency relief) given or required to be given and all pleadings, orders, motions, correspondence or papers served or required to be served in this case (and all related cases, if any) be given or served upon him at the addresses below.

8110409

Respectfully submitted:


/s/ *J. Kevin West*

J. Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

Candace Smith (95710)
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
candace.smith@steptoe-johnson.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2018, I filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to all counsel of

record.


/s/ J. Kevin West
J. Kevin West

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE
## CIVIL ACTION NO: 7:18-CV-00083-GFVT

**LISA ALLEN AND ANTHONY ALLEN**                    **PLAINTIFF**

**v.**

**EQUITRANS, LIMITED AND SPECTRA**
**ENERGY OPERATING COMPANY, LLC**
                                                   **DEFENDANTS**

## NOTICE OF FILING OF ANSWER AND CROSS  CLAIM FILED IN FLOYD CIRCUIT COURT ON AUGUST 6, 2018

On August 6, 2018, Defendant Spectra Energy Operating Company, LLC filed its Notice of Removal (*see* Doc #1).  That same day Defendant Equitrans, Limited filed its Answer to Plaintiff's Complaint in the state court action, a copy of which is attached hereto as Exhibit A.  It appears that the Answer was not included in the materials appended to the Spectra's notice of removal and is submitted for inclusion in the record.

Respectfully submitted:

*/s/ J.  Kevin West*
J. Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 221-5100
Fax:  (614) 221-0952
kevin.west@steptoe-johnson.com

8110496

Candace Smith (95710)
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
candace.smith@steptoe-johnson.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2018, I filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to all counsel of

record.

/s/ J. Kevin West
J. Kevin West

8110496

# Exhibit A

# COMMONWEALTH OF KENTUCKY
## FLOYD CIRCUIT COURT
### DIVISION II
### CIVIL ACTION NO. 18-CI-459

LISA AND ANTHONY ALLEN,                                      **Plaintiffs,**

**v.**

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,            **Defendants.**

## ANSWER AND CROSSCLAIM OF DEFENDANT EQUITRANS LIMITED

Comes Defendant Equitrans Limited (hereinafter "EQT"), by counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

### FIRST DEFENSE

1.      The Complaint fails to state a claim upon which relief can be granted and must be dismissed.

### SECOND DEFENSE

2.      Plaintiffs' claim must be dismissed because it fails to join parties in whose absence complete relief cannot be accorded.

### THIRD DEFENSE

3.      EQT admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

4.      EQT denies the allegations contained in paragraphs 6, 7, 8, 9, and 10 of Plaintiffs' Complaint.

5.      EQT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3, 4, and 5 of Plaintiffs' Complaint and therefore denies same.

6.      EQT denies all allegations of the Complaint not specifically admitted herein.

### FOURTH DEFENSE

7.      The Plaintiffs' claims are barred by the applicable statutes of limitation.

### FIFTH DEFENSE

8.      The Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel and laches.

### SIXTH DEFENSE

9.      The Plaintiffs' claims should be dismissed as to EQT because the damages, if any, suffered by Plaintiffs were caused by or are the responsibility of parties other than EQT.

### SEVENTH DEFENSE

10.      The Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates EQT's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Sections 1, 2, 7 and 17 of the Constitution of the Commonwealth of Kentucky and, therefore fails to state a cause of action upon which punitive damages can be awarded.

### EIGHTH DEFENSE

11.      The Complaint, to the extent that it seeks punitive damages, violates EQT's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Section 5 of the Constitution of the Commonwealth of Kentucky, and violates EQT's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Section 14 of the Constitution of the Commonwealth of Kentucky and, therefore, fails to state a cause of action supporting the punitive damages claim.

## NINTH DEFENSE

12.    The Complaint fails to state a cause of action upon which punitive damages can be awarded.

## TENTH DEFENSE

13.    Plaintiffs' claims are barred and must be dismissed because Plaintiffs released EQT from liability with regard to the claims asserted in the Complaint.

## ELEVENTH DEFENSE

14.    The Complaint fails to state a cause of action upon which pre-judgment or post-judgment interest can be awarded.

## TWELFTH DEFENSE

15.    EQT relies on such other affirmative defenses as may be identified during the course of discovery, and reserves the right to amend its answer, file further pleadings, and assert additional claims or defenses.

## CROSSCLAIM

1.    EQT adopts and incorporates by reference its responses to Plaintiffs' Complaint set forth in paragraphs 1 through 15 above.

2.    EQT transferred to Spectra Energy Partners, LP and Spectra Energy Operating Company, LLC ("Spectra") all of its right, title and interest to the natural gas pipeline which is the subject of Plaintiffs' Complaint (the "Pipeline") on or about May 11, 2011.

3.    Plaintiffs' damages, if any, occurred subsequent to EQT's transfer of its interest in the Pipeline to Spectra.

4.    EQT is entitled to contractual and equitable indemnification from Spectra with regard to any damages which may be awarded to Plaintiffs on their Complaint.

3

WHEREFORE, having fully answered, Defendant Equitrans Limited demands:

1. That the relief demanded by the Plaintiffs be denied and the claim be dismissed with prejudice;

2. That EQT be awarded a judgment of indemnification against Spectra with regard to any judgment rendered against it on Plaintiffs' Complaint;

3. That the Plaintiffs be required to pay its costs, including a reasonable attorney's fee;

4. For any and all other relief, in law or equity, to which it is entitled.

Dated this 6th of August, 2018.

/s/ John Kevin West
J. Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

Candace Smith (95710)
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
candace.smith@steptoe-johnson.com
**COUNSEL FOR DEFENDANT
EQUITRANS LIMITED**

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th of August, 2018, I served the foregoing *"Answer and Crossclaim of Defendant Equitrans Limited"* via the electronic filing system and U.S. Mail, postage prepaid, to:

        Hon. Adam Collins
        Collins, Collins and Conley, P.S.C.
        P. O. Box 727
        Hindman, KY 41822
        *Counsel for Plaintiffs*

        Lela Hollabaugh
        Bradley, Arant, Boult, Cummings, LLP
        Roundabout Plaza
        1600 Division Street
        Suite 700
        Nashville, TN 37203
        *Counsel for Spectra Energy Operating Company, LLC*

        */s/ John Kevin West*
        J. Kevin West (0081802)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

LISA ALLEN and ANTHONY ALLEN,    )
    )
    Plaintiffs,    )
    )
v.    )    Civil No. 7:18-cv-00083-GFVT
    )
EQUITRANS, LIMITED and    )
SPECTRA ENERGY OPERATING    )    **ORDER**
COMPANY, LLC,    )
    )
    Defendants.    )
    )

*** *** *** ***

Defendant Spectra Energy Operating Company, LLC has moved the Court for the

admission *pro hac vice* of attorney Lela M. Hollabaugh. [R. 4.]  The Court finds that the movant

has tendered the required filing fee, affidavit, and certificate of good standing.  Accordingly,

pursuant to LR 83.2(a), and the Court being duly and sufficiently advised, it is hereby

**ORDERED** as follows:

    1.    The Plaintiff's Motion for Admission *Pro Hac Vice* [**R. 4**] is **GRANTED**; and

    2.    Lela M. Hollabaugh is admitted *pro hac vice* as counsel for Defendant Spectra

Energy Operating Company, LLC in the above-styled action.

This the 8th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 7:18-cv-00083-GFVT |
| | ) | |
| EQUITRANS, LIMITED and | ) | **ORDER FOR REPORT OF** |
| SPECTRA ENERGY OPERATING | ) | **PARTIES' PLANNING** |
| COMPANY, LLC, | ) | **MEETING** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to the Federal Rules of Civil Procedure, it is hereby **ORDERED** as follows:

1.      No later than **thirty (30) days** from the date of entry and service of this order, counsel for the parties shall conduct the meeting of parties required by Rule 26(f) to discuss the possibilities for a prompt settlement or resolution of the case and to develop a proposed discovery plan.  The parties are directed to note the various amendments to the Federal Rules of Civil Procedure effective December 1, 2015, and to develop a discovery plan consistent with the new changes.

2.      At the time of the meeting, counsel for the parties shall exchange the disclosures required by Rule 26(a)(1) and, in the future, shall make supplemental disclosures when required by Rule 26(e).

3.      No later than **ten (10) days** after the meeting, counsel for the parties shall file a written joint report outlining the proposed discovery plan. **This report shall conform to Federal Rules of Civil Procedure Appendix Form 52**, and shall include the following information:

(a)     the parties' views and proposals required by Rule 26(f);

(b)     the length of time counsel reasonably believe will be necessary to join other  parties and to amend the pleadings;

(c)     the length of time counsel reasonably believe will be necessary to file dispositive motions;

(d)     the length of time counsel reasonably believe will be necessary to complete all pretrial discovery, including expert witness discovery;

(e)     the length of time counsel reasonably believe will be necessary for the parties to make the expert disclosures required by Rule 26(a)(2), with these disclosures to be made during the pretrial discovery phase of the case;

(f)     the probable length of trial and whether there will be issues to submit to a jury;

(g)     the dates that are mutually convenient with counsel to assign this case for trial and final pretrial conference.  Absent good cause shown the Court will schedule the Final Pretrial Conference date no sooner than ninety (90) days after the date ordered for the filing of dispositive motions, with the Trial following two (2) weeks after the Final Pretrial Conference.

(h)     whether the parties desire a scheduling conference before entry of a scheduling order; and

(i)     **whether the parties will consent to the jurisdiction of a magistrate judge for all further proceedings, including trial, pursuant to 28 U.S.C. § 636(c). Consent forms are attached to this Order and forms signed by all parties' counsel should be filed by no later than the date counsels' joint**

**status report is due. If all parties by counsel so consent, the Clerk of Court shall re-assign this matter to the appropriate Magistrate Judge without the necessity of further order of the Court. LR 73.1(c).**

4.      In the event this matter involves a corporation or partnership, the party is directed to advise the Court at the time of the submission of the parties' joint report of all parent corporations, subsidiaries, affiliates, members and/or partners with which it is associated.

This the 8th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge

AO 85 (Rev. 02/17)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| _____ | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
| _____ | ) |  |
| *Defendant* | ) |  |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:  _____            _____
                                                                *District Judge's signature*

                                                           _____
                                                                *Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**
**CIVIL ACTION NO. 7:18-cv-00083-GFVT**
*Electronically filed*

LISA ALLEN and
ANTHONY ALLEN                                                                   **PLAINTIFFS**

VS.

EQUITRANS, LIMITED and
SPECTRA ENERGY OPERATING
COMPANY, LLC                                                                   **DEFENDANTS**

---

**MOTION TO REMAND AND FOR AWARD OF COSTS**
**AND ATTORNEY FEES PURSUANT TO 28 U.S.C. 1447(C)**

---

Come now the Plaintiffs, Lisa Allen and Anthony Allen, for their Motion to Re-

mand pursuant to 28 U.S.C. 1446, and in support of the same states as follows:

I. AMOUNT IN CONTROVERSY REQUIREMENT IS NOT MET

Since the Defendants removed this case from state court, they bear the burden

of proving that the requirements for diversity jurisdiction are satisfied. *Cleveland Hous.*

*Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing

*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1194-95 (2010)). A defendant's claims of the

amount in controversy must be supported by "competent proof," *McNutt v. General Mo-*

*tors Acceptance Corp.*, 298 U.S. 178, 189 (1936). This "competent proof" can include

items such affidavits, documents, or interrogatories to support jurisdiction. See *Gentek*

*Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).Thus the

defendants must affirmatively come forward with actual evidence, not just supposition,

showing it is more likely than not that the plaintiff's claims exceed $75,000. *Gafford v.*

*Gen. Elec. Co.*, 997 F.2d 150, 158-60 (6th Cir. 1993). Otherwise, the case must be re-manded to state court.

"Simply saying that the amount-in-controversy requirement is met does not make it so." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959-60 (E.D. Ky. 2009). Mo-reover, the Court has repeatedly held in cases, such as the instant matter, when the amount of damages claimed is not set forth in the Complaint, it is incumbent upon the defendant to engage in discovery on that issue before removing the case. *Minix v. Ka-wasaki Motors Corp.*, No. 09-90, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009); *see also May v. Wal-Mart Stores, Inc.*, 751 F.Supp. 2d 946, 948 (E.D. Ky. 2010); *Hackney v. Thibodeaux*, No. 10-35, 2010 WL 1872875, *2 (E.D. Ky. May 10, 2010); *Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614, 616 (E.D. Ky. 1995).

Here, the Defendant chose to ignore this Court's previous holdings and remove the case prior to conducting any discovery and simply relies upon its own self-serving statements in support of its position that the amount in controversy is met. Indeed, the Defendants have not set forth any evidence about the value of the Plaintiffs' home or the amount of damage caused to the home or the amount of damages sought by the Plaintiffs. This is not enough to carry the Defendant's burden and the case should be Remanded to the Floyd Circuit Court because the Defendant has failed to take the steps set forth by this Court before removal is appropriate.

II. AWARD OF COSTS AND FEES

As a final matter, and to deter similarly-deficient removals in the future and to compensate the Plaintiff and her attorneys for the unjustified inconvenience, needless delay and wasted time and effort to which they have been put by the removing Defen-

dant's premature and merit- less removal of this case, the Plaintiff urges the Court to use its discretion under 28 U.S.C. § 1447(c) to award a reasonable attorney's fees as the "just costs" of this improper removal. As this Court knows, § 1447(c) authorizes this Court to award the Plaintiff "just costs," including reasonable attorney's fees, incurred a result of the improper removal of a case from state court. "A threshold determination of bad faith, improper purpose or vexatious or wanton conduct" is not necessary for the Court to use its discretion to award attorney's fees as a consequence of an the improper removal. *Morris v. Bridestone/Firestone, Inc.*, 985 F.2d 238, 240 (6 Cir. 1993). Instead, the Court need only find that the Defendant "lacked an objectively reasonable basis for seeking removal" in order to justify an award of attorney's fees under §1447(c). *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). The Court should additionally "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" as one important factor in assessing sanctions for wrongful removals under § 1447(c). *Id.*

Here, the Defendant has removed the case in the face of the Court's prior direction and the removal is baseless and not well founded in law or fact. As such, the Plaintiff should be awarded costs and attorney fees as is in the Court's discretion.

WHEREFORE, for the foregoing reasons, the Plaintiff requests that the Court remand this action to the Floyd Circuit Court for further proceedings.

Respectfully submitted,

/s/ M. Patrick Conley
M. Patrick Conley
Collins, Collins & Conley, PSC
P.O. Box 727
Hindman, KY 41822

P- (606) 785-5048
F- (606) 785-3021

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was filed via CM/

ECF on Monday, August 13, 2018 and distributed to:

John Kevin West          kevin.west@steptoe-johnson.com

Candace Beth Smith        candace.smith@steptoe-johnson.com

Brian R. Epling          bepling@bradley.com


/s/ M. Patrick Conley
M. Patrick Conley

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**
**CIVIL ACTION NO. 7:18-cv-00083-GFVT**
***Electronically filed***

**LISA ALLEN and**
**ANTHONY ALLEN**                                                     **PLAINTIFFS**

**VS.**

**EQUITRANS, LIMITED and**
**SPECTRA ENERGY OPERATING**
**COMPANY, LLC**                                                      **DEFENDANTS**

**ORDER REMANDING**

This matter having come before the Court upon the Plaintiffs' Motion to Remand

and being sufficiently advised;

It is hereby ORDERED that this matter is hereby REMANDED to the Floyd

Circuit Court for further proceedings.

This the _____ of _____, _____.


_____
HON. GREGORY F. VAN TATENHOVE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**
**CIVIL ACTION NO. 7:18-cv-00083-GFVT**
***Electronically filed***

**LISA ALLEN and**
**ANTHONY ALLEN**                                                   **PLAINTIFFS**

**VS.**

**EQUITRANS, LIMITED and**
**SPECTRA ENERGY OPERATING**
**COMPANY, LLC**                                              **DEFENDANTS**

**ORDER AWARDING COSTS AND FEES**

This matter having come before the Court upon the Plaintiffs' Motion to Award

Costs and Fees pursuant to 28 U.S.C. § 1447(c) and being sufficiently advised;

It is hereby ORDERED that the Motion is SUSTAINED. The Plaintiffs shall submit

their fees and costs in this matter within twenty (20) days. Thereafter, the Defendants

shall set forth any objections to the amount of fees and costs within ten (10) days.

This the _____ of _____, _____.


_____
HON. GREGORY F. VAN TATENHOVE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 7:18-cv-00083-GFVT |
| v. | ) | |
| | ) | Removed from the Circuit Court of |
| EQUITRANS, LIMITED and | ) | Floyd County, Kentucky, |
| SPECTRA ENERGY OPERATING | ) | Case No. 18-CI-459 |
| COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### SPECTRA ENERGY OPERATING COMPANY, LLC'S ANSWER

Defendant Spectra Energy Operating Company, LLC ("Spectra") for its answer to the complaint filed by Plaintiffs Lisa and Anthony Allen ("Plaintiffs") state as follows:

1.      Admitted.

2.      Admitted.

3.      Spectra admits that it is a foreign limited liability company.  Spectra denies the remaining allegations contained in Paragraph 3.

4.      Admitted.

5.      Spectra admits that a natural gas pipeline was constructed, maintained, repaired and/or operated in close proximity to the Plaintiffs' property in question.  Spectra denies the remaining allegations contained in Paragraph 5.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

1

10.     Denied.

Spectra denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE

paragraph following Paragraph 10.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      This Court lacks personal jurisdiction over Spectra.

3.      Plaintiffs' claim is due to be dismissed because it fails to join parties in whose

absence complete relief cannot be afforded.

4.      Some or all of Plaintiffs' Complaint is barred by the applicable statute of

limitations.

5.      Some or all of Plaintiffs' Complaint is barred by the doctrine of laches.

6.      Spectra does not construct, maintain, repair, or operate any natural gas pipeline.

7.      Spectra lacks authority from the Federal Energy Regulatory Commission to

construct, maintain, repair, or operate any natural gas pipeline.

8.      Some entity other than Specta has or had the authority and/or obligation to

construct, maintain, repair, or operate the natural gas pipeline on or near Plainitffs' property.

9.      Plaintiffs' claims are barred, in whole or in part, by release.

10.     Plaintiffs' alleged damages are barred, in whole or in part, by their failure to

mitigate any alleged damages.

11. '    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' assumption of the

risk.

12.     Plaintiffs' alleged damages were caused by the operation of superseding and

intervening causes, acts of God, natural disaster or other events over which Spectra exercised no

control and for which it bears no liability or responsibility.

13.     The Complaint fails to state a cause of action upon which pre-judgment or post-judgment interest can be awarded.

14.     Spectra states and pleads that punitive damages are not recoverable in this action for the following reasons:

a.     The Complaint fails to state a cause of action upon which punitive damages can be awarded.

b.     To the extent that it seeks punitive damages, the Complaint violates Spectra's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Sections 1, 2, 7, and 17 of the Constitution of Kentucky.

c.     Plaintiffs' claim for punitive damages is in violation of and is barred by the substantive due process clauses contained in Section 14 of the Constitution of Kentucky and by the Fifth and Fourteenth Amendments to the United States Constitution.

d.     Plaintiff's claim for punitive damages is in violation of and is barred by the Equal Protection Clause of Sections 2 and 3, et seq., of the Constitution of Kentucky and by the Fourteenth Amendment to the United States Constitution.

e.     Plaintiffs' claim for punitive damages is in violation of and is barred by the prohibition of ex post facto laws contained within § 10 of Article I of the United States Constitution.

f.     Plaintiffs' claim for punitive damages is in violation of and is barred by the prohibition against excessive fines and cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution as set forth in *Cooper v. Leatherman Tool Group, Inc.*, and its progeny.

15.     Spectra relies on such other affirmative defenses as may be identified during the course of discovery, and reserves the right to amend its answer, file further pleadings, and assert additional claims or defenses.

Dated this 13th day of August 2018.

Respectfully submitted,

_s/ Lela M. Hollabaugh_
Lela M. Hollabaugh (TN BPR #14894)
(Admitted *pro hac vice*)
Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, I caused a copy of the foregoing to be electronically filed using the Court's CM/ECF system, which will send electronic notification to the counsel of record identified below.

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822
Counsel for Plaintiffs

_s/ Lela M. Hollabaugh_
Lela M. Hollabaugh

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE**

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 7:18-cv-00083-GFVT |
| v. | ) | |
| | ) | Removed from the Circuit Court of |
| EQUITRANS, LIMITED and | ) | Floyd County, Kentucky, |
| SPECTRA ENERGY OPERATING | ) | Case No. 18-CI-459 |
| COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**SPECTRA ENERGY OPERATING COMPANY, LLC'S ANSWER
TO EQUITRANS, LIMITED'S CROSSCLAIM**

Defendant Spectra Energy Operating Company, LLC ("Spectra") for its answer to the crossclaim filed by Defendant Equitrans, Limited ("Equitrans") (the "Crossclaim") states as follows:

1.      Spectra states that no response is required to paragraph 1 of the Crossclaim. However, to the extent a response is required, Spectra denies the allegations contained in paragraph 1 of the Crossclaim.

2.      Spectra admits that on or about May 11, 2011, Equitrans transferred to Spectra Energy Partners, LP all of its right, title and interest to the natural gas pipeline which is the subject of Plaintiffs' complaint, subject however to the terms and conditions contained in the conveyancing agreements.  Spectra denies the remaining allegations contained in paragraph 2 of the Crossclaim.

3.      Denied.

4.      Denied.

Spectra denies that Equitrans is entitled to any of the relief demanded in the WHEREFORE

1

paragraph following paragraph 4 of the Crossclaim.  All allegations not expressly admitted above are denied.

## AFFIRMATIVE DEFENSES

1.      Equitrans's Crossclaim fails to state a claim upon which relief can be granted.

2.      Spectra and Equitrans are not parties to any contract with each other.

3.      Spectra owes no duties to Equitrans.

4.      This Court lacks personal jurisdiction over Spectra.

5.      Plaintiffs' claim is due to be dismissed because it fails to join parties in whose absence complete relief cannot be afforded.

6.      Spectra does not construct, maintain, repair, or operate any natural gas pipeline.

7.      Spectra lacks authority from the Federal Energy Regulatory Commission to construct, maintain, repair, or operate any natural gas pipeline.

8.      Some entity other than Spectra has or had the authority and/or obligation to construct, maintain, repair, or operate the natural gas pipeline on or near Plaintiffs' property.

9.      Spectra relies on such other affirmative defenses as may be identified during the course of discovery, and reserves the right to amend its answer, file further pleadings, and assert additional claims or defenses.

Dated this 27th day of August 2018.

Respectfully submitted,

*s/ Lela M. Hollabaugh*

Lela M. Hollabaugh (TN BPR #14894)
(Admitted *pro hac vice*)
Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I caused a copy of the foregoing to be electronically filed using the Court's CM/ECF system, which will send electronic notification to the counsel of record identified below.

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822
Counsel for Plaintiffs

J. Kevin West
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215

Candace Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504

*s/ Lela M. Hollabaugh*

Lela M. Hollabaugh

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### PIKEVILLE

LISA ALLEN and ANTHONY
ALLEN,

        **Plaintiffs,**

                                     **Civil Action No. 7:18-CV-00083-GFVT**

**v.**

EQUITRANS, LIMITED, and
SPECTRA ENERGY OPERATING
COMPANY, LLC,

        **Defendants.**

## EQUITTRANS, LIMITED'S INITIAL DISCLOSURES
## UNDER FED. R. CIV. P. 26(a)(1)

Defendant and Cross-Claim Plaintiff Equitrans, Limited ("EQT"), by counsel, makes its

initial disclosures under Rule 26(a)(1) as follows:

1.     **Individuals Likely to Have Discoverable Information**

The following individuals, upon information and belief, are likely to have discoverable

information that may be used by EQT to support its claims and/or defenses, including the

indemnification owed by Defendant and Cross-Claim Defendant Spectra Energy Operating

Company, LLC ("Spectra") to EQT:

        a.       Joshua Cochran
                One Diversified Way
                Pikeville, KY 41501

                Mr. Cochran may have information about the construction, maintenance,
                and operation of the subject pipeline.  Mr. Cochran may have information
                about EQT's contracts, agreements, and assignments regarding the subject
                pipeline.

b.        Michael Coots
One Diversified Way
Pikeville, KY 41501

Mr. Coots may have information about the construction, maintenance, and operation of the subject pipeline. Mr. Coots may have information about EQT's contracts, agreements, and assignments regarding the subject pipeline.

c.        Representatives of Western Construction, Inc. These individuals may have information about the construction, maintenance, and operation of the subject pipeline. They may also have information about EQT's contracts, agreements, and assignments regarding the subject pipeline.

d.        EQT reserves the right to supplement this list and identify additional witnesses in accordance with the Federal Rules of Civil Procedure, the Rules of the District Court for the Eastern District of Kentucky, and the Court's orders.

## 2.    <u>Documents, Electronically Stored Information, and Tangible Things</u>

The following documents, electronically stored information, and tangible things, described by category and location, may be used by EQT to support its claims and/or defenses:

a.    EQT's contract(s) with Western Construction, Inc. related to the subject pipeline. Upon information and belief, these documents are located in EQT's office at 625 Liberty Avenue, Suite 1700, Pittsburgh, PA 15222.

b.    EQT's assignment of the subject pipeline to Spectra. Upon information and belief, this document is located in EQT's office at 625 Liberty Avenue, Suite 1700, Pittsburgh, PA 15222.

c.    Documents related to the construction of the subject pipeline. Upon information and belief, these documents are located in EQT's office at 625 Liberty Avenue, Suite 1700, Pittsburgh, PA 15222.

d.    EQT reserves the right to supplement this list and identify additional documents in accordance with the Federal Rules of Civil Procedure, the Rules of the District Court for the Eastern District of Kentucky, and the Court's orders.

## 3.    <u>Computation of Damages</u>

EQT claims the following categories of damages. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)

8132615

and Fed. R. Civ. P. 34, EQT will make available the documents or other evidentiary material on which each computation is based, upon request by Plaintiffs or Spectra, unless same is privileged, confidential or otherwise protected from disclosure.

    a.   Cost of indemnification of EQT in this litigation.

          i.   This category of damages has not yet been determined because the present litigation is continuing and has not been resolved by judgment or settlement. EQT seeks indemnification in the amount of damages, if any, awarded to Plaintiffs against EQT in this civil action. Upon information and belief, this category of damages exceeds $75,000, as this case was removed to federal court on the basis of diversity jurisdiction.

    b.   Post judgment interest.

          i.   This category of damages has not yet been determined because the amount of indemnification in the present litigation is unknown until this civil action is resolved by judgment or settlement.

    c.   Costs, expenses, and attorneys' fees in the present litigation.

          i.   This category of damages has not been determined because the present litigation is pending.

    d.   EQT reserves the right to supplement this list in accordance with the Federal Rules of Civil Procedure, the Rules of the District Court for the Eastern District of Kentucky, and the Court's orders.

**4.**    **<u>Insurance Agreements</u>**

    a.   Not applicable.

Dated: August 30, 2018.

8132615

**EQUITRANS, LIMITED,**
**By counsel,**

*/s/ John Kevin West*

John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

8132615

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## PIKEVILLE

LISA ALLEN and ANTHONY
ALLEN,

      **Plaintiffs,**

                                         **Civil Action No. 7:18-CV-00083-GFVT**

**v.**

EQUITRANS, LIMITED, and
SPECTRA ENERGY OPERATING
COMPANY, LLC,

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2018, I electronically filed the foregoing

**"Equitrans, Limited's Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)"** with the Clerk of

the Court by using the CM/ECF system, which will send a notice of electronic filing to the

following:

Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Hon. Lela M. Hollabaugh
Hon. Brian R. Epling
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating
Company, LLC*

/s/ *Candace B. Smith*
Candace B. Smith (95710)

8132615

5

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE
CIVIL ACTION NO: 7:18-CV-00083-GFVT


LISA ALLEN AND ANTHONY ALLEN                                  PLAINTIFFS

v.

EQUITRANS, LIMITED AND SPECTRA
ENERGY OPERATING COMPANY, LLC

                                                             DEFENDANTS

---

### CORPORATE DISCLOSURE STATEMENT

---

Pursuant to FRCP 7.1, Equitrans, Limited states that it is a subsidiary of EQT Corporation, which is a publicly traded company.  Equitrans, Limited is also an affiliate of EQT Midstream Partners, LP and EQT GP Holdings, LP, which are publicly traded companies.


Dated: August 30, 2018                     */s/ J. Kevin West*
                                           John Kevin West (0081802)
                                           Steptoe & Johnson PLLC
                                           Huntington Center, Suite 2200
                                           41 South High Street
                                           Columbus, Ohio 43215
                                           Telephone: (614) 221-5100
                                           Fax: (614) 221-0952
                                           kevin.west@steptoe-johnson.com

                                           Candace B. Smith (95710)
                                           Steptoe & Johnson PLLC
                                           One Paragon Centre
                                           2525 Harrodsburg Road, Suite 300
                                           Lexington, KY 40504
                                           Telephone:  (859) 219-8211
                                           Facsimile:  (859) 255-6903
                                           candace.smith@steptoe-johnson.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE
## CIVIL ACTION NO: 7:18-CV-00083-GFVT

**LISA ALLEN AND ANTHONY ALLEN**                                    **PLAINTIFFS**

**v.**

**EQUITRANS, LIMITED AND SPECTRA**
**ENERGY OPERATING COMPANY, LLC**

                                                                 **DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2018, I electronically filed the foregoing

**"Corporate Disclosure Statement"** with the Clerk of the Court by using the CM/ECF system,

which will send a notice of electronic filing to the following:

| | |
|---|---|
| Hon. Adam Collins | Hon. Lela M. Hollabaugh |
| Hon. Patrick Conley | Hon. Brian R. Epling |
| Collins, Collins and Conley, P.S.C. | Bradley Arant Boult Cummings LLP |
| P. O. Box 727 | 1600 Division Street |
| Hindman, KY 41822 | Suite 700 |
| *Counsel for Plaintiffs* | Nashville, TN 37203 |
| | *Counsel for Spectra Energy Operating Company, LLC* |

                                        /s/ J. Kevin West
                                        John Kevin West (0081802)

8112021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CIVIL ACTION NO. 7:18-cv-00083-GFVT
Electronically filed

LISA ALLEN and
ANTHONY ALLEN                                              PLAINTIFFS

VS.

EQUITRANS LIMITED, et al                                   DEFENDANTS

_____

JOINT REPORT OF THE PARTIES' PLANNING MEETING
_____

In accordance with Fed. R. Civ. P. 26(f), a planning meeting occurred on August 30,

2018.

Those participating were:

For the Plaintiffs:                     M. Patrick Conley

For the Defendant, Equitrans:           Candace Smith

For the Defendant, Spectra:             Lela Hollabaugh

1. **Initial Disclosures**. Pursuant to the Court's Order for Report of Parties Planning Meeting, Initial Disclosures will be exchanged by **September 7, 2018**.

2. **Amended Pleadings.** No later than **December 3, 2018,** parties shall file all motions to amend pleadings or join parties.

3. **Proposed Discovery plan.** No later than **July 1, 2019**, the parties shall complete all discovery. In addition, the following deadlines are established:

   a. **Expert witnesses.** The parties shall identify experts in compliance with Fed.R.Civ.P. 26(a)(2):

      By plaintiff(s):          **March 15, 2019**
      By defendant(s):          **April 15, 2019**

      Plaintiffs rebuttal:      **May 1, 2019**

    **b.**  All discovery shall proceed pursuant to the Federal Rules of Civil Procedure.

    **c.**  The parties agree that claims of privilege may be asserted even after production of documents under the circumstances described in Rule 502 of the Federal Rules of Evidence and that disclosure in this proceeding shall not constitute a waiver except as described in that Rule. The parties ask that this agreement be included in an order under Federal Rule of Evidence 502.

**4.** The parties shall meet and confer to address any issues related to electronically stored information within a reasonable time after any such issue arises and before bringing such matter to the Court.

**5.** **Other items.**

    a.  No later than **August 1, 2019,** counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Fed.R.Evid. 702; *Daubert v. Merrell Dow Pharmaceutical, Inc.,* 509 U.S. 579 (1993); and *Kumho tire Co. v. Carmichael,* 526 U.S. 137 (1999).

    b.  Final lists of witnesses and exhibits and designations of depositions under Rule 26(a)(3) should be due from both Plaintiff and Defendants by: **October 1, 2019.**

    c.  Parties should have **10 days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    d.  This case should be ready for a final pretrial conference by **October 30, 2019.**

    d.  This case should be ready for trial by **November 13, 2019**, and at this time is expected to take approximately **4 days**.

    e.  The parties have discussed referral of this case to the United States Magistrate Judge for all purposes in the case, including trial, entry of a final judgment, and all post-judgment proceedings pursuant to Title 28 USC 636(c) and Fed. R. Civ. P. 73 and L.R. 73.1. The parties do not consent to such referral and have not attached the AO 85 Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form relative to this referral.

Respectfully submitted this 30th day of August, 2018,

**LISA ALLEN and ANTHONY ALLEN.
By counsel,**


*Patrick Conley (w/permission)*
Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
P- (606) 785-5048
F- (606) 785-3021


**EQUITRANS, LIMITED,
By counsel,**

*Candace B. Smith*
John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

**SPECTRA ENERGY OPERATING
COMPANY, LLC,
By counsel,**


*Lela M. Hollabaugh (w/permission)*
Hon. Lela M. Hollabaugh (TN BPR #14894)
(Admitted *pro hac vice*)
Hon. Brian R. Epling (KY Bar #95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

8134983

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CIVIL ACTION NO. 7:18-cv-00083-GFVT
Electronically filed

LISA ALLEN and
ANTHONY ALLEN                                        PLAINTIFFS

VS.

EQUITRANS LIMITED, et al                             DEFENDANTS


CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2018, I electronically filed the foregoing

**"Joint Report of the Parties' Planning Meeting"** with the Clerk of the Court by using the

CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Hon. Adam Collins | Hon. Lela M. Hollabaugh |
| Hon. Patrick Conley | Hon. Brian R. Epling |
| Collins, Collins and Conley, P.S.C. | Bradley Arant Boult Cummings LLP |
| P. O. Box 727 | 1600 Division Street |
| Hindman, KY 41822 | Suite 700 |
| *Counsel for Plaintiffs* | Nashville, TN 37203 |
| | *Counsel for Spectra Energy Operating Company, LLC* |


/s/ *Candace B. Smith*
Candace B. Smith (95710)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 7:18-cv-00083-GFVT |
| v. | ) | |
| | ) | Removed from the Circuit Court of |
| EQUITRANS, LIMITED and | ) | Floyd County, Kentucky, |
| SPECTRA ENERGY OPERATING | ) | Case No. 18-CI-459 |
| COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## SPECTRA ENERGY OPERATING COMPANY, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND AND FOR AWARD OF ATTORNEY FEES

This Court has subject matter jurisdiction[1] over the claims made by Lisa and Anthony Allen ("Plaintiffs") against Spectra Energy Operating Company, LLC ("Spectra") and Equitrans, Limited ("Equitrans") (collectively, "Defendants"). Plaintiffs' Motion to Remand and for Award of Attorney Fees should be denied in its entirety.

### I.      Introduction.

Spectra removed this action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in the Court pursuant to 28 U.S.C. § 1332 as there is the requisite diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Doc. 1 at ¶ 2. There is no dispute that that the requisite diversity exists. Plaintiffs now claim that Spectra has not met its burden of showing that the amount in controversy is more than the jurisdictional threshold. Of note, *nowhere* in their motion do Plaintiffs state that their damages are not more than $75,000 nor do they offer *any* evidence to rebut the statements made in Spectra's Notice of Removal (Doc. 1). *See* Doc. 9. Further, Plaintiffs

---

[1] Spectra restates its affirmative defense that this Court lacks personal jurisdiction over Spectra.

are not entitled to an award of attorneys' fees as removal was proper in this case.  However, even if removal were improper (it was proper), the facts of this case do not support an award of attorneys' fees.

## II.      The amount in controversy is satisfied in this case.

Spectra can prove the requisite amount in controversy.  To establish amount in controversy, Spectra need only show by a "preponderance of the evidence" ("more likely than not") that the amount in controversy exceeds $75,000.  *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) *rev'd on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010); 28 U.S.C. § 1332.  This "does not place upon the defendant a daunting burden."  *Beasley v. Wells Fargo Bank, N.A.*, No. 17-6043, 2018 WL 3478882, at *3 (6th Cir. July 19, 2018).  Instead, it is a "moderate burden" that "balances the defendant's right to remove and the federal interest in limiting diversity jurisdiction."  *McCraw v. Lyons*, 863 F. Supp. 430, 435 (W.D. Ky. 1994) (citing *Gafford*, 997 F.2d at 159).  A removing defendant does not have "to research, state, and prove the plaintiff's claim for damages."  *Id.*  Where, a plaintiff "[challenges] a defendant's assertion of the amount in controversy," the Supreme Court has further explained that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Dart v. Cherokee Basin Operating Co, LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)); *see also Beasley*, 2018 WL 3478882 at *3.

As Spectra pointed out in its Notice of Removal, Plaintiffs allege that Defendants have caused "damage to," "a diminution in the market value of," and "a loss of use and enjoyment of" their property.  Doc. 1 at 3 (citing Compl. at ¶ 7).  The Floyd County tax records for Plaintiffs' property show that the property's tax value as $144,000, meaning the market value is likely significantly more than $144,000.  *See Stubblefield v. Farmer*, 165 S.W.2d 556, 557 (1942)

2

*supplemented by* 180 S.W.2d 405 (1944) ("In reference to the value placed upon land for tax purposes, it is commonly known that a great many people list their property for taxation at a value far below its market value."). *See also* Exhibit A, Declaration of Connie J. Hancock and Exhibit 1 thereto, which contains a true and correct copy of the Floyd County, Kentucky tax records for Plaintiffs' property. In additional the alleged property damage, Plaintiffs have also represented that they had to "vacate the residence" on their property. *See* Exhibit B, a true and correct copy of a letter from Plaintiffs' Counsel. If true, this would be an additional item of damage to be included in the calculation. Also, Plaintiffs seek punitive damages, which must be included in the amount in controversy. *See* Doc. 1 at ¶ 9.

Plaintiff has offered to settle this case for $75,000. *See* Exhibit B, a true and correct copy of a letter from Plaintiffs' Counsel. "A settlement demand [is] some evidence of the amount in controversy." *Brewer v. Schindler Elevator Corporation*, No. 16-13133, 2017 WL 676942, at *2 (E.D. Mich. 2017). While Spectra recognizes that this demand on its face is one penny short of the jurisdictional threshold, the Court should take into account that settlement values are discounted by Plaintiffs' perceived likelihood of success. Even if Plaintiff had a likelihood of success as high as 99% (it does not), the amount in controversy would be $75,757, which exceeds the jurisdictional threshold.

Given these facts and Plaintiffs' complete lack of contrary evidence, Spectra has established by a preponderance of the evidence that the amount in controversy requirement is satisfied.

### III.    There is no requirement that a removing defendant conduct pre-removal discovery or attach evidence to its notice of removal.

Plaintiff suggests that Spectra's Notice of Removal is deficient because it does not attach "items such as affidavits, documents, or interrogatories to support jurisdiction." Doc. 9 at 1–2.

However, there is no such requirement. The United States Supreme Court recently stated that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Instead, evidence establishing the amount is required only when plaintiff contests, or the court questions, the defendant's allegation. *Id.* Here, Plaintiffs have not contested a single allegation made in Spectra's Notice of Removal. Instead, their only challenge is based on an alleged failure to conduct pre-removal discovery or attach "evidence" to the notice of removal. *See* Doc. 9. Plaintiffs have not triggered the requirement for additional evidence, but nonetheless, as shown above, Spectra can prove the amount in controversy.

Likewise, Plaintiff suggests that this case should be remanded because Spectra did not conduct pre-removal discovery in the state court. There is simply no requirement that a removing defendant conduct pre-removal discovery. *See* 28 U.S.C. §§ 1441, 1446. The evidence of removability need not come from formal discovery. *See also McCraw*, 863 F. Supp. at 433.

Spectra's Notice of Removal simply is not defective for failure to attach evidence or failure to conduct pre-removal discovery.

## IV.   Alternatively, this Court should delay decision until Plaintiff submits its damages calculation this week as part of its initial disclosures.

In the alternative, Spectra requests that this court delay a decision pending the completion of limited discovery. *See McCraw*, 868 F. Supp. at 435 ("If Plaintiff seeks remand, Defendant may request that the Court delay a decision pending completion of limited discovery."). Initial disclosures are due to be exchanged this week. *See* Doc. 8 at 1. At that time, Plaintiffs will be required to submit "a computation of each category of damages claimed" and make available "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

4

To the extent Spectra has not already satisfied its burden (it has), this calculation should show that the amount in controversy exceeds the jurisdictional threshold.

**V.     Even if removal was improper, Plaintiffs should not be awarded attorneys' fees.**

This case does not present the unusual circumstances required to support an award of attorneys' fees under 28 U.S.C. § 1447(c). *See Martin v. Franklin Captial, Corp.*, 546 U.S. 132, 132 (2005). In *Martin*, the United States Supreme Court made clear that "[a]bsent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Id.* Courts should award attorneys' fees following an unsuccessful removal "***only*** when such an award is just." *Id.* (emphasis added). Moreover, defense counsel who make a good-faith attempt to show that the plaintiff's claims meet the federal jurisdictional threshold will rarely subject themselves to sanctions. *McCraw*, 863 F. Supp. at 435.

As shown above, Spectra has an objectively reasonable basis for removing this case. Plaintiff has made demand that is just one penny short of the jurisdictional threshold. The demand alone is sufficient to show that Spectra was reasonable in thinking the demand was discounted and that the amount in controversy is greater than the jurisdictional threshold. Further, Plaintiffs' allegations that there was "damage to," "a diminution in the market value of," and "a loss of use and enjoyment of" their property, taken with their request for punitive damages, give Spectra an objectively reasonable basis for removal.

Moreover, this Court should take into the account the difficult choice that Defendants like Spectra face when a plaintiff does not put a damages demand in their vague pleadings. The defendant faces the difficult choice of either removing promptly and risking the plaintiff asserting damages less than the jurisdictional requirement to avoid removal or waiting and using discovery

to ascertain the plaintiff's demand, which risked waiving the right to remove.   *McGraw*, 863 F. Supp. at 433 (finding that the defendant who conducted pre-removal discovery filed an untimely notice of removal).

As shown above, Specta had an objectively reasonable basis for filing its notice of removal. As such, should the Court find that removal was improper (it should not), attorneys' fees should not be awarded to Plaintiffs,

**VI.     Conclusion.**

For the reasons stated above, this Court should deny Plaintiffs' Motion to Remand and for Award of Attorney Fees Pursuant to 28 U.S.C. § 1447(c) in its entirety.

Dated this 4th day of September 2018.

Respectfully submitted,

*s/ Lela M. Hollabaugh*
Lela M. Hollabaugh (TN BPR #14894)
(Admitted *pro hac vice*)
Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018, I caused a copy of the foregoing to be electronically filed using the Court's CM/ECF system, which will send electronic notification to the counsel of record identified below.

> Adam P. Collins
> Collins, Collins, & Conley, P.S.C.
> P.O. Box 727
> Hindman, Kentucky 41822
> Counsel for Plaintiffs
>
> J. Kevin West
> Steptoe & Johnson PLLC
> Huntington Center, Suite 2200
> 41 South High Street
> Columbus, Ohio 43215
>
> Candace Smith
> Steptoe & Johnson PLLC
> 2525 Harrodsburg Road, Suite 300
> Lexington, KY 40504

> *s/ Lela M. Hollabaugh*
> Lela M. Hollabaugh

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE**

| | |
|---|---|
| LISA ALLEN and ANTHONY ALLEN )<br><br>    Plaintiffs, )<br><br>v. )<br><br>EQUITRANS, LIMITED and )<br>SPECTRA ENERGY OPERATING )<br>COMPANY, LLC )<br><br>    Defendants. ) | Case No. 7:18-cv-00083-GFVT<br><br>Removed from the Circuit Court of<br>Floyd County, Kentucky,<br>Case No. 18-CI-459 |

## DECLARATION OF CONNIE J. HANCOCK

1.    I, Connie J. Hancock, am over the age of 18 and a competent adult.

2.    I am the Property Valuation Administrator for Floyd County, Kentucky.

3.    I have reviewed the tax records for parcels 027-00-00-085.10; 027-00-00-085.11; 027-00-00-085.12; and 027-00-00-085.13, which are each owned by Anthony and Lisa Allen. A true and correct copy of the tax record for each of those parcels is attached hereto as Exhibit 1.

4.    The 2019 tax assessed value for parcel 027-00-00-085.10 is $65,000.

5.    The 2019 tax assessed value for parcel 027-00-00-085.11 is $20,000.

6.    The 2019 tax assessed value for parcel 027-00-00-085.12 is $6,000.

7.    The 2019 tax assessed value for parcel 027-00-00-085.13 is $53,000.

8.    Collectively, these parcels have a tax assessed value of $144,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of ~~August~~ September, 2018.     C.H.

                                                    Connie J. Hancock
                                                  **CONNIE J. HANCOCK**



EXHIBIT

A

1



| 027-00-00-085.10 | 22977 | | Printed 9/4/2018 1:49:35 PM |
|---|---|---|---|

**Owner Information**

ALLEN ANTHONY & LISA

1055 RIGHT TURNERS BR
EASTERN KY 41622
OTID 49840

Last Sales Date: 08/15/2016

**2019 Assessment Information**
RES : 65,000   Taxable Value : 65,000

**Property Information**

| | |
|---|---|
| Address | 0 JOBE TURNER SUBDIVISION |
| Class | RESIDENTIAL |
| Deed | 623-474 |
| Tax District | 08 |
| Last Sale | 62,500 |
| Description | TRACT 1 & DOUBLEWIDE |
| Date Assessed | 01/01/2017 |

**Land Information**

| | | | | | |
|---|---|---|---|---|---|
| LOT SIZE | 0 | STREET/ROAD | SECONDARY | FLOOD TYPE | NONE |
| FRONTAGE | 0 | DRIVEWAY TYPE | GRAVEL | UTILITY TYPE | WATER |
| DEPTH | 0 | DRAINAGE TYPE | | SIDEWALKS | NO |
| ACREAGE | 6.51 | ZONING CODE | | SUB ID | |
| NEIGHBOR TYPE | FAIR | SITE COND TYPE | AVERAGE | LAND VALUE | 15,000 |

**Mobile Home Information**

| | | | | | |
|---|---|---|---|---|---|
| CLASS TYPE | CLASS III ABOVE AVERAGE | FIREPLACES | 0 | SFS IMP | |
| MANUFACT | | HEAT TYPE | | WIDTH | 26 |
| MODEL | | AIR TYPE | | LENGTH | 52 |
| YEAR BUILD | 0 | LIVING SQFT | 1352 | COVER TYPE | COMPOSITION SHINGLES |
| RC TYPE | RESIDENTIAL | BSMT SQFT | 0 | SKIRTING | VINYL |
| EXT TYPE | MH STANDARD | GARAGE SQFT | 0 | COND TYPE | GOOD |
| FOUND TYPE | | PORCH SQFT | 128 | BATHS | |
| BSMT TYPE | NONE | PATIO/DECK SQFT | 0 | BEDROOMS | |
| BSMT FIN | | TENNIS COURT | NO | VIN NUMBER | |
| GARAGE TYPE | NONE | POOL | NO | IMP ADDRESS | |
| PATIO TYPE | NONE | POOL SIZE | 0 | IMPR VALUE | 50000 |

**Sale Information**

| Sale Date | Sale Price | Previous Owner | Deedbook | DeedPage | Sale Type |
|---|---|---|---|---|---|
| 08/01/1985 | | ALEX SPENCER | | | |
| 12/01/1996 | | MOORE JIM W & WANDA | | | Multiple Properties |
| 03/12/2013 | 0 | MOORE JASON A | 595 | 753 | Multiple Properties |
| 08/15/2016 | 62,500 | MOORE JIM W & WANDA | 623 | 474 | Multiple Properties |

STATE OF KENTUCKY
COUNTY OF FLOYD
I, CONNIE HANCOCK, PROPERTY VALUATION ADMR
for the county and state aforesaid
do hereby certify that the foregoing
is a true and correct copy as it appears
on record in the FLOYD COUNTY PVA OFFICE
Witness my hand this the
4th day of Sept, 2018
By Connie Hancock

EXHIBIT
1



| 027-00-00-085.11 | | 13519 | | Printed 9/4/2018 1:50:04 PM |
|---|---|---|---|---|

**Owner Information**

ALLEN ANTHONY & LISA

1056 RIGHT TURNERS BR

EASTERN KY 41622

OTID              50144

Last Sales Date: 08/15/2016

**2019 Assessment Information**

RES : 20,000   Taxable Value : 20,000

**Property Information**

| | |
|---|---|
| Address | 0 JOBE TURNER SUBDIV |
| Class | RESIDENTIAL |
| Deed | 623-474 |
| Tax District | 08 |
| Last Sale | 62,500 |
| Description | TRACT II LOT 11 |
| Date Assessed | 01/01/2017 |

**Land Information**

| LOT SIZE | 0 | STREET/ROAD | 2 LANE | FLOOD TYPE | NONE |
|---|---|---|---|---|---|
| FRONTAGE | 0 | DRIVEWAY TYPE | GRAVEL | UTILITY TYPE | NONE |
| DEPTH | 0 | DRAINAGE TYPE | | SIDEWALKS | NO |
| ACREAGE | 5.9 | ZONING CODE | | SUB ID | |
| NEIGHBOR TYPE | FAIR | SITE COND TYPE | AVERAGE | LAND VALUE | 20,000 |

**Sale Information**

| Sale Date | Sale Price | Previous Owner | Deedbook | DeedPage | Sale Type |
|---|---|---|---|---|---|
| 12/01/1996 | | MOORE JIM W & WANDA | | | Multiple Properties |
| 01/01/2000 | | ALEX SPENCER | | | |
| 03/12/2013 | 0 | MOORE JASON A | 595 | 753 | Close Relative Sales |
| 08/15/2016 | 0 | MOORE JIM W & WANDA | 623 | 474 | Multiple Properties |
| 08/15/2016 | 62,500 | ALLEN ANTHONY & LISA | 623 | 474 | Expansion Sale |

STATE OF KENTUCKY
COUNTY OF FLOYD
I, CONNIE HANCOCK, PROPERTY VALUATION ADMR
for the county and state aforesaid
do hereby certify that the foregoing
is a true and correct copy as appears
on record in the FLOYD COUNTY PVA OFFICE
Witness my hand this the
4th day of Sept 2018
By Connie Hancock



| 027-00-00-085.12 | | 9761 | | Printed 9/4/2018 1:50:25 PM |
|---|---|---|---|---|

**Owner Information**

ALLEN ANTHONY & LISA

1056 RIGHT TURNERS BR

EASTERN KY 41622

OTID     49842

Last Sales Date: 08/15/2016

**Property Information**

| Address | 0 TURNER BRANCH |
|---|---|
| Class | RESIDENTIAL |
| Deed | 623-474 |
| Tax District | 08 |
| Last Sale | 0 |
| Description | TRACT III |
| Date Assessed | 01/01/2017 |

**2019 Assessment Information**

RES : 6,000    Taxable Value : 6,000

**Land Information**

| LOT SIZE | 0 | STREET/ROAD | | SECONDARY | | FLOOD TYPE | NONE |
|---|---|---|---|---|---|---|---|
| FRONTAGE | 0 | DRIVEWAY TYPE | GRAVEL | | | UTILITY TYPE | NONE |
| DEPTH | 0 | DRAINAGE TYPE | | | | SIDEWALKS | NO |
| ACREAGE | 0 | ZONING CODE | | | | SUB ID | |
| NEIGHBOR TYPE | FAIR | SITE COND TYPE | FAIR | | | LAND VALUE | 20,000 |

**Sale Information**

| Sale Date | Sale Price | Previous Owner | Deedbook | DeedPage | Sale Type |
|---|---|---|---|---|---|
| 01/01/1996 | | MOORE JIM W & WANDA | | | Multiple Properties |
| 01/01/1982 | | ALEX SPENCER | | | |
| 03/12/2013 | 0 | MOORE JASON A | 595 | 753 | Multiple Properties |
| 08/15/2016 | 0 | MOORE JIM W & WANDA | 623 | 474 | Multiple Properties |

STATE OF KENTUCKY
COUNTY OF FLOYD
., CONNIE HANCOCK, PROPERTY VALUATION ADMR
for the county and state aforesaid
do hereby certify that the foregoing
is a true and correct copy as appears
on record in the FLOYD COUNTY PVA OFFICE
Witness my hand this the
4th day of Sept, 2018
By Connie Hancock



| 027-00-00-085.13 | 4147 | | Printed 9/4/2018 1:50:48 PM |
|---|---|---|---|

**Owner Information**

ALLEN ANTHONY & LISA

1056 RIGHT TURNERS BR
EASTERN KY 41622
OTID                    50721

Last Sales Date: 02/07/2017

**Property Information**

| Address | 974 TURNER BRANCH RIGHT |
|---|---|
| Class | RESIDENTIAL |
| Deed | 627-314 |
| Tax District | 08 |
| Last Sale | 32,000 |
| Description | HOUSE/GARAGE & 2 1/2 ACRES |
| Date Assessed | 01/01/2018 |

**2019 Assessment Information**

RES : 53,000    Taxable Value : 53,000

**Land Information**

| | | STREET/ROAD | SECONDARY | FLOOD TYPE | NONE |
|---|---|---|---|---|---|
| LOT SIZE | 0 | DRIVEWAY TYPE | GRAVEL | UTILITY TYPE | NONE |
| FRONTAGE | 0 | DRAINAGE TYPE | | SIDEWALKS | NO |
| DEPTH | 0 | ZONING CODE | | SUB ID | |
| ACREAGE | 2.5 | SITE COND TYPE | AVERAGE | LAND VALUE | 15,000 |
| NEIGHBOR TYPE | FAIR | | | | |

**Residential Information**

| RES TYPE | SINGLE FAMILY | FULL BATH | 1 | PORCH SQFT | 104 |
|---|---|---|---|---|---|
| STRUCT TYPE | 2 STORY | HALF BATH | 0 | TENNIS COURT | NO |
| EXT TYPE | FRAME | BEDROOMS | 2 | POOL | NO |
| FOUND TYPE | CONCRETE BLOCK | DINING | 0 | POOL SIZE | 0 |
| BSMT TYPE | NONE | KITCHEN | 0 | SPS IMPRO | NO |
| UNDER MAIN | 0 | TOTAL ROOMS | 0 | CONDITON TYPE | GOOD |
| BSMT FIN | 0 | FIREPLACES | 00 | CONSTRUCT TYPE | |
| COVER TYPE | COMPOSITION SHINGLES | HEAT TYPE | | IMPR VALUE | 30,000 |
| ROOF TYPE | GABLE | AIR TYPE | WALL UNIT | FAM DEN REC | 1 |
| GARAGE TYPE | NONE | LIVING SQFT | 1200 | PATIO DECK SQFT | 720 |
| PATIO TYPE | OPEN | BASEMENT SQFT | 0 | RES DESCRIPT | |
| YEAR BUILT | 1984 | GARAGE SQFT | 0 | IMPR ADDRESS | |
| UNIT | | BLOCK | | LOT | |

**Sale Information**

| Sale Date | Sale Price | Previous Owner | Deedbook | Deedbook | Deed/Page | Sale Type |
|---|---|---|---|---|---|---|
| 02/07/2017 | 32,000 | SALISBURY ERVIN ESTATE | 627 | | 314 | Close Relative Sales |

STATE OF KENTUCKY
COUNTY OF FLOYD
I, CONNIE HANCOCK,PROPERTY VALUATION ADMR
for the county and state aforesaid
do hereby certify that the foregoing
is a true and correct copy as appears
on record in the FLOYD COUNTY PVA OFFICE
Witness my hand this the ___
day of ___ Sept ___ 2018
By ___



# COLLINS, COLLINS & CONLEY
## ——— TRIAL LAWYERS ———

P.O. Box 727 • Hindman, KY 41822
(606) 785-5048 • Fax (606) 785-3021
email: admin@collinsconley.com

February 27, 2018

Mr. Gary Davis
890 Winter Street; Suite 300
Wathan, Massachusetts 02451-1493
E-Mail: gary.davis@embridge.com

RE:   Anthony and Lisa Allen

Dear Mr. Davis:

As I previously advised in our telephone call, I represent Anthony and Lisa Allen and you should direct all communications regarding this matter to me. Further as you know, Embridge is Big Sandy Pipeline has slipped and is causing damage to my clients home. In fact, Embridge has asked that my clients vacate the residence and they have done so. As you know, my clients have claims against both spectra energy, Embridge regarding the big Sandy pipeline right of way. Therefore at this time, my clients, Anthony and Lisa Allen demand $75,000.00 exclusive of cost and interest to resolve all claims that they currently have for their property damage, trespass and related claims arising from Embridges' pipeline slip. I will allow a reasonable amount of time for Embridge and Spectra energy to consider this matter and thereafter, if I have not heard anything, I will go forward with filing the lawsuit.

Should you have any questions or concerns, please do not hesitate in contacting me.

Sincerely,

COLLINS, COLLINS & CONLEY, PSC

ADAM P. COLLINS, ESQ.

APC/kek
Pc: file

**EXHIBIT**

tabbies

**B**

HINDMAN • HAZARD • WHITESBURG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 7:18-cv-00083-GFVT |
| | ) | |
| EQUITRANS, LIMITED and | ) | **SCHEDULING ORDER** |
| SPECTRA ENERGY OPERATING | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court, having considered the Amended Report of Parties' Rule 26(f) Planning Conference [R. 14], hereby **ORDERS** as follows:

### DISCOVERY

1.     The following deadlines shall be observed in this action:

    (a)     The parties stipulate that preliminary disclosures **shall be exchanged by Friday, September 7, 2018**.

    (b)     Accordingly, all fact discovery shall be completed by **Monday, July 1, 2019.**

2.     Pursuant to Federal Rule of Civil Procedure Rule 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the Court otherwise specifically so orders:

    (a)     Rule 26(a)(1) Initial Disclosures, Interrogatories and Answers or other

responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to such discovery requests, as well as any discovery depositions not subject to part (b) below, **shall be made by Monday, July 1, 2019.**

(b)    Plaintiff shall exchange initial disclosures of expert reports required by Rule 26(a)(2) by **Friday, March 15, 2019.**

(c)    Defendants shall exchange initial disclosures of expert reports required by Rule 26(a)(2) by **Monday, April 15, 2019.**

(d)    Plaintiff shall name rebuttal experts by Rule 26(a)(2) by **Wednesday, May 1, 2019.**

(e)    Supplementations of reports or information shall be made as they become aware that information previously disclosed is incomplete or incorrect, but no later than **Monday, July 1, 2019**.

3.    Discovery disputes shall be resolved in the following manner:

(a)    The parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention.

(b)    If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge pursuant to the referral set forth below.

(c)    If, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court.  Any written motion regarding discovery shall

include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1.

## DISPOSITIVE MOTIONS

The following motion deadlines shall be observed in this action:

    (a)    The parties shall have to and including **Monday, December 3, 2018,** to seek leave to file any motions to join additional parties and to amend pleadings.

    (b)    The parties shall have to and including **Thursday, August 1, 2019**, by which to file all dispositive motions, *Daubert* motions, and/or motions *in limine*.

## PRETRIAL

1.    The Final Pretrial Conference is hereby scheduled for **Wednesday, October 30, 2019,** at the hour of **10:00 a.m.** in the Courtroom of the United States Courthouse in **Frankfort, Kentucky**. Said Final Pretrial Conference shall be attended by the attorneys who will be trying the case, as well as the parties themselves, or a corporate/carrier representative with full settlement authority.

2.    **No later than Tuesday, October 1, 2019**, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

    (a)    Pursuant to Rule 26(a)(3)(A)(i), a witness list with a brief summary of the expected testimony of each witness.  Pursuant to Rule 26(a)(3)(A)(ii), **the witness list shall be filed separately** and include the designation of those witnesses whose testimony is expected to be presented by deposition with

references to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list.

(b)      Pursuant to Rule 26(a)(3)(A)(iii), a list of exhibits intended to be used at trial. **The exhibit list shall be filed separately** and contain a description of each exhibit in sufficient detail to permit adequate identification thereof, and shall include a list of any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements).

(c)      Page and line designations of witnesses who will testify by deposition.

3.      **No later than seven (7) days** prior to the Final Pretrial Conference, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

(a)      A pretrial memorandum containing the following:

i.      Succinct statement of the facts of the case;

ii.      The questions of fact;

iii.      The questions of law;

iv.      Expected evidentiary objections;

v.      A listing of all pending motions;

vi.      The status of settlement negotiations and the likelihood of settlement; and

vii.      The feasibility of alternative dispute resolution.  Comments regarding the feasibility of alternative dispute resolution shall include the views

4

of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, summary jury trial, etc.).

(b) **A copy of the Agreed Proposed Jury Instructions shall also be filed separately**, with supporting authorities. If the parties cannot agree on certain instructions, counsel shall file with the Clerk, shall submit a copy to the Court, and shall provide a copy to opposing counsel of their separately proposed instructions with supporting authorities. **Failure to submit jury instructions within the time provided may result in cancellation of the Final Pretrial Conference and Trial dates.**

(c) An Agreed Statement of the Case suitable for reading to the prospective jurors on voir dire.

(d) **Proposed voir dire** questions for consideration by the Court. It is the practice of the undersigned to conduct the entire voir dire, incorporating both general as well as case-specific inquiries. In conducting voir dire, the Court utilizes both its own questions and many of those proposed questions submitted by counsel. In addition to its own voir dire, the Court will allow counsel for both parties a brief opportunity for follow up questions, and the length of time permitted for follow up by counsel will be determined at the Final Pretrial Conference.

(e) Any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is necessary prior to trial. Any objection within any deposition which is not so raised specifically (by citation to page number and question number)

5

for ruling by the Court shall be deemed to be summarily overruled.

4.    **No later than Friday, October 12, 2019, counsel shall file:**

(a)    Written objections, pursuant to Fed. R. Civ. P. 26(a)(3)(B), to the list of witnesses and exhibits previously filed by any other party. **Counsel shall attach a copy of the challenged exhibit(s) to any objections filed with the Court**. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

(b)    Objections and counter-designations to deposition testimony.

5.    **At the Final Pretrial Conference**, counsel for the parties shall be prepared to:

(a)    Display to the Court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule 83.10 and numbered in the order in which they will be offered at trial, and provide a court copy of all documentary exhibits.

(b)    Advise the Court that they have displayed to opposing counsel all exhibits which may be used at trial, including any demonstrative or summary exhibits.

(c)    Discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action.

(d)    Demonstrate an ability to use the court's visual presentation system for any exhibit which will be discussed by a witness or utilized during

opening or closing statements. The system can display documents, x-rays, photographs, negatives and videos. The presentation system is designed to display the exhibit simultaneously to the parties, the jury, the witnesses, and the Court. First time users of the system should contact the Court's Judicial Assistant to make arrangements to view the system onsite. Although there is a witness monitor, some witnesses have difficulty reading from same, so an extra copy to hand to the witness should be readily available. A description of the system can be found at *www.kyed.uscourts.gov/court-tech.htm*.

    (e)    Discuss the possibility of settlement.

6.    **Court Copies**.  In addition to the official copies filed with the Clerk of the Court, the following documents shall be submitted to the undersigned's Chambers electronically:

    (a)    Witness list(s);

    (b)    Exhibit list(s);

    (c)    Proposed jury instructions;

    (d)    Proposed voir dire questions; and

    (e)    Statement(s) of the case.

These documents shall be transmitted as an email attachment to *GFVT_chambers@kyed.uscourts.gov* in Word format.

## **TRIAL**

This action is hereby set for Jury Trial on **Tuesday, November 12, 2019,** at the hour of **10:00 a.m.** in the Courtroom of the United States Courthouse in **Pikeville**, **Kentucky**, with counsel to arrive by 9:30 a.m. The trial is expected to last four days.

## EXTENSIONS OF TIME

Requests to modify any dates or deadlines established by this order shall be submitted upon motion filed prior to expiration of the deadline in question, and upon showing of good cause beyond the control of counsel in the exercise of due diligence *See* L.R. 7.1(b).

## REFERRAL TO MAGISTRATE JUDGE

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(A) this matter is referred to Magistrate Judge Edward B. Atkins for the purpose of:

1. Supervising discovery and pretrial proceedings.

2. Conducting all pretrial and status conferences, establishing and extending discovery deadlines, and all other deadlines, holding such hearings as may be required, and ruling on non-dispositive motions, except motions *in limine. See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985). Dispositive motions will be referred by the Clerk of this Court to the appropriate United States District Judge.

This the 5th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**
**CIVIL ACTION NO. 7:18-cv-00083-GFVT**
**Electronically filed**

**LISA ALLEN and**
**ANTHONY ALLEN**                                                                    **PLAINTIFFS**

**VS.**

**EQUITRANS LIMITED, et al**                                                    **DEFENDANTS**

---

**F.R.C.P. 26(A)(1) DISCLOSURES FOR THE**
**PLAINTIFFS, LISA ALLEN & ANTHONY ALLEN**

The Plaintiffs, Lisa Allen and Anthony Allen, by counsel, hereby make(s) the

following Initial Disclosures pursuant to F.R.C.P. 26 (A)(1):

(A)     **the name and, if known, the address and telephone number of each**
        **individual likely to have discoverable information that the disclosing party**
        **may use to support its claims or defenses, unless solely for impeachment,**
        **identifying the subjects of the information;**

**RESPONSE:** To date, the Plaintiffs have identified the following individuals:

1.   The Plaintiff, Lisa Allen;

2.   The Plaintiff, Anthony Allen;

3.   Arthur Fannin, Lisa Allen's Father. We can arrange contact with him;

4.   Kevin Darby with Defendant Spectra;

5.   Other agents and employees of the Defendants, names unknown to the Plaintiffs;

6.   Plaintiffs will also rely upon expert testimony, the identify of which has not been

determined.

(B)   **a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

**RESPONSE**:  Plaintiff also have the following:

1. Deeds for property;

2.  Photographs of the property;

3. Map of the property prepared for or by Spectra; and

4. Letter for or by Spectra.

Plaintiff will provide the documents upon request or in response to

discovery. Further, as discovery is ongoing, additional documents may be discovered.

(C)   **a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and**

**RESPONSE:**  Plaintiffs do not have sufficient knowledge to make a computation of damages

and therefore have not made a decision at this point as the property has not been appraised for

the purpose of determining damages at this point. Plaintiff do not possess any documentary

evidence setting forth damage amounts.

(D)   **for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a**

judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**       The Plaintiffs have no knowledge of this information.

Respectfully submitted,

/s/ M. Patrick Conley
M. Patrick Conley
Collins, Collins & Conley, PSC
P.O. Box 727
Hindman, KY 41822

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed via CM/ ECF on Thursday, September 6, 2018 and distributed to:

John Kevin West
Candace Beth Smith
kevin.west@steptoe-johnson.com
candace.smith@steptoe-johnson.com

Lela Hollabaugh
Brian R. Epling
lhollabaugh@bradley.com
bepling@bradley.com

/s/ M. Patrick Conley
M. Patrick Conley

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE

LISA ALLEN and ANTHONY ALLEN    )
                      )
    Plaintiffs,              )
                      )    Case No. 7:18-cv-00083-GFVT
v.                      )
                      )    Removed from the Circuit Court of
EQUITRANS, LIMITED and      )    Floyd County, Kentucky,
SPECTRA ENERGY OPERATING    )    Case No. 18-CI-459
COMPANY, LLC             )
                      )
    Defendants.          )

## INITIAL DISCLOSURES OF SPECTRA ENERGY OPERATING COMPANY, LLC

Subject to and without waiving its defense that this court lacks personal jurisdiction over it,

Defendant Spectra Energy Operating Company, LLC ("Spectra") makes the following initial

disclosures under Rule 26(a)(1):

### I.    Individuals Likely to Have Discoverable Information

a.    The following individuals, who are available c/o Lela Hollabaugh, may have discoverable information related to the operation or maintenance of the pipeline on or near Plaintiffs' property and the communications with Plaintiffs or other activities following the slip:

    1.    Taylor Miller
    2.    Kevin Darbe
    3.    Bart Johnson
    4.    John Clark
    5.    Jonathan Collins
    6.    Doug Barnes
    7.    James McGuffey
    8.    Eric McNeely

b.    Employees of ECSI, LLC may have knowledge of an investigation or survey performed following the slip. ECSI's address is 336 Town Mountain Road, Suite 4, Pikeville, KY 41501.

c.    All individuals disclosed by Lisa and Anthony Allen and Equitrans, Limited

1

d.      Spectra reserves the right to supplement this list and identify additional witnesses in accordance with the Federal Rules of Civil Procedure, the Rules of the District Court for the Eastern District of Kentucky, and the Court's orders.

## II.    Documents, Electronically Stored Information, and Tangible Things

Upon information and belief, Spectra has the following items in its possession, custody, or control that may be used to support its defenses:

a.      Documents supporting Spectra's personal jurisdiction defense

b.      Photographs and maps of Plaintiffs' property

c.      Written communications to or from Plaintiffs related to the slip

d.      Damage release of Jason and Amber Moore

Upon information and belief, these documents can be found at the offices of Enbridge, located at 5400 Westheimer Court, Houston, TX 77056, or its Central Region Office, 555 Marriott Drive, Suite 600, Nashville, Tennessee  37214.

Spectra reserves the right to supplement this list and identify additional categories of documents in accordance with the Federal Rules of Civil Procedure, the Rules of the District Court for the Eastern District of Kentucky, and the Court's orders.

## III.   Computation of Damages

Spectra is not seeking any damages in this action.

## IV.   Insurance Agreements

Spectra does not believe any insurance policies would be applicable to this matter.

Dated this 7th day of September 2018.

Respectfully submitted,

*s/ Lela M. Hollabaugh*
Lela M. Hollabaugh (TN BPR #14894)
(Admitted *pro hac vice*)
Brian R. Epling (KY Bar # 95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, I caused a copy of the foregoing to be electronically filed using the Court's CM/ECF system, which will send electronic notification to the counsel of record identified below.

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822
Counsel for Plaintiffs

J. Kevin West
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215

Candace Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504

*s/ Lela M. Hollabaugh*
Lela M. Hollabaugh

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CIVIL ACTION NO. 7:18-cv-00083-GFVT
Electronically filed

LISA ALLEN and
ANTHONY ALLEN                                                            PLAINTIFFS

VS.

EQUITRANS LIMITED, et al                                                 DEFENDANTS

**REPLY IN SUPPORT OF REMAND AND AWARD OF ATTORNEY FEES**

Come the Plaintiffs, by and through counsel, and respectfully submit the follow-

ing as their Reply in support of Motion to Remand and Motion for Attorney's Fees under

28 U.S.C. § 1447(c):

In its Response, the Defendant essentially sets forth two grounds in hopes of Fed-

eral Jurisdiction. First, it maintains that the Plaintiff's pre-suit letter demanding

$75,000.00 to settle this matter somehow shows that the Plaintiff is really demanding

more than their lawyer says, or that this controversy somehow really involves more than

$75,000.00. With all due respect, such an argument is unpersuasive and completely spec-

ulative, and falls far short of meeting the Defendant's burden of proving, by a preponder-

ance of the evidence, that this case involved more than $75,000.00 (exclusive of costs

and interests) at the time of removal. Furthermore, in light of the undisputed fact that it

removed this state law case involving an indeterminate pleading without conducting any

pre-removal discovery in state court (through interrogatories and/or requests for admis-

sion, as the clear and ever- growing counsel of several decisions within this district have long advised), the Defendant''s removal lacked any objectively reasonable basis and should be the subject of an assessment of "just costs" under 28 U.S.C. § 1447(c). In support of its claim that Plaintiff''s pre-suit demand letter shows that the amount-in-controversy requirement was satisfied at the time of removal, Defendant relies primarily upon on out of jurisdiction opinions but ignores the clear jurisprudence of the Eastern District.

In *May*, this Court rejected the defendant's argument that the plaintiff's demand letter, which offered to settle for the defendant's liability limits, established that the amount in controversy exceeded $75,000. 751 F.Supp. 2d 946, 948 (E.D. Ky. 2010). This is because "where the law gives the rule, the legal causes of action, and not the plaintiff's demand, must be regarded." *Parmelee v. Ackerman*, 252 F.2d 721, 722 (6th Cir. 1958). It is true, of course, that a settlement demand is "some evidence" of the amount in controversy. *May*, supra. But an initial demand of $75,000 does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Indeed, as Judge Thapar stated in *May*, "high-balling the initial settlement demand is Negotiation 101." *Id.* The mere fact of a demand, which does exceed the amount in controversy requirement, is not sufficient to meet the Defendant's burden and does not relieve it of its duty to conduct discovery when it has no evidence that the case meets the amount in controversy requirement. See Minix v. Kawasaki Motors Corp., No. 09-90, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009); see also May v. Wal-Mart Stores, Inc., 751 F.Supp. 2d 946, 948 (E.D. Ky. 2010); Hackney v. Thibodeaux, No. 10-35, 2010 WL 1872875, *2 (E.D. Ky. May 10, 2010); Wood v. Malin Trucking, Inc., 937 F. Supp. 614, 616 (E.D. Ky. 1995).

Second, the Defendant sets forth the value of all of the Plaintiffs' property in Floyd County and states that this means their action for damages to property must exceed the amount in controversy requirement. This argument is without merit for several reasons. First, not all of the parcels of property owned by the Plaintiffs have been damaged. The vast majority of the damage is on parcel 10 with only some damage extending onto parcel 11. Parcels 12 & 13 have not been damaged, thus greatly reducing the value of the property at issue in this case. Second, the Plaintiff has not alleged a complete taking of the property but has asserted a claim for damage to the property. Therefore, the proper measure of damages is the lesser of diminution in value or cost of repair, not the value of the entire property. *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66, 71 (Ky.2000). Thus, the value of the property is of no consequence as it does not set forth the amount in controversy. In summary, the Defendant has come forth with no proof that the Plaintiffs' claims meet the amount in controversy requirement. Therefore, the Plaintiffs respectfully request that the Motion to Remand be SUSTAINED.

Wherefore, Plaintiff respectfully requests an order remanding this case to state court, and, to deter such improper removals in the future and compensate Plaintiff and his attorneys for the unnecessary time, delay, expense and work to which they have been put by the wrongful removal here, an award of "just costs" under 28 U.S.C. § 1447 (c), as determined by supplement briefing or in the Court"s discretion.

Respectfully submitted,


/s/ M. Patrick Conley
M. Patrick Conley
Collins, Collins & Conley, PSC
P.O. Box 727
Hindman, KY 41822

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed via CM/ ECF on Thursday, September 19, 2018 and distributed to:

John Kevin West
Candace Beth Smith
kevin.west@steptoe-johnson.com
candace.smith@steptoe-johnson.com

Lela Hollabaugh
Brian R. Epling
lhollabaugh@bradley.com
bepling@bradley.com


/s/ M. Patrick Conley
M. Patrick Conley

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**
**CIVIL ACTION NO. 7:18-cv-00083-GFVT**
**Electronically filed**

LISA ALLEN and
ANTHONY ALLEN                                                    **PLAINTIFFS**

VS.

EQUITRANS LIMITED, et al                                        **DEFENDANTS**

### MOTION FOR ENLARGEMENT OF TIME

Come the Plaintiffs, by and through counsel, and pursuant to FRCP 6(b) respect-

fully Move this Honorable Court for an Enlargement of Time to file the attached Reply in

Support of Plaintiffs' Motion to Remand.

As grounds, the undersigned states that he was out of state for depositions yester-

day and understood that another member of his firm would be filing a Reply in Support

of Remand. However, there was a misunderstanding about this issue. Only upon receipt

of the Notice of Submission of the Motion to Chambers did counsel learn that a Reply

had not been filed. He then diligently acted to file the Reply and it was filed less than 24

Hours after it was due. The Plaintiffs would ask that the Court permit a one day extension

to allow this mistake to be rectified.

WHEREFORE, the Plaintiffs respectfully request the Appropriate Order of this

Honorable Court.

Respectfully submitted,


/s/ M. Patrick Conley
**M. Patrick Conley**
**Collins, Collins & Conley, PSC**
**P.O. Box 727**
**Hindman, KY 41822**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed via CM/ ECF on Thursday, September 19, 2018 and distributed to:

**John Kevin West**
**Candace Beth Smith**
**kevin.west@steptoe-johnson.com**
**candace.smith@steptoe-johnson.com**

**Lela Hollabaugh**
**Brian R. Epling**
**lhollabaugh@bradley.com**
**bepling@bradley.com**


/s/ M. Patrick Conley
**M. Patrick Conley**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**
**CIVIL ACTION NO. 7:18-cv-00083-GFVT**
**Electronically filed**

**LISA ALLEN and**
**ANTHONY ALLEN**                                                    **PLAINTIFFS**

**VS.**

**EQUITRANS LIMITED, et al**                                       **DEFENDANTS**

**REPLY IN SUPPORT OF REMAND AND AWARD OF ATTORNEY FEES**

Come the Plaintiffs, by and through counsel, and respectfully submit the following as their Reply in support of Motion to Remand and Motion for Attorney's Fees under 28 U.S.C. § 1447(c):

In its Response, the Defendant essentially sets forth two grounds in hopes of Federal Jurisdiction. First, it maintains that the Plaintiff's pre-suit letter demanding $75,000.00 to settle this matter somehow shows that the Plaintiff is really demanding more than their lawyer says, or that this controversy somehow really involves more than $75,000.00. With all due respect, such an argument is unpersuasive and completely speculative, and falls far short of meeting the Defendant's burden of proving, by a preponderance of the evidence, that this case involved more than $75,000.00 (exclusive of costs and interests) at the time of removal. Furthermore, in light of the undisputed fact that it removed this state law case involving an indeterminate pleading without conducting any pre-removal discovery in state court (through interrogatories and/or requests for admis-

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 110 of 266 - Page ID#: 120
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 20-1   Filed: 09/19/18   Page: 2 of 4 - Page ID#:
101

sion, as the clear and ever- growing counsel of several decisions within this district have long advised), the Defendant"s removal lacked any objectively reasonable basis and should be the subject of an assessment of "just costs" under 28 U.S.C. § 1447(c). In support of its claim that Plaintiff"s pre-suit demand letter shows that the amount-in-controversy requirement was satisfied at the time of removal, Defendant relies primarily upon on out of jurisdiction opinions but ignores the clear jurisprudence of the Eastern District.

In *May*, this Court rejected the defendant's argument that the plaintiff's demand letter, which offered to settle for the defendant's liability limits, established that the amount in controversy exceeded $75,000. 751 F.Supp. 2d 946, 948 (E.D. Ky. 2010). This is because "where the law gives the rule, the legal causes of action, and not the plaintiff's demand, must be regarded." *Parmelee v. Ackerman*, 252 F.2d 721, 722 (6th Cir. 1958). It is true, of course, that a settlement demand is "some evidence" of the amount in controversy. *May*, supra. But an initial demand of $75,000 does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Indeed, as Judge Thapar stated in *May*, "high-balling the initial settlement demand is Negotiation 101." *Id.* The mere fact of a demand, which does exceed the amount in controversy requirement, is not sufficient to meet the Defendant's burden and does not relieve it of its duty to conduct discovery when it has no evidence that the case meets the amount in controversy requirement. See Minix v. Kawasaki Motors Corp., No. 09-90, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009); see also May v. Wal-Mart Stores, Inc., 751 F.Supp. 2d 946, 948 (E.D. Ky. 2010); Hackney v. Thibodeaux, No. 10-35, 2010 WL 1872875, *2 (E.D. Ky. May 10, 2010); Wood v. Malin Trucking, Inc., 937 F. Supp. 614, 616 (E.D. Ky. 1995).

Second, the Defendant sets forth the value of all of the Plaintiffs' property in Floyd County and states that this means their action for damages to property must exceed the amount in controversy requirement. This argument is without merit for several reasons. First, not all of the parcels of property owned by the Plaintiffs have been damaged. The vast majority of the damage is on parcel 10 with only some damage extending onto parcel 11. Parcels 12 & 13 have not been damaged, thus greatly reducing the value of the property at issue in this case. Second, the Plaintiff has not alleged a complete taking of the property but has asserted a claim for damage to the property. Therefore, the proper measure of damages is the lesser of diminution in value or cost of repair, not the value of the entire property. *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66, 71 (Ky.2000). Thus, the value of the property is of no consequence as it does not set forth the amount in controversy. In summary, the Defendant has come forth with no proof that the Plaintiffs' claims meet the amount in controversy requirement. Therefore, the Plaintiffs respectfully request that the Motion to Remand be SUSTAINED.

Wherefore, Plaintiff respectfully requests an order remanding this case to state court, and, to deter such improper removals in the future and compensate Plaintiff and his attorneys for the unnecessary time, delay, expense and work to which they have been put by the wrongful removal here, an award of "just costs" under 28 U.S.C. § 1447 (c), as determined by supplement briefing or in the Court"s discretion.

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 112 of 266 - Page ID#: 122
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 20-1   Filed: 09/19/18   Page: 4 of 4 - Page ID#:
103

Respectfully submitted,


/s/ M. Patrick Conley
M. Patrick Conley
Collins, Collins & Conley, PSC
P.O. Box 727
Hindman, KY 41822

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed via CM/ ECF on Thursday, September 19, 2018 and distributed to:

John Kevin West
Candace Beth Smith
kevin.west@steptoe-johnson.com
candace.smith@steptoe-johnson.com

Lela Hollabaugh
Brian R. Epling
lhollabaugh@bradley.com
bepling@bradley.com


/s/ M. Patrick Conley
M. Patrick Conley

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 113 of 266 - Page ID#: 123
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 20-2   Filed: 09/19/18   Page: 1 of 1 - Page ID#:
104

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**
**CIVIL ACTION NO. 7:18-cv-00083-GFVT**
**Electronically filed**

**LISA ALLEN and**
**ANTHONY ALLEN**                                                            **PLAINTIFFS**

**VS.**

**EQUITRANS LIMITED, et al**                                          **DEFENDANTS**

**ORDER**

This matter having come before the Court upon the Plaintiffs' Motion for En-
largement of time and the Court having been sufficiently advised;

It is hereby ORDERED that the Plaintiffs' deadline for filing a Reply on the Mo-
tion for Remand is extended from September 18, 2018 to September 19, 2018.

This the ___ of _____, 2018.

_____
**HON. GREGORY F. VAN TATENHOVE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF KENTUCKY**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 7:18-cv-00083-GFVT |
| | ) | |
| EQUITRANS, LIMITED and | ) | |
| SPECTRA ENERGY OPERATING | ) | **ORDER** |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiffs' Motion for Leave to File Out of Time.

[R. 20.]  Counsel for the Plaintiffs request permission to file their Reply in Support of their

Motion to Remand on September 19, 2018, a day after the deadline to file such a reply.  *Id.*

Counsel indicates a misunderstanding about filing the Reply on time, and such a late filing would

not prejudice the Defendants.  *Id.*  Accordingly, and the Court being sufficiently advised, it is

hereby **ORDERED** that Plaintiffs' Motion for Leave to File Reply [**R. 20**] is **GRANTED**.

This the 24th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CIVIL ACTION NO. 7:18-cv-00083-GFVT
Electronically filed

LISA ALLEN and
ANTHONY ALLEN                                                    PLAINTIFFS

VS.

EQUITRANS LIMITED, et al                                        DEFENDANTS

**REPLY IN SUPPORT OF REMAND AND AWARD OF ATTORNEY FEES**

Come the Plaintiffs, by and through counsel, and respectfully submit the following as their Reply in support of Motion to Remand and Motion for Attorney's Fees under 28 U.S.C. § 1447(c):

In its Response, the Defendant essentially sets forth two grounds in hopes of Federal Jurisdiction. First, it maintains that the Plaintiff's pre-suit letter demanding $75,000.00 to settle this matter somehow shows that the Plaintiff is really demanding more than their lawyer says, or that this controversy somehow really involves more than $75,000.00. With all due respect, such an argument is unpersuasive and completely speculative, and falls far short of meeting the Defendant's burden of proving, by a preponderance of the evidence, that this case involved more than $75,000.00 (exclusive of costs and interests) at the time of removal. Furthermore, in light of the undisputed fact that it removed this state law case involving an indeterminate pleading without conducting any pre-removal discovery in state court (through interrogatories and/or requests for admis-

sion, as the clear and ever- growing counsel of several decisions within this district have long advised), the Defendant"s removal lacked any objectively reasonable basis and should be the subject of an assessment of "just costs" under 28 U.S.C. § 1447(c). In support of its claim that Plaintiff"s pre-suit demand letter shows that the amount-in-controversy requirement was satisfied at the time of removal, Defendant relies primarily upon on out of jurisdiction opinions but ignores the clear jurisprudence of the Eastern District.

In *May*, this Court rejected the defendant's argument that the plaintiff's demand letter, which offered to settle for the defendant's liability limits, established that the amount in controversy exceeded $75,000. 751 F.Supp. 2d 946, 948 (E.D. Ky. 2010). This is because "where the law gives the rule, the legal causes of action, and not the plaintiff's demand, must be regarded." *Parmelee v. Ackerman*, 252 F.2d 721, 722 (6th Cir. 1958). It is true, of course, that a settlement demand is "some evidence" of the amount in controversy. *May*, supra. But an initial demand of $75,000 does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Indeed, as Judge Thapar stated in *May*, "high-balling the initial settlement demand is Negotiation 101." *Id*. The mere fact of a demand, which does exceed the amount in controversy requirement, is not sufficient to meet the Defendant's burden and does not relieve it of its duty to conduct discovery when it has no evidence that the case meets the amount in controversy requirement. See Minix v. Kawasaki Motors Corp., No. 09-90, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009); see also May v. Wal-Mart Stores, Inc., 751 F.Supp. 2d 946, 948 (E.D. Ky. 2010); Hackney v. Thibodeaux, No. 10-35, 2010 WL 1872875, *2 (E.D. Ky. May 10, 2010); Wood v. Malin Trucking, Inc., 937 F. Supp. 614, 616 (E.D. Ky. 1995).

Second, the Defendant sets forth the value of all of the Plaintiffs' property in Floyd County and states that this means their action for damages to property must exceed the amount in controversy requirement. This argument is without merit for several reasons. First, not all of the parcels of property owned by the Plaintiffs have been damaged. The vast majority of the damage is on parcel 10 with only some damage extending onto parcel 11. Parcels 12 & 13 have not been damaged, thus greatly reducing the value of the property at issue in this case. Second, the Plaintiff has not alleged a complete taking of the property but has asserted a claim for damage to the property. Therefore, the proper measure of damages is the lesser of diminution in value or cost of repair, not the value of the entire property. *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66, 71 (Ky.2000). Thus, the value of the property is of no consequence as it does not set forth the amount in controversy. In summary, the Defendant has come forth with no proof that the Plaintiffs' claims meet the amount in controversy requirement. Therefore, the Plaintiffs respectfully request that the Motion to Remand be SUSTAINED.

Wherefore, Plaintiff respectfully requests an order remanding this case to state court, and, to deter such improper removals in the future and compensate Plaintiff and his attorneys for the unnecessary time, delay, expense and work to which they have been put by the wrongful removal here, an award of "just costs" under 28 U.S.C. § 1447 (c), as determined by supplement briefing or in the Court"s discretion.

Respectfully submitted,

/s/ M. Patrick Conley
M. Patrick Conley
Collins, Collins & Conley, PSC
P.O. Box 727
Hindman, KY 41822

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed via CM/ ECF on Thursday, September 19, 2018 and distributed to:

John Kevin West
Candace Beth Smith
kevin.west@steptoe-johnson.com
candace.smith@steptoe-johnson.com

Lela Hollabaugh
Brian R. Epling
lhollabaugh@bradley.com
bepling@bradley.com

/s/ M. Patrick Conley
M. Patrick Conley

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### AT PIKEVILLE

| | | |
|---|---|---|
| **LISA ALLEN AND ANTHONY ALLEN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil action No. 7:18-CV-00083-GFVT** |
| | ) | **Judge Gregory F. VanTatenhove** |
| **EQUITRANS, LIMITED AND SPECTRA** | ) | |
| **ENERGY OPERATING COMPANY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

The defendant, Equitrans Limited, by counsel, moves this Court, pursuant to Rule 14 of the Federal Rules of Civil Procedure, for leave to file a third-party complaint against Spectra Energy Partners, LP and Big Sandy Pipeline, LLC. A memorandum in support of the motion, a proposed Third-Party Complaint, and a proposed Order granting this Motion are attached.

**EQUITRANS LIMITED,**
**By counsel,**

*/s/ J. Kevin West*
John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

8247553

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### AT PIKEVILLE

| | |
|---|---|
| LISA ALLEN AND ANTHONY ALLEN, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   **Civil action No. 7:18-CV-00083-GFVT** |
| | )   **Judge Gregory F. VanTatenhove** |
| EQUITRANS, LIMITED AND SPECTRA | ) |
| ENERGY OPERATING COMPANY, LLC, | ) |
| | ) |
|     Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2018, I electronically filed the foregoing

**"Motion for Leave to File Third-Party Complaint"** with the Clerk of the Court by using the

CM/ECF system, which will send a notice of electronic filing to the following:

Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Hon. Lela M. Hollabaugh
Hon. Brian R. Epling
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating
Company, LLC*

/s/ J. Kevin West
John Kevin West (0081802)

3

8247553

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 122 of 266 - Page ID#: 132
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 23-1   Filed: 12/03/18   Page: 1 of 8 - Page ID#:
113

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## AT PIKEVILLE

| | |
|---|---|
| LISA ALLEN AND ANTHONY ALLEN,  )  )  Plaintiffs,  )  )  v.  )  )  EQUITRANS, LIMITED AND SPECTRA  )  ENERGY OPERATING COMPANY, LLC,  )  )  Defendants.  ) | Civil action No. 7:18-CV-00083-GFVT  Judge Gregory F. VanTatenhove |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Equitrans Limited ("Equitrans"), by counsel, submits the following memorandum in support of its motion for leave to file a third-party complaint against Spectra Energy Partners, LP and Big Sandy Pipeline, LLC, pursuant to Rule 14 of the Federal Rules of Civil Procedure.

## PROCEDURAL BACKGROUND

On July 11, 2018, the plaintiffs filed suit against defendants Equitrans and Spectra Energy Operating Company, LLC ("Spectra Energy") alleging that the defendants "constructed, maintained, repaired and/or operated a natural gas pipeline" that damaged the plaintiffs' property. (Complaint, ¶¶ 5, 6 and 7). The plaintiffs did not specify when the supposed wrongful conduct occurred or when the purported damage arose.

In August 2018, the defendants answered the Complaint. At that time, Equitrans also filed a cross-claim against defendant Spectra Energy. In answering Equitrans' cross-claim, Spectra Energy admitted that Spectra Energy Partners, LP was "transferred…all of [Equitrans'] right, title and interest to the natural gas pipeline which is the subject of Plaintiffs' complaint, subject however to the terms and conditions contained in the conveyance agreements." (Answer

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 123 of 266 - Page ID#: 133
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 23-1   Filed: 12/03/18   Page: 2 of 8 - Page ID#:
114

to Cross-claim, ¶ 2).   Spectra Energy Partners, LP is affiliated with defendant Spectra Energy.

*See* www.spectraenergypartners.com.

On September 5, 2018, the Court entered a scheduling order requiring that motions to join additional parties be filed on or before December 3, 2018.   [ECF 16].  The scheduling order also set a discovery deadline of July 1, 2019, and a trial date of November 12, 2019. *Id.*

## FACTS

On May 11, 2011, Equitrans and Spectra Energy Partners, LP, executed a "Purchase and Sale Agreement" in which Spectra Energy Partners, LP bought Big Sandy Pipeline, LLC, a company which possessed certain pipeline assets, including the natural gas pipeline referenced in the plaintiffs' Complaint  ("the subject pipeline"). Pursuant to the May 2011 "Purchase and Sale Agreement," Equitrans sold, transferred, assigned and conveyed the membership interests of Big Sandy Pipeline, LLC to Spectra Energy Partners, LP.  (Sale Agreement, Section 1.1).

In December 2010, Big Sandy Pipeline, LLC and Equitrans signed a "Contribution Agreement," that conveyed to Big Sandy Pipeline, LLC certain assets including the natural gas pipeline at issue in this case. Pursuant to the "Contribution Agreement," Big Sandy Pipeline, LLC assumed all liabilities and obligations arising out of any claim, litigation or proceeding related to the natural gas pipeline at issue in this case (the "Transferred Asset Liabilities"). Pursuant to the "Contribution Agreement," Big Sandy Pipeline, LLC, the company that was subsequently purchased by Spectra Energy Partners, LP, assumed and agreed to "duly and timely pay, perform and discharge all of the Transferred Asset Liabilities, to the full extent that [Equitrans] had been…or would have been in the future, obligated to pay, perform and discharge the Transferred Asset Liabilities."  (Contribution Agreement, Section 5.1). The Contribution Agreement further stated that Big Sandy Pipeline, LLC agreed that "it shall indemnify, defend

2

Case: 7:19-cv-00073-GFVT  Doc #: 1-2  Filed: 09/27/19  Page: 124 of 266 - Page ID#: 134
Case: 7:18-cv-00083-GFVT-EBA  Doc #: 23-1  Filed: 12/03/18  Page: 3 of 8 - Page ID#:
115

and hold harmless [Equitrans]…and [its] successors and assigns from, against and in respect of any and all liability, damages, claims, losses, charges, actions, causes of action, suits, demands, proceedings…and reasonable costs and expenses arising out of…Big Sandy's failure to pay, perform and discharge promptly and fully when due the Transferred Asset Liabilities." (Contribution Agreement, Section 5.2). The Contribution Agreement provided that it "shall be binding upon" the "successors and assigns" of Big Sandy Pipeline, LLC.  (Contribution Agreement, Section 8.2).

As part of the Equitrans-Big Sandy Pipeline, LLC transaction, on June 1, 2011, Big Sandy Pipeline, LLC endorsed a "General Conveyance, Assignment and Bill of Sale" that said Big Sandy Pipeline, LLC "assumes and agrees to duly and timely pay, perform and discharge, and indemnify and hold harmless [Equitrans] from and against, the Transferred Asset Liabilities, whether such Transferred Asset Liability arose or relates to periods prior to, on or after the date hereof."  (Bill of Sale, Article III). Also as part of the Equitrans-Big Sandy Pipeline, LLC transaction, Big Sandy Pipeline, LLC signed an "Operation and Management Services Agreement" in which Big Sandy Pipeline, LLC agreed to "release, defend, indemnify, and hold [Equitrans] harmless from and against any and all liabilities arising from or related to performance of this agreement by either party even if such claims are based upon the negligent (whether joint, concurrent, active or passive) of [Equitrans]…except to the extent the liability results from the gross negligence or willful misconduct of [Equitrans]…" (Services Agreement, Section 6.3(b)).

An "Amended and Restated Operation and Management Services Agreement" was entered into after Spectra Energy Partners, LP "purchased all membership interests of" Big Sandy Pipeline, LLC, with that agreement saying that "in no event shall [Equitrans] be liable

3

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 125 of 266 - Page ID#: 135
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 23-1   Filed: 12/03/18   Page: 4 of 8 - Page ID#:
116

for...any loss or damage resulting from any defects caused by faulty design, engineering or construction, or the condition of the [facilities, pipelines or rights-of-way] as of the date hereof." (Amended Services Agreement, Section 4.1). The Amended Services Agreement provided that Big Sandy Pipeline, LLC "agrees to indemnify and hold [Equitrans] harmless from and against all liabilities, loss, costs, actions, claims, fines, demands, and...expenses...to the extent arising from a third party claim...except to the extent any such claims arise from [Equitrans'] gross negligence or willful misconduct..." (Amended Services Agreement, Section 4.2(c)).[1]

## ARGUMENT

Spectra Energy Partners, LP and Big Sandy Pipeline, LLC are contractually obligated to defend and indemnify Equitrans to the extent any of the plaintiffs' claims in this case arise from conduct that occurred before Equitrans transferred its right, title and interest concerning the subject pipeline to Spectra Energy Partners, LP. Spectra Energy Partners, LP and Big Sandy Pipeline, LLC are also contractually obligated to defend and indemnify Equitrans to the extent any of the plaintiffs' claims in this case arise from conduct that occurred after Equitrans transferred its right, title and interest concerning the subject pipeline to Spectra Energy Partners, LP.

In addition to contractual indemnity, Equitrans is entitled to equitable or common law indemnification from Spectra Energy Partners, LP and Big Sandy Pipeline, LLC for all of the plaintiffs' claims in this case that arise from conduct that occurred either before or after Equitrans transferred its right, title and interest concerning the subject pipeline to Spectra Energy Partners, LP. Kentucky recognizes a common-law right to complete indemnity from a co-defendant in certain circumstances. Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 401-

---

[1] The documents referred to herein are confidential and the referenced portions will be provided to opposing counsel.

02, 224 S.W.2d 165 (1949). Where one party creates a hazard, and another party is exposed to liability to an injured person due to its failure to remedy the hazard, "the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained." Id. at 399. This common-law right to complete indemnity is based on principles of equity. Id. at 402. Thus, it is distinct from statutory provisions permitting contribution among joint tortfeasors. Degener v. Hall Contracting Corp., 27 S.W.3d 775, 780 (Ky. 2000). A defendant may assert a claim for indemnity as a cross-claim against a co-defendant in the same action as the claim against it. Lexington Country Club v. Stevenson, 390 S.W.2d 137, 144 (Ky.App. 1965).

A defendant in a negligence claim is entitled to indemnity against a co-defendant if the injury was caused by negligent maintenance of property owned by the co-defendant. Middlesboro Home Telephone Co. v. Louisville & N.R. Co., 214 Ky. 822, 284 S.W. 104 (1926). In Middlesboro, a railroad company employee was injured by a sagging telephone line while riding on top of a freight car. Id. The employee brought an action against the railroad company, and was awarded a judgment against the railroad company. Id. The railroad company subsequently brought an action against the telephone company to recover the amount of the judgment against it plus costs. Id. The trial court awarded judgment to the railroad company, and the Court of Appeals affirmed. Id. In support of its decision, the court emphasized that the telephone cable was the property of the telephone company, which was "charged with the duty of keeping them in repair . . . ." Id. The railroad company owned no interest in the telephone cable and "was not charged with the duty of keeping them in repair . . . ." Id. Thus, the telephone company was "liable without limit for all injuries that might result from its negligent failure to [keep the line in repair]." Id.

5

8253328

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 127 of 266 - Page ID#: 137
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 23-1   Filed: 12/03/18   Page: 6 of 8 - Page ID#:
118

After conveying the easement across Plaintiffs' property to Spectra Energy Partners, LP,

Equitrans owned no interest in the easement. As the owner of the easement, Spectra Energy

Partners, LP is charged with the sole duty of maintaining and repairing the pipeline. Since

Spectra Energy Partners, LP is now solely responsible for the maintenance and repair of the

pipeline, it is liable for any damages proximately resulting from any failure to do so. Therefore,

to the extent that there was any negligence, Equitrans is entitled to complete indemnity from

Spectra Energy Partners, LP, who was the "primarily negligent" party.

Beyond indemnification, Equitrans is entitled to apportionment and contribution from

Spectra Energy Partners, LP and Big Sandy Pipeline, LLC for their negligent or otherwise

wrongful conduct that resulted in damage, if any, to the plaintiffs. *See* Ky. Rev. Stat. Ann.

§411.182 (West 2018); 42 PA. STAT. AND CONS. STAT. ANN. §§ 7102, 8324 (West 2018); and/or

N.Y. CPLR § 1401 (McKinney 2018).

Rule 14(a)(1) of the Federal Rules of Civil Procedure states that a "defending party

may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be

liable to it for all or part of the claim against it." Rule 14(a)(1) of the Federal Rules of Civil

Procedure also says that "the third-party plaintiff must, by motion, obtain the court's leave if it

files the third-party complaint more than 14 days after serving its original answer." Timely

motions for leave to implead third parties should be freely granted unless to do so would

prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious

claim. Gutierrez-Morales v. Planck, 318 F.R.D. 332, 334 (E.D. Ky. 2016).

As noted above, Equitrans' request for leave to name Spectra Energy Partners, LP and

Big Sandy Pipeline, LLC as third-party defendants in this case is timely.  Moreover, Equitrans

has outlined the merit of its proposed claim against Spectra Energy Partners, LP and Big Sandy

Pipeline, LLC.  Lastly, granting Equitrans' motion will not prejudice the plaintiffs nor unduly complicate the trial.

WHEREFORE, defendant Equitrans Limited's Motion for Leave to File Third-Party Complaint should be granted.

**EQUITRANS LIMITED,**

**By counsel,**

*/s/ J. Kevin West*

John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

8253328

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 129 of 266 - Page ID#: 139
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 23-1   Filed: 12/03/18   Page: 8 of 8 - Page ID#:
120

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## AT PIKEVILLE

LISA ALLEN AND ANTHONY ALLEN,     )
     )
    **Plaintiffs,**     )
     )
**v.**     )   **Civil action No. 7:18-CV-00083-GFVT**
     )   **Judge Gregory F. VanTatenhove**
**EQUITRANS, LIMITED AND SPECTRA**     )
**ENERGY OPERATING COMPANY, LLC,**     )
     )
    **Defendants.**     )

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2018, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic

filing to the following:

Hon. Adam Collins               Hon. Lela M. Hollabaugh
Hon. Patrick Conley              Hon. Brian R. Epling
Collins, Collins and Conley, P.S.C.     Bradley Arant Boult Cummings LLP
P. O. Box 727                   1600 Division Street
Hindman, KY 41822             Suite 700
*Counsel for Plaintiffs*            Nashville, TN 37203
                            *Counsel for Spectra Energy Operating*
                            *Company, LLC*

*/s/ J. Kevin West*
John Kevin West (0081802)

8253328

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## PIKEVILLE
## CIVIL ACTION NO. 7:18-cv-00083-GFVT

*Electronically filed*

LISA ALLEN and
ANTHONY ALLEN,                                                                          PLAINTIFFS,

v.

SPECTRA ENERGY OPERATING COMPANY, LLC,                             DEFENDANT,

and

EQUITRANS LIMITED,                        DEFENDANT/THIRD-PARTY PLAINTIFF,

v.

SPECTRA ENERGY PARTNERS, LP, and
BIG SANDY PIPELINE, LLC,                              THIRD-PARTY DEFENDANTS.


Serve:     SPECTRA ENERGY PARTNERS, LP
           Gregory J. Rizzo
           5400 Westheimer Court
           Houston, Texas 77056

           and

           CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, KY 40601

Serve:     BIG SANDY PIPELINE, LLC
           Laura J. Buss Sayavedra
           5400 Westheimer Court
           Houston, Texas 77056

           and

           CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, KY 40601

## THIRD-PARTY COMPLAINT

Comes now the Defendant/Third-Party Plaintiff Equitrans Limited ("Equitrans") and for its Third-Party Complaint against Spectra Energy Partners, LP ("SEP") and Big Sandy Pipeline, LLC ("Big Sandy") (collectively "Third-Party Defendants"), alleges as follows:

### PARTIES

1.      Defendant/Third-Party Plaintiff Equitrans is a foreign limited partnership registered to do business in the Commonwealth of Kentucky.

2.      Plaintiffs Lisa Allen and Anthony Allen ("Plaintiffs") own property located in Floyd County, Kentucky.

3.      Defendant Spectra Energy Operating Company, LLC is a foreign limited liability company registered to do business in the Commonwealth of Kentucky.

4.      Third-Party Defendant, Spectra Energy Partners, LP, is a foreign limited partnership conducting business in the Commonwealth of Kentucky.

5.      Third-Party Defendant, Big Sandy Pipeline, LLC, is a foreign limited liability company registered to do business in the Commonwealth of Kentucky.

### JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332 in that the amount in controversy in the original Complaint and/or Third Party Complaint exceeds $75,000.00, exclusive of interest and costs, and diversity of parties is present in the original Complaint.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and action giving rise to this case occurred in the Eastern District of Kentucky.

2

8136943

## STATEMENT OF FACTS

8.     In December 2010, Equitrans conveyed to Big Sandy Pipeline, LLC a natural gas pipeline and plaintiffs Lisa Allen and Anthony Allen contend that particular pipeline caused damage to their property in Floyd County, Kentucky.

9.     Pursuant to a "Contribution Agreement" entered into between Big Sandy and Equitrans in December 2010, Big Sandy Pipeline, LLC assumed all liabilities and obligations arising out of any claim, litigation or proceeding related to the natural gas pipeline at issue in this case (the "Transferred Asset Liabilities").

10.     Pursuant to the "Contribution Agreement," Big Sandy Pipeline, LLC agreed to "duly and timely pay, perform and discharge all of the Transferred Asset Liabilities, to the full extent that [Equitrans] had been…or would have been in the future, obligated to pay, perform and discharge the Transferred Asset Liabilities." (Contribution Agreement, Section 5.1).

11.     The "Contribution Agreement" further stated that Big Sandy Pipeline, LLC agreed that "it shall indemnify, defend and hold harmless [Equitrans]…and [its] successors and assigns from, against and in respect of any and all liability, damages, claims, losses, charges, actions, causes of action, suits, demands, proceedings…and reasonable costs and expenses arising out of…Big Sandy's failure to pay, perform and discharge promptly and fully when due the Transferred Asset Liabilities." (Contribution Agreement, Section 5.2).

12.     The "Contribution Agreement" entered into between Big Sandy and Equitrans provided that the agreement "shall be binding upon" the "successors and assigns" of Big Sandy Pipeline, LLC. (Contribution Agreement, Section 8.2).

13.     On May 11, 2011, Equitrans and Spectra Energy Partners, LP, executed a "Purchase and Sale Agreement" in which Spectra Energy Partners, LP bought Big Sandy

8136943

Case: 7:19-cv-00073-GFVT  Doc #: 1-2  Filed: 09/27/19  Page: 133 of 266 - Page ID#: 143
Case: 7:18-cv-00083-GFVT-EBA  Doc #: 23-2  Filed: 12/03/18  Page: 4 of 10 - Page ID#:
124

Pipeline, LLC, the company which owned the natural gas pipeline referenced in the plaintiffs' Complaint.

14.     Pursuant to the May 2011 "Purchase and Sale Agreement," Equitrans sold, transferred, assigned and conveyed the membership interests of Big Sandy Pipeline, LLC to Spectra Energy Partners, LP.  (Sale Agreement, Section 1.1).

15.     On June 1, 2011, Big Sandy Pipeline, LLC endorsed a "General Conveyance, Assignment and Bill of Sale" that said Big Sandy Pipeline, LLC "assumes and agrees to duly and timely pay, perform and discharge, and indemnify and hold harmless [Equitrans] from and against, the Transferred Asset Liabilities, whether such Transferred Asset Liability arose or relates to periods prior to, on or after" June 2011.  (Bill of Sale, Article III).

16.     Big Sandy Pipeline, LLC signed an "Operation and Management Services Agreement" in which Big Sandy Pipeline, LLC agreed to "release, defend, indemnify, and hold [Equitrans] harmless from and against any and all liabilities arising from or related to performance of this agreement by either party even if such claims are based upon the negligent (whether joint, concurrent, active or passive) of [Equitrans]…except to the extent the liability results from the gross negligence or willful misconduct of [Equitrans]…" (Services Agreement, Section 6.3(b)).

17.     An "Amended and Restated Operation and Management Services Agreement" was entered into after Spectra Energy Partners, LP "purchased all membership interests of" Big Sandy Pipeline, LLC, with that agreement saying that "in no event shall [Equitrans] be liable for…any loss or damage resulting from any defects caused by faulty design, engineering or construction, or the condition of the [facilities, pipelines or rights-of-way] as of the date hereof." (Amended Services Agreement, Section 4.1).

8136943

18.     Like the initial Services Agreement, the Amended Services Agreement provided that Big Sandy Pipeline, LLC "agrees to indemnify and hold [Equitrans] harmless from and against all liabilities, loss, costs, actions, claims, fines, demands, and…expenses…to the extent arising from a third party claim…except to the extent any such claims arise from [Equitrans'] gross negligence or willful misconduct…" (Amended Services Agreement, Section 4.2(c)).

19.     Both before Big Sandy Pipeline, LLC was owned by Spectra Energy Partners, LP and thereafter, Big Sandy Pipeline, LLC possessed and controlled the natural gas pipeline at issue in this case.

20.     On July 11, 2018, Plaintiffs filed a complaint alleging that Equitrans and Spectra Energy Operating Company, LLC damaged their property as a result of a natural gas pipeline.

21.     Plaintiffs have asserted that Equitrans and Spectra Energy Operating Company, LLC have "negligently and/or grossly negligently caused damage to the Plaintiffs' property by virtue of their construction, maintenance, operation and repair of the pipeline in near proximity to the Plaintiffs' property."  (Compl. ¶ 6).

22.     Equitrans denies that it acted wrongfully and Equitrans further denies that it caused or contributed to the damages being claimed by Plaintiffs.

23.     To the extent Plaintiffs' damage is real and compensable, the Third-Party Defendants caused the damage, if any, to Plaintiffs' property.

24.     To the extent that Equitrans may be found liable to Plaintiffs for the claims in their Complaint, Equitrans is entitled to indemnity, contribution and apportionment of fault against the Third-Party Defendants.

25.     The Third-Party Defendants' presence is necessary in order to apportion comparative fault and liability among each of the potentially responsible parties.

8136943

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 135 of 266 - Page ID#: 145
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 23-2   Filed: 12/03/18   Page: 6 of 10 - Page ID#:
126

26.     The documents referred to herein are confidential and the referenced portions will be provided to opposing counsel.

## COUNT I—CONTRACTUAL INDEMNITY

27.     Equitrans adopts and incorporates by reference Paragraphs 1 through 26 of the Third-Party Complaint as if fully stated herein.

28.     Agreements between Equitrans and the Third-Party Defendants address, concern and apply to the natural gas pipeline at issue in Plaintiffs' Complaint.

29.     Agreements between Equitrans and the Third-Party Defendants state that the Third-Party Defendants will indemnify Equitrans and hold Equitrans harmless from any claim or liability relating to the pipeline at issue in this case.

30.     If Equitrans is liable to Plaintiffs under any theory of recovery, Equitrans asserts that the Third-Party Defendants have agreed to indemnify Equitrans for any such liability.

31.     If Plaintiffs sustained damages as claimed in their Complaint as a result of the conduct alleged in their Complaint, then such damage is the contractual responsibility of the Third-Party Defendants.

32.     Accordingly, if Equitrans is held liable for any part of the damage claim asserted in this case, Equitrans is entitled to be indemnified by the Third-Party Defendants.

## COUNT II – COMMON LAW INDEMNITY

33.     Equitrans adopts and incorporates by reference Paragraphs 1 through 32 of the Third-Party Complaint, as if fully stated herein.

34.     Equitrans denies any negligence, wrongdoing or fault for Plaintiffs' alleged damages; however, to the extent Equitrans is found liable to Plaintiffs under any theory of

8136943

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 136 of 266 - Page ID#: 146
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 23-2   Filed: 12/03/18   Page: 7 of 10 - Page ID#:
127

recovery, Equitrans asserts that its liability, if any, is passive and derivative only and that the liability of the Third-Party Defendants is active and primary.

35.   If Plaintiffs sustained damages as claimed in their Complaint, then such damages were the direct and proximate result of the superseding and/or intervening, primary or active conduct of the Third-Party Defendants.

36.   The acts or omissions of the Third-Party Defendants were the primary and efficient cause of all damages, if any, suffered by Plaintiffs.

37.   Accordingly, if Equitrans is held liable for any part of the damage claim asserted in this case, Equitrans is entitled to be indemnified by the Third-Party Defendants.

### COUNT III—APPORTIONMENT AND CONTRIBUTION

38.   Equitrans adopts and incorporates by reference Paragraphs 1 through 37 of the Third-Party Complaint, as if fully stated herein.

39.   If Plaintiffs sustained damages as claimed, then such damages were the direct and proximate result of the superseding and/or intervening, primary or active conduct of the Third-Party Defendants.

40.   If, however, a judgment is entered in favor of Plaintiffs against Equitrans and a determination is made that Equitrans is not entitled to indemnity, then in the alternative, Equitrans is entitled to contribution and apportionment against the Third-Party Defendants for any judgment that may be awarded.

41.   Equitrans is entitled to have the fact finder at trial apportion fault, if any, to the Third-Party Defendants in accordance with KRS § 411.182.

8136943

42.     Alternatively, Equitrans is entitled to have the fact finder at trial apportion fault, if any, to the Third-Party Defendants in accordance with 42 PA. STAT. AND CONS. STAT. ANN. §§ 7102, 8324, and/or N.Y. CPLR § 1401 (McKinney 2018).

WHEREFORE, Defendant/Third-Party Plaintiff, Equitrans Limited, respectfully demands the following relief:

1.     That Plaintiffs' Complaint be dismissed and held for naught;

2.     Contractual indemnification from the Third-Party Defendants;

3.     Common law indemnification from the Third-Party Defendants;

4.     Contribution and apportionment of fault pursuant to KRS §411.182; 42 PA. STAT. AND CONS. STAT. ANN. §§ 7102, 8324; and/or N.Y. CPLR § 1401 (McKinney 2018);

5.     Trial by jury on all issues so triable;

6.     Post-judgment interest;

7.     Costs and attorneys' fees herein expended; and

8.     Any and all other relief to which it may appear entitled.

**EQUITRANS LIMITED,**
**By counsel,**

*/s/ John Kevin West*
John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

8136943

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

8136943

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### PIKEVILLE
### CIVIL ACTION NO. 7:18-cv-00083-GFVT

*Electronically filed*

|  |  |
|---|---|
| **LISA ALLEN and**<br>**ANTHONY ALLEN,** | **PLAINTIFFS,** |
| **v.** | |
| **SPECTRA ENERGY OPERATING COMPANY, LLC,** | **DEFENDANT,** |
| **and** | |
| **EQUITRANS LIMITED,** | **DEFENDANT/THIRD-PARTY PLAINTIFF,** |
| **v.** | |
| **SPECTRA ENERGY PARTNERS, LP, and**<br>**BIG SANDY PIPELINE, LLC,** | **THIRD-PARTY DEFENDANTS.** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2018, I electronically filed the foregoing **"Third Party Complaint"** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Hon. Lela M. Hollabaugh
Hon. Brian R. Epling
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating Company, LLC*

_____/s/ John Kevin West_____
John Kevin West (0081802)

8136943

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 140 of 266 - Page ID#: 150
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 23-3   Filed: 12/03/18   Page: 1 of 1 - Page ID#:
131

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## AT PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN AND ANTHONY ALLEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Civil action No. 7:18-CV-00083-GFVT** |
| | ) | **Judge Gregory F. VanTatenhove** |
| EQUITRANS, LIMITED AND SPECTRA | ) | |
| ENERGY OPERATING COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

This matter comes before the Court upon the Motion of defendant Equitrans Limited ("Equitrans") for leave to file a third-party complaint against Spectra Energy Partners, LP and Big Sandy Pipeline, LLC.  For good cause shown, the Motion is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that Equitrans shall have until _____ to file its third-party complaint against Spectra Energy Partners, LP and Big Sandy Pipeline, LLC.

**IT IS SO ORDERED.**

_____
Date

_____
UNITED STATES DISTRICT JUDGE
Judge Gregory F. Van Tatenhove

8247727

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CIVIL ACTION NO. 7:18-cv-00083-GFVT
*Electronically Filed*

LISA AND ANTHONY ALLEN                                     PLAINTIFFS

VS.

EQUITRANS, LIMITED, and
SPECTRA ENERGY OPERATING COMPANY, LLC              DEFENDANTS

---

### MOTION TO AMEND COMPLAINT

---

Comes the Plaintiffs, by and through counsel, and moves this Honorable Court for an Order permitting them to file the attached Amended Complaint, allowing them to add additional claims against additional Defendants, Big Sandy Pipeline, the owners of the pipeline that gives rise to the above action.

WHEREFORE, Plaintiffs respectfully requests that their Motion to Amend be sustained.

Respectfully submitted,


/S/ Patrick Conley_____
**M. PATRICK CONLEY, ESQ.**
**COLLINS, COLLINS, & CONLEY, P.S.C.**
**P.O. Box 727**
**Hindman, Kentucky  41822**
**PHONE: (606) 785-5048**
**FAX: (606) 785-3021**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed via CM/ECF on Monday, December 3, 2018 and distributed to:

John Kevin West - kevin.west@steptoe-johnson.com
Candace Beth Smith candace.smith@steptoe-johnson.com

Lela Hollabaugh - lhollabaugh@bradley.com
Brian R. Epling - bepling@bradley.com

/s/ M. Patrick Conley
M. Patrick Conley

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CIVIL ACTION NO. 7:18-cv-00083-GFVT
*Electronically Filed*

LISA AND ANTHONY ALLEN                                        PLAINTIFFS

VS.

EQUITRANS, LIMITED ,
SPECTRA ENERGY OPERATING COMPANY, LLC


and

BIG SANDY PIPELINE, LLC                                        DEFENDANTS
        SERVE:        CT Corporation System
                      306 West Main Street
                      Suite 512
                      Frankfort, Kentucky 40601
                      CERTIFIED MAIL

---

AMENDED COMPLAINT

---

        Comes the Plaintiffs, Lisa and Anthony Allen, by and through counsel, and for their

Complaint against the Defendants, and states as follows:

    1)      That the Plaintiffs are residents of the Commonwealth of Kentucky and allege and

            adopt all allegations contained in their original Complaint;

    2)      That the Defendant, Equitrans, Limited is a foreign limited liability partnership

            conducting business within the Commonwealth of Kentucky;

3)      That the Defendant, Spectra Energy Operating Company, LLC is a foreign limited liability company conducting business within the Commonwealth of Kentucky;

4)      That the Defendant, Big Sandy Pipeline Company, LLC is a foreign limited liability company conducting business within the Commonwealth of Kentucky;

5)      That the Plaintiffs are the owners of a certain tract of real property located in Floyd County, Kentucky that is the subject matter of this litigation;

6)      That the Defendants have constructed, maintained, repaired and/or operated a natural gas pipeline in close proximity to the Plaintiffs' property in question;

7)      That Defendants, their agents, servants and employees have negligently and/or grossly negligently caused damage to the Plaintiffs' property by virtue of their construction, maintenance, operation and repair of the pipeline in near proximity to the Plaintiffs' property;

8)      That as a sole and proximate result of the Defendants' acts and failure to acts as more specifically set forth above, the Plaintiffs have been forced to endure damage to their property, a diminution in the market value of their property, and a loss of use and enjoyment of their property;

9)      That the Defendants have been placed upon notice of the damage being done to the Plaintiffs' property and the Defendants have utterly disregarded this notice;

10)     That the Defendants' acts as complained of herein, are grossly negligent thereby entitling the Plaintiffs to recover punitive damages; and

11)     That the Plaintiffs' damages are well in excess of the jurisdictional limits of this Honorable Court.

WHEREFORE, the Plaintiffs, Lisa and Anthony Allen, respectfully demand the following:

1).      Trial by jury as to all claims;

2).      Compensatory damages for the diminution in market value to the Plaintiffs' property, damage done to the Plaintiffs' property, and for the loss and use of enjoyment of their property and land;

3).      Punitive damages for the Defendants' grossly negligent conduct;

4).      Pre and Post Judgment Interest;

5).      Costs and attorney fees expended herein; and

6).      To all other relief that the Plaintiffs may be entitled in law or equity.

Respectfully submitted,


/S/ Patrick Conley
**M. PATRICK CONLEY, ESQ.**
**COLLINS, COLLINS, & CONLEY, P.S.C.**
**P.O. Box 727**
**Hindman, Kentucky  41822**
**PHONE: (606) 785-5048**
**FAX: (606) 785-3021**

Case: 7:19-cv-00073-GFVT   Doc #: 1-2   Filed: 09/27/19   Page: 146 of 266 - Page ID#: 156
Case: 7:18-cv-00083-GFVT-EBA   Doc #: 24-2   Filed: 12/03/18   Page: 1 of 1 - Page ID#:
137

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CIVIL ACTION NO. 7:18-cv-00083-GFVT
*Electronically Filed*

LISA AND ANTHONY ALLEN                                        PLAINTIFFS

VS.

EQUITRANS, LIMITED, and
SPECTRA ENERGY OPERATING COMPANY, LLC                DEFENDANTS

---

## ORDER

---

This matter having come before the Court upon the Plaintiffs' Motion to Filed Amended

Complaint and the Court having been sufficiently advised;

It is hereby ORDERED that the Plaintiffs' Motion is GRANTED and their Amended

Complaint is hereby FILED with the Clerk of Court with Summons to issue thereon.

This the ____ of _____, _____.


**HON. GREGORY F. VAN TATENHOVE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF KENTUCKY**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 7:18-cv-00083-GFVT |
| v. | ) | |
| | ) | Removed from the Circuit Court of |
| EQUITRANS, LIMITED and | ) | Floyd County, Kentucky, |
| SPECTRA ENERGY OPERATING | ) | Case No. 18-CI-459 |
| COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER FOR EXTENSION OF TIME

At the agreement of all parties to this Action, this Court hereby extends the time for

Defendant Spectra Energy Operating Company, LLC to respond to the pending motions for leave,

Docs. 23 and 24, until January 2, 2019.

**IT IS SO ORDERED.**

_____          _____
Date                                                    UNITED STATES DISTRICT JUDGE
                                                           Judge Gregory F. Van Tatenhove


Agreed to by:

_s/ Lela M. Hollabaugh_____
Lela M. Hollabaugh
_Counsel for Spectra Energy Operating Company_


_s/ Candace Smith_____
Candace Smith
_Counsel for Equitrans_


_s/ Patrick Conley_____
Patrick Conley
_Counsel for Lisa and Anthony Allen_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN, *et al.*, | ) | |
| | ) | |
| PlaintiffS, | ) | Case No. 7:18-cv-00083-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| EQUITRANS LIMITED, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court upon the parties' Proposed Agreed Order Regarding Extension of Time.  [R. 25.]  The Defendant Spectra Energy Operating Company, LLC, requests additional time to respond to Defendant Equitran's Motion for Leave to file Third-Party Complaint, and Plaintiff Anthony Allen's First Motion to Amend/Correct.  [R. 23; R. 24.]  All parties are in agreement with the extension.  Therefore, the Court being sufficiently advised, the parties' Proposed Agreed Order Regarding Extension of Time [**R. 25**] is **GRANTED**. Defendant Spectra shall have up to and including **Tuesday, January 14, 2019**, to file responses to the aforementioned motions.

This the 9th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE
CIVIL ACTION NO. 7:18-cv-00083-GFVT
Electronically filed

LISA ALLEN and
ANTHONY ALLEN                                                        PLAINTIFFS

VS.

EQUITRANS LIMITED, et al                                            DEFENDANTS

FIRST SUPPLEMENTAL F.R.C.P. 26(A)(1) DISCLOSURES FOR THE
PLAINTIFFS, LISA ALLEN & ANTHONY ALLEN

The Plaintiffs, Lisa Allen and Anthony Allen, by counsel, hereby make(s) the following Initial Disclosures pursuant to F.R.C.P. 26 (A)(1):

(A)     the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

**RESPONSE:** To date, the Plaintiffs have identified the following individuals:

1.  The Plaintiff, Lisa Allen. Ms. Allen has general knowledge about this case including the purchase and ownership of the property in question, the condition of the property in question both before and after the damages, the use of the property in question both before and after the damages; the damage to the property, the conduct of the Defendants as well as communications with and admissions made by the Defendants.

2.  The Plaintiff, Anthony Allen. Mr. Allen has general knowledge about this case including the purchase and ownership of the property in question, the condition of the

property in question both before and after the damages, the use of the property in question both before and after the damages, the damage to the property, the conduct of the Defendants as well as communications with and admissions made by the Defendants.

3. Arthur Fannin, Lisa Allen's Father. We can arrange contact with him; Mr. Fannin has knowledge about the condition of the property before and after the damages; the damages; as well as communications with and admissions made by the Defendants.

4. Kevin Darby with Defendant Spectra;

5. Other agents and employees of the Defendants and any companies who may have been involved in the construction of the pipeline, names unknown to the Plaintiffs;

6. Plaintiffs will also rely upon expert testimony, which will be disclosed in accordance with pretrial deadlines.

(B)     **a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

**RESPONSE**:  Plaintiff also have the following:

1. Deeds for property;

2. Photographs of the property;

3. Map of the property prepared for or by Spectra; and

4. Letter for or by Spectra.

Plaintiff will provide the documents upon request or in response to discovery. Further, as discovery is ongoing, additional documents may be discovered.

(C)    **a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and**

**RESPONSE:**  (1) Plaintiffs will seek damages for the lesser of cost of repair or diminution in fair market value of their property. Plaintiffs will rely upon expert witnesses to determine these amounts. Plaintiffs have had their property inspected by experts but have not yet received reports. Plaintiffs understand based upon the experts' preliminary review these damages will be in the range of $50,000-$60,000. Plaintiffs will provide any report of experts upon receipt or will set forth further detail in the expert disclosures and will treat that as a supplement to this disclosure. (2) Plaintiffs will seek punitive damages to the extent the Court deems a punitive damages instruction appropriate. Plaintiffs do not intend to suggest an amount of punitive damages to the jury. (3) Plaintiffs do not possess any documentary evidence setting forth damage amounts. (4) Plaintiffs reserve the right to supplement.

**(D)**    **for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE:**      The Plaintiffs have no knowledge of this information.

**Respectfully submitted,**

/s/ M. Patrick Conley
M. Patrick Conley
Collins, Collins & Conley, PSC
P.O. Box 727
Hindman, KY 41822

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed via CM/ ECF on Thursday, January 31, 2019 and distributed to:

John Kevin West
Candace Beth Smith
kevin.west@steptoe-johnson.com
candace.smith@steptoe-johnson.com

Lela Hollabaugh
Brian R. Epling
lhollabaugh@bradley.com
bepling@bradley.com

/s/ M. Patrick Conley
M. Patrick Conley

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 7:18-cv-00083-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| EQUITRANS, LTD., et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

*** *** *** ***

Plaintiffs Lisa Allen and Anthony Allen originally filed this suit in Floyd Circuit Court against Defendants Equitrans, Limited and Spectra Energy Operating Company, LLC.   They allege damage to their property resulting from Defendants' natural gas pipeline.  [R. 1-2.]  Spectra timely removed this action to this Court [R. 1], and Plaintiffs now seek to remand it.  Additionally, Plaintiffs seek an award of costs related to removal.  [R. 9.]  For the following reasons, Plaintiffs' Motion to Remand [R. 9] will be **GRANTED IN PART** and **DENIED IN PART**.

## I

### A

According to Plaintiffs' complaint, Defendants Equitrans and Spectra "have constructed, maintained, repaired and/or operated a natural gas pipeline in close proximity to Plaintiffs' property." [R. 1-2.]  Plaintiffs allege that "Defendants . . . have negligently and/or grossly negligently caused damage to the Plaintiffs' property," such that "the Plaintiffs have been

forced to endure damage to their property, a diminution in the market value of their property, and a loss of the use and enjoyment of their property." *Id.* Plaintiffs seek compensatory damages for the decline in their property value, punitive damages for Defendants' gross negligence, pre- and post- judgement interest, as well as costs and attorney fees. *Id.* In compliance with Kentucky Rule of Civil Procedure 8.01, Plaintiffs have not specified what sum of unliquidated damages they seek. [*See* R. 1-2.]

Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441. [R. 1.] In their Response, Plaintiffs argue for remand on the grounds that the Defendants have not sufficiently proven the amount in controversy exceeds $75,000. [R. 9.] Neither party disputes that there is complete diversity between them.

**B**

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Where a plaintiff's complaint requests an indeterminate amount in damages, the "Court

places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). A defendant is not required to prove to a legal certainty that a plaintiff's damages are greater than $75,000. *Id.* at 572. However, as this Court has noted before, "when the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case." *Coppola v. Wal-Mart Stores East, LP*, 2016 U.S. Dist. LEXIS 113599, *2 (E.D. Ky. Aug. 25, 2016). "A defendant's claims of the amount in controversy must be supported by 'competent proof,' which can include affidavits, documents, or interrogatories." *Ramsey v. Kearns*, 2012 U.S. Dist. LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## C

In some instances, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that the purpose of an award of fees and costs under § 1447(c) is to "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). Therefore, the general rule is fee awards are only appropriate where the removing party lacks an objectively reasonable basis for removal. *See Powers*, 728 F.3d at 515 (citing *Martin*, 546 U.S. at 140). But, because "district courts retain considerable discretion in awarding attorney fees," a district court may consider whether unusual circumstances exist to warrant a departure from this rule. *Powers v. Cottrel, Inc.*, 728 F.3d 509,

515 (6th Cir. 2013).

## II

### A

Kentucky's Rules of Civil Procedure often pose a quandary for federal courts in removal

cases. Rule 8.01 prevents plaintiffs seeking unliquidated damages from specifying a dollar

amount in any pleading. *See* Ky. R. Civ. P. 8.01. Unsurprisingly, this requirement can lead to

disputes about the amount in controversy requirement of 28 U.S.C. § 1332. But Rule 8.01

allows a party against whom a claim for unliquidated damages is made to obtain information as

to the amount by use of interrogatories. *See* Ky. R. Civ. P. 8.01. What's more, Rule 8.01

requires a plaintiff respond to a such an interrogatory, because a plaintiff who fails to disclose

her claim for damages cannot recover any amount of money. *See LaFleur v. Shoney's Inc.*, 83

S.W.3d 474, 477 (Ky. 2002) ("[P]laintiff's claims for unliquidated damages were effectively

zero, because she utterly failed to disclose the amount of her claims for unliquidated damages as

was required by [Rule] 8.01(2)."). This Court and others in the Eastern District of Kentucky

have instructed defendants to take advantage of this state court discovery rule before removing.

*See, e.g., King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958 (E.D. Ky. Jan. 16, 2009);

*Holland v. Buffin*, 2015 U.S. Dist. LEXIS 80242 (E.D. Ky. Jan. 16, 2015); *Giffin v. Runyons*,

2011 U.S. Dist. LEXIS 122092 (E.D. Ky. Oct 21, 2011). Generally speaking, in diversity cases,

the best practice for defendants is to utilize state court discovery procedures, and to remove to

federal court only when it becomes apparent that the requirements of 28 U.S.C. § 1332 have

been met.

Although Equitrans and Spectra did not engage in state discovery procedures, to their

credit this is not an instance where Defendants are "simply saying that the amount-in-

controversy requirement is met." *King v. Household Fin. Corp. II*, 593 F.Supp. 2d 958, 959–60

(E.D. Ky. 2009).   Accompanying Defendant's Response to Plaintiff's Motion to Remand is an

affidavit of Connie J. Hancock, the Property Valuation Administer of Floyd County, Kentucky,

where Plaintiffs' property is located.   [R. 15-1.]   Collectively, parcels of land owned by the

Plaintiffs have a tax assessed value of $144,000.   *Id.*   Further, in addition to "compensatory

damages for the diminution in market value of the Plaintiffs' property," Plaintiffs also seek

"punitive damages for Defendant's grossly negligent conduct." [R. 1-2.]   These figures alone

*might* persuade the Court that the amount in controversy reaches excess of $75,000, but Plaintiffs

dispute that every parcel of land is damaged.   [*See* R. 22 at 3.]   Plaintiffs also point out that they

have not alleged a complete taking, only damage to their property, so the total value of the

property as a whole is irrelevant.   *Id.*

It is a close question, but on balance, this Court finds that the Defendants have not proved

that the amount in controversy exceeds the jurisdictional requirement.   Because the Court is one

of limited jurisdiction, any doubts about removal should be resolved in favor of remanding the

case to state court.   *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also*

*Cole*, 728 F. Supp. at 1307 (citations omitted).   Kentucky Rule 8.01 requires a plaintiff to

disclose her claim for damages in response to a defendants' interrogatories; it is nonsensical not

to take advantage of that requirement.   *See* Ky. R. Civ. P. 8.01(2).   Engaging in state court

discovery procedures will undoubtedly provide the sort of "competent proof" required to prove

up the amount in controversy requirement of § 1332.   *See Ramsey v. Kearns*, 2012 U.S. Dist.

LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012).   Plaintiffs' Motion to Remand is **GRANTED**.

**B**

Plaintiffs have also requested an award of costs and attorney fees stemming from

untimely removal pursuant to 28 U.S.C. § 1447. [R. 9.]  Although this Court has ultimately

concluded that remand is proper, the Court does not find that Defendants "lacked an objectively

reasonable basis for seeking removal." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir.

2013).  Kentucky's pleading rules make it difficult for parties to quickly assess the amount in

controversy in any case.  Furthermore, in furnishing their Response to Plaintiffs' Motion to

Remand, Defendants took time to investigate the tax value of Plaintiffs' land, as well as obtain

an affidavit from the Property Valuation Administer of Floyd County, Kentucky as to the value

of that land.  [*See* R. 15.]  In an exercise of this Court's discretion, Plaintiffs' Motion for Award

of Costs and Attorney Fees is **DENIED**.

### III

Despite remanding the case at this juncture, the Court acknowledges it may be that after

further discovery, the parties will find that the amount in controversy exceeds $75,000.  Should

that occur, the Defendants may be able to remove at that time.[1]  *See Benson v. SI Handling Sys.,*

*Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for

removal.").  But until that happens, this Court simply does not have sufficient evidence available

in the record to determine, by a preponderance of the evidence, that the amount in controversy

exceeds $75,000.

Accordingly, the Court being sufficiently advised, it is hereby ORDERED as follows:

1.  Plaintiffs' Motion [**R. 9**] is **GRANTED** as to remand**;**

2.  This action is **REMANDED** in its entirety to the Floyd Circuit Court from which it was

removed;

---

[1] Subject, of course, to the limitation that "[a] case may not be removed…more than 1 year after commencement of
the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from
removing the action." 28 U.S.C. § 1446(c)(1).

3.  Plaintiffs' Motion **[R. 9]** is **DENIED** as to costs and attorney fees; and

4.  This matter is STRICKEN from the Court's active docket.

This the 1st day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 7:18-cv-00083-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| EQUITRANS LIMITED, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court upon Defendant Equitran's Motion for Leave to File Third

Party Complaint, and Plaintiff Anthony Allen's Motion to Amend Complaint.  [R. 23; R. 24.]

This Court recently granted Plaintiffs' Motion to Remand due to a lack of subject matter

jurisdiction.  [R. 28]  In light of remand, the Court will not address the merits of the parties'

respective motions.  Accordingly, and the Court being sufficiently advised, it is hereby

**ORDERED** that Defendant Equitran's Motion for Leave to File Third Party Complaint and

Plaintiff Anthony Allen's Motion to Amend Complaint **[R. 23; R. 24]** are **DENIED AS MOOT.**

This the 1st day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 7:18-cv-00083-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| EQUITRANS, LTD., et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Lisa Allen and Anthony Allen originally filed this suit in Floyd Circuit Court against Defendants Equitrans, Limited and Spectra Energy Operating Company, LLC.   They allege damage to their property resulting from Defendants' natural gas pipeline.  [R. 1-2.] Spectra timely removed this action to this Court [R. 1], and Plaintiffs now seek to remand it. Additionally, Plaintiffs seek an award of costs related to removal.  [R. 9.]  For the following reasons, Plaintiffs' Motion to Remand [R. 9] will be **GRANTED IN PART** and **DENIED IN PART**.

**I**

**A**

According to Plaintiffs' complaint, Defendants Equitrans and Spectra "have constructed, maintained, repaired and/or operated a natural gas pipeline in close proximity to Plaintiffs' property." [R. 1-2.]  Plaintiffs allege that "Defendants . . . have negligently and/or grossly negligently caused damage to the Plaintiffs' property," such that "the Plaintiffs have been

forced to endure damage to their property, a diminution in the market value of their property, and a loss of the use and enjoyment of their property." *Id.* Plaintiffs seek compensatory damages for the decline in their property value, punitive damages for Defendants' gross negligence, pre- and post- judgement interest, as well as costs and attorney fees. *Id.* In compliance with Kentucky Rule of Civil Procedure 8.01, Plaintiffs have not specified what sum of unliquidated damages they seek. [*See* R. 1-2.]

Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441. [R. 1.] In their Response, Plaintiffs argue for remand on the grounds that the Defendants have not sufficiently proven the amount in controversy exceeds $75,000. [R. 9.] Neither party disputes that there is complete diversity between them.

**B**

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Where a plaintiff's complaint requests an indeterminate amount in damages, the "Court

places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). A defendant is not required to prove to a legal certainty that a plaintiff's damages are greater than $75,000. *Id.* at 572. However, as this Court has noted before, "when the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case." *Coppola v. Wal-Mart Stores East, LP*, 2016 U.S. Dist. LEXIS 113599, *2 (E.D. Ky. Aug. 25, 2016). "A defendant's claims of the amount in controversy must be supported by 'competent proof,' which can include affidavits, documents, or interrogatories." *Ramsey v. Kearns*, 2012 U.S. Dist. LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## C

In some instances, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that the purpose of an award of fees and costs under § 1447(c) is to "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). Therefore, the general rule is fee awards are only appropriate where the removing party lacks an objectively reasonable basis for removal. *See Powers*, 728 F.3d at 515 (citing *Martin*, 546 U.S. at 140). But, because "district courts retain considerable discretion in awarding attorney fees," a district court may consider whether unusual circumstances exist to warrant a departure from this rule. *Powers v. Cottrel, Inc.*, 728 F.3d 509,

515 (6th Cir. 2013).

## II

### A

Kentucky's Rules of Civil Procedure often pose a quandary for federal courts in removal cases. Rule 8.01 prevents plaintiffs seeking unliquidated damages from specifying a dollar amount in any pleading. *See* Ky. R. Civ. P. 8.01. Unsurprisingly, this requirement can lead to disputes about the amount in controversy requirement of 28 U.S.C. § 1332. But Rule 8.01 allows a party against whom a claim for unliquidated damages is made to obtain information as to the amount by use of interrogatories. *See* Ky. R. Civ. P. 8.01. What's more, Rule 8.01 requires a plaintiff respond to a such an interrogatory, because a plaintiff who fails to disclose her claim for damages cannot recover any amount of money. *See LaFleur v. Shoney's Inc.*, 83 S.W.3d 474, 477 (Ky. 2002) ("[P]laintiff's claims for unliquidated damages were effectively zero, because she utterly failed to disclose the amount of her claims for unliquidated damages as was required by [Rule] 8.01(2)."). This Court and others in the Eastern District of Kentucky have instructed defendants to take advantage of this state court discovery rule before removing. *See, e.g., King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958 (E.D. Ky. Jan. 16, 2009); *Holland v. Buffin*, 2015 U.S. Dist. LEXIS 80242 (E.D. Ky. Jan. 16, 2015); *Giffin v. Runyons*, 2011 U.S. Dist. LEXIS 122092 (E.D. Ky. Oct 21, 2011). Generally speaking, in diversity cases, the best practice for defendants is to utilize state court discovery procedures, and to remove to federal court only when it becomes apparent that the requirements of 28 U.S.C. § 1332 have been met.

Although Equitrans and Spectra did not engage in state discovery procedures, to their credit this is not an instance where Defendants are "simply saying that the amount-in-

controversy requirement is met." *King v. Household Fin. Corp. II*, 593 F.Supp. 2d 958, 959–60

(E.D. Ky. 2009). Accompanying Defendant's Response to Plaintiff's Motion to Remand is an

affidavit of Connie J. Hancock, the Property Valuation Administer of Floyd County, Kentucky,

where Plaintiffs' property is located. [R. 15-1.] Collectively, parcels of land owned by the

Plaintiffs have a tax assessed value of $144,000. *Id.* Further, in addition to "compensatory

damages for the diminution in market value of the Plaintiffs' property," Plaintiffs also seek

"punitive damages for Defendant's grossly negligent conduct." [R. 1-2.] These figures alone

*might* persuade the Court that the amount in controversy reaches excess of $75,000, but Plaintiffs

dispute that every parcel of land is damaged. [*See* R. 22 at 3.] Plaintiffs also point out that they

have not alleged a complete taking, only damage to their property, so the total value of the

property as a whole is irrelevant. *Id.*

It is a close question, but on balance, this Court finds that the Defendants have not proved

that the amount in controversy exceeds the jurisdictional requirement. Because the Court is one

of limited jurisdiction, any doubts about removal should be resolved in favor of remanding the

case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also*

*Cole*, 728 F. Supp. at 1307 (citations omitted). Kentucky Rule 8.01 requires a plaintiff to

disclose her claim for damages in response to a defendants' interrogatories; it is nonsensical not

to take advantage of that requirement. *See* Ky. R. Civ. P. 8.01(2). Engaging in state court

discovery procedures will undoubtedly provide the sort of "competent proof" required to prove

up the amount in controversy requirement of § 1332. *See Ramsey v. Kearns*, 2012 U.S. Dist.

LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012). Plaintiffs' Motion to Remand is **GRANTED**.

**B**

Plaintiffs have also requested an award of costs and attorney fees stemming from

untimely removal pursuant to 28 U.S.C. § 1447. [R. 9.] Although this Court has ultimately concluded that remand is proper, the Court does not find that Defendants "lacked an objectively reasonable basis for seeking removal." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013). Kentucky's pleading rules make it difficult for parties to quickly assess the amount in controversy in any case. Furthermore, in furnishing their Response to Plaintiffs' Motion to Remand, Defendants took time to investigate the tax value of Plaintiffs' land, as well as obtain an affidavit from the Property Valuation Administer of Floyd County, Kentucky as to the value of that land. [*See* R. 15.] In an exercise of this Court's discretion, Plaintiffs' Motion for Award of Costs and Attorney Fees is **DENIED**.

### III

Despite remanding the case at this juncture, the Court acknowledges it may be that after further discovery, the parties will find that the amount in controversy exceeds $75,000. Should that occur, the Defendants may be able to remove at that time.[1] *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal."). But until that happens, this Court simply does not have sufficient evidence available in the record to determine, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Accordingly, the Court being sufficiently advised, it is hereby ORDERED as follows:

1. Plaintiffs' Motion [**R. 9**] is **GRANTED** as to remand;

2. This action is **REMANDED** in its entirety to the Floyd Circuit Court from which it was removed;

---

[1] Subject, of course, to the limitation that "[a] case may not be removed...more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

3. Plaintiffs' Motion **[R. 9]** is **DENIED** as to costs and attorney fees; and

4. This matter is STRICKEN from the Court's active docket.

This the 1st day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge

Filed        18-CI-00459      02/21/2019         Douglas R. Hall, Floyd Circuit Clerk ORIGINAL DOCUMENT
                                                                        09/23/2019 11:21:30 AM
                                                                        85355-13

## COMMONWEALTH OF KENTUCKY
## FLOYD COUNTY COURT

### **Electronically Filed**

| | |
|---|---|
| LISA ALLEN and ANTHONY ALLEN | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| EQUITRANS, LIMITED and | ) |
| SPECTRA ENERGY OPERATING | ) |
| COMPANY, LLC | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO.: 18-CI-459

### UNOPPOSED MOTION FOR ADMISSION PRO HAC VICE

Defendant, Spectra Energy Operating Company, LLC, by counsel, pursuant to SCR 3.030(2), hereby moves the Court for entry of the attached Order granting Lela M. Hollabaugh, of Bradley Arant Boult Cummings LLP, 1600 Division Street, Suite 700, Nashville, TN 37203, permission to appear as co-counsel for Defendant and to practice pro hac vice in the above-entitled action. In support of this Motion, counsel submits to the Court the following:

1.    Kentucky Bar Association Out-of-State Certification form for Lela M. Hollabaugh certifying that payment of $320.85 has been received in compliance with SCR 3.030, **Exhibit A** hereto.

2.    Affidavit of Lela M. Hollabaugh, **Exhibit B** hereto.

3.    Proposed Order granting this motion, **Exhibit C** hereto.

4.    Defendant's counsel has discussed this motion with counsel for the other parties, and those counsel do not oppose this motion.

As stated in the Affidavit, Ms. Hollabaugh agrees to submit to the jurisdiction of this Court and the rules of the Kentucky Supreme Court governing professional conduct.

WHEREFORE, counsel requests that Lela M. Hollabaugh of the law firm of Bradley Arant

Boult Cummings LLP be allowed to practice in this particular case.

Respectfully submitted,

/s/ Brian R. Epling

Brian R. Epling (Ky. Bar No. 95539)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone (615) 252-2340
Facsimile: (615) 248-3030
bepling@bradley.com

COUNSEL FOR SPECTRA ENERGY OPERATING
COMPANY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of February, 2019, the foregoing pleading was
served via United States Mail, postage prepaid, on the following:

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822

J. Kevin West
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215

Candace Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504

/s/ Brian R. Epling

Brian R. Epling

2



**Kentucky Bar Association**
514 West Main Street
Frankfort, KY 40601 -1812
(502) 564-3795



# Invoice

| Date | Invoice # |
|---|---|
| 7/27/2018 | 200035025 |

| Bill To | Recipient Information |
|---|---|
| Lela Hollabaugh<br>1007 Mt. Hebron Ln<br>Franklin, TN 37064<br>United States | Lela Hollabaugh<br>1600 Divsion St<br>Nashville, TN 37203<br>United States |

| Terms | Due Date |
|---|---|
| Due on receipt | 7/27/2018 |

| Date | Qty | Description | Price | Totals |
|---|---|---|---|---|
| 7/27/2018 | 1 | Pro Hac Fee (Amount includes a 3.50% Administrative Processing Fee) | $320.85 | $320.85 |
| | | | **Sub-Total** | $320.85 |
| | | | **Total** | $320.85 |

## Payments/Refunds

| Date | Qty | Description | Price | Totals |
|---|---|---|---|---|
| 7/27/2018 | 1 | Payment via Credit Card (using card xxxxxxxxxxxx9243)<br>*Applied to invoice on 7/27/2018 4:43:38 PM* | ($320.85) | ($320.85) |
| | | **Total Payments/Refunds** | | ($320.85) |
| | | **Balance Due** | | $0.00 |

**Comments:**
The Kentucky Bar Association certifies that Lela Hollabaugh has paid the per-case fee of $310.00 on July 27, 2018 for the Floyd County Circuit Court Case #18-CI-459 as required in SCR 3.030(2).
Pro hac vice #PH15753877

Filed          18-CI-00459      02/21/2019          Douglas R. Hall, Floyd Circuit Clerk ORIGINAL DOCUMENT
                                                                              09/23/2019 11:20:15 AM
                                                                              85355-13

# COMMONWEALTH OF KENTUCKY
## FLOYD COUNTY COURT

| | | |
|---|---|---|
| **LISA ALLEN and ANTHONY ALLEN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.: 18-CI-459** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EQUITRANS, LIMITED and** | ) | |
| **SPECTRA ENERGY OPERATING** | ) | |
| **COMPANY, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF LELA M. HOLLABAUGH

The undersigned, being duly sworn, hereby deposes and states as follows:

1.      All statements contained in this Affidavit are true and correct and made on the basis of my personal knowledge unless otherwise stated.

2.      I am a member in good standing in the Tennessee State Bar.

3.      I hereby consent to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct.

FURTHER, AFFIANT SAYETH NOT.

_____
LELA M. HOLLABAUGH

EXHIBIT B

STATE OF TENNESSEE    )
                       :

DAVIDSON COUNTY    )

     I, the undersigned authority, in and for said County in said State, hereby certify that Lela M. Hollabaugh, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day, that, being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

Sworn to and subscribed before me _15th_ day of February, 2019.

_Mittie Jean Compton_
NOTARY PUBLIC
MY COMMISSION EXPIRES: _5-6-2019_

[NOTARIAL SEAL]

Tendered          18-CI-00459     02/21/2019          Douglas R. Hall, Floyd Circuit Clerk ORIGINAL DOCUMENT
09/23/2019 11:20:55 AM
85355-13

# COMMONWEALTH OF KENTUCKY
# FLOYD COUNTY COURT

| | |
|---|---|
| **LISA ALLEN and ANTHONY ALLEN** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION NO.: 18-CI-459** |
| **v.** ) | |
| ) | |
| **EQUITRANS, LIMITED and** ) | |
| **SPECTRA ENERGY OPERATING** ) | |
| **COMPANY, LLC** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

It appears to the Court that Plaintiff's motion for the admission of Lela M. Hollabaugh to practice in this particular case is well supported.  Therefore, it is hereby ORDERED that Lela M. Hollabaugh is ADMITTED as counsel *pro hac vice* on behalf of Defendant Spectra Energy Operating Company, LLC, for the duration of this action.

This the _____ day of _____, 2019.

_____
CIRCUIT COURT JUDGE

DISTRIBUTION:

ALL COUNSEL OF RECORD

EXHIBIT C

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 18-CI-459

LISA AND ANTHONY ALLEN,                                          Plaintiffs,

v.

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,                      Defendants.

## NOTICE OF SERVICE

Please take notice that the Defendant Equitrans Limited, by counsel, served "Equitrans,

Limited's First Set of Interrogatories, Requests for Production of Documents, and Requests for

Admission to Plaintiffs" upon all counsel of record.

Respectfully submitted this 21st day of March, 2019.


/s/ Candace B. Smith
J. Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 221-5100
Fax:  (614) 221-0952
kevin.west@steptoe-johnson.com

Candace B. Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Rd., Suite 300
Lexington, KY  40504
Telephone:  859-219-8212
candace.smith@steptoe-johnson.com

*Counsel for Defendant*
*Equitrans Limited*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing pleading was served this 21st day of

March, 2019, via the Court's electronic filing system and U.S. Mail, postage prepaid, to:

Adam P. Collins                          Brian R. Epling
Patrick Conley                           Bradley, Arant, Boult, Cummings, LLP
Collins, Collins & Conley, PSC           1600 Division Street
PO Box 727                               Suite 700
Hindman, KY  41822                       Nashville, TN  37203
*Counsel for Plaintiffs*                 *Counsel for Defendant Spectra Energy
                                         Operating Company, LLC*


                    */s/ Candace B. Smith*
                    Candace B. Smith

8366431

## COMMONWEALTH OF KENTUCKY
## FLOYD CIRCUIT COURT
## DIVISION II
## CIVIL ACTION NO. 18-CI-459

LISA AND ANTHONY ALLEN,                                    **Plaintiffs,**

**v.**

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,                 **Defendants.**

### MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Comes now Defendant Equitrans, Limited ("Equitrans"), by counsel and pursuant to Rule 14.01 of the Kentucky Rules of Civil Procedure, respectfully moves the Court for an Order granting leave to serve a third-party complaint on Spectra Energy Partners, LP; Big Sandy Pipeline, LLC; and Enbridge, Inc.; who are or may be liable to Equitrans for all or part of the Plaintiffs' claim against Equitrans. This Motion is based on the attached Memorandum and proposed Third-Party Complaint.  A copy of the proposed Third-Party Complaint is attached hereto as "Exhibit A." A proposed Order granting this motion is attached hereto.

### NOTICE

**Please take Notice that this matter will come before the Court for hearing at the Floyd County Justice Center, 127 S. Lake Drive, Prestonsburg, KY 41653, on Friday, April 12, 2019 at 9:00 a.m. EST, or as soon thereafter as counsel may be heard.**

**EQUITRANS LIMITED,**

**By counsel,**

*/s/ Candace B. Smith*

John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, I served the foregoing *"Motion for Leave to File Third-Party Complaint"* via the Court's electronic filing system and U.S. Mail, postage prepaid, to:

Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Hon. Brian R. Epling
Hon. Lela M. Hollabaugh
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating Company, LLC*

/s/ Candace Smith
Candace B. Smith

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 18-CI-459

LISA AND ANTHONY ALLEN,                                    **Plaintiffs,**

**v.**

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,                 **Defendants.**

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Equitrans, Limited ("Equitrans"), by counsel, submits the following memorandum in support of its motion for leave to file a third-party complaint against Spectra Energy Partners, LP; Big Sandy Pipeline, LLC; and Enbridge, Inc. pursuant to Rule 14.01 of the Kentucky Rules of Civil Procedure. A copy of Equitrans' proposed Third-Party Complaint is attached hereto as "Exhibit A."

### PROCEDURAL BACKGROUND

On July 11, 2018, the plaintiffs filed suit against defendants Equitrans and Spectra Energy Operating Company, LLC ("Spectra Energy") alleging that the defendants "constructed, maintained, repaired and/or operated a natural gas pipeline" that damaged the plaintiffs' property. (Complaint, ¶¶ 5, 6 and 7). The plaintiffs did not specify when the supposed wrongful conduct occurred or when the purported damage arose.

In August 2018, the defendants answered the Complaint. At that time, Equitrans also filed a cross-claim against defendant Spectra Energy. In answering Equitrans' cross-claim, Spectra Energy admitted that Spectra Energy Partners, LP was "transferred...all of [Equitrans'] right, title and interest to the natural gas pipeline which is the subject of Plaintiffs' complaint,

subject however to the terms and conditions contained in the conveyancing agreements." (Answer to Cross-claim, ¶ 2).

On August 6, 2018, Spectra Energy removed this matter to the United States District Court for the Eastern District of Kentucky.  (*See* Notice of Filing Notice of Removal).   On September 5, 2018, the District Court entered a scheduling order requiring that motions to join additional parties be filed on or before December 3, 2018.  (Case no. 7:18-cv-00083-GFVT-EBA at ECF 16).  On December 3, 2018, Equitrans timely filed a Motion for Leave to File a Third-Party Complaint seeking to bring a claim against Spectra Energy Partners, LP and Big Sandy Pipeline, LLC.  (Case no. 7:18-cv-00083-GFVT-EBA at ECF 23).  Before ruling on the merits of Equitrans' motion, the District Court remanded the case to this Court for lack of subject matter jurisdiction and denied Equitrans' motion as moot.  (Case no. 7:18-cv-00083-GFVT-EBA at ECF 29).

## FACTS

On May 11, 2011, Equitrans and Spectra Energy Partners, LP, executed a "Purchase and Sale Agreement" in which Spectra Energy Partners, LP bought Big Sandy Pipeline, LLC, a company which possessed certain pipeline assets, including the natural gas pipeline referenced in the plaintiffs' Complaint  ("the subject pipeline"). Pursuant to the May 2011 "Purchase and Sale Agreement," Equitrans sold, transferred, assigned and conveyed the membership interests of Big Sandy Pipeline, LLC to Spectra Energy Partners, LP.  (Sale Agreement, Section 1.1).

In December 2010, Big Sandy Pipeline, LLC and Equitrans signed a "Contribution Agreement," that conveyed to Big Sandy Pipeline, LLC certain assets including the natural gas pipeline at issue in this case. Pursuant to the "Contribution Agreement," Big Sandy Pipeline, LLC assumed all liabilities and obligations arising out of any claim, litigation or proceeding

2

related to the natural gas pipeline at issue in this case (the "Transferred Asset Liabilities"). Pursuant to the "Contribution Agreement," Big Sandy Pipeline, LLC, the company that was subsequently purchased by Spectra Energy Partners, LP, assumed and agreed to "duly and timely pay, perform and discharge all of the Transferred Asset Liabilities, to the full extent that Equitrans had been…or would have been in the future, obligated to pay, perform and discharge the Transferred Asset Liabilities." (Contribution Agreement, Section 5.1). The Contribution Agreement further stated that Big Sandy Pipeline, LLC agreed that "it shall indemnify, defend and hold harmless [Equitrans]…and [its] successors and assigns from, against and in respect of any and all liability, damages, claims, losses, charges, actions, causes of action, suits, demands, proceedings…and reasonable costs and expenses arising out of…Big Sandy's failure to pay, perform and discharge promptly and fully when due the Transferred Asset Liabilities." (Contribution Agreement, Section 5.2). The Contribution Agreement provided that it "shall be binding upon" the "successors and assigns" of Big Sandy Pipeline, LLC. (Contribution Agreement, Section 8.2).

As part of the Equitrans-Big Sandy Pipeline, LLC transaction, on June 1, 2011, Big Sandy Pipeline, LLC endorsed a "General Conveyance, Assignment and Bill of Sale" that said Big Sandy Pipeline, LLC "assumes and agrees to duly and timely pay, perform and discharge, and indemnify and hold harmless [Equitrans] from and against, the Transferred Asset Liabilities, whether such Transferred Asset Liability arose or relates to periods prior to, on or after the date hereof." (Bill of Sale, Article III). Also as part of the Equitrans-Big Sandy Pipeline, LLC transaction, Big Sandy Pipeline, LLC signed an "Operation and Management Services Agreement" in which Big Sandy Pipeline, LLC agreed to "release, defend, indemnify, and hold [Equitrans] harmless from and against any and all liabilities arising from or related to

3

performance of this agreement by either party even if such claims are based upon the negligent (whether joint, concurrent, active or passive) of [Equitrans]...except to the extent the liability results from the gross negligence or willful misconduct of [Equitrans]..." (Services Agreement, Section 6.3(b)).

An "Amended and Restated Operation and Management Services Agreement" was entered into after Spectra Energy Partners, LP "purchased all membership interests of" Big Sandy Pipeline, LLC, with that agreement saying that "in no event shall [Equitrans] be liable for...any loss or damage resulting from any defects caused by faulty design, engineering or construction, or the condition of the [facilities, pipelines or rights-of-way] as of the date hereof." (Amended Services Agreement, Section 4.1). The Amended Services Agreement provided that Big Sandy Pipeline, LLC "agrees to indemnify and hold [Equitrans] harmless from and against all liabilities, loss, costs, actions, claims, fines, demands, and...expenses...to the extent arising from a third party claim...except to the extent any such claims arise from [Equitrans'] gross negligence or willful misconduct..." (Amended Services Agreement, Section 4.2(c)).[1]

On December 17, 2018, Spectra Energy Partners, LP and Enbridge, Inc. ("Enbridge") announced that the two companies had merged, pursuant to an Agreement and Plan of Merger dated August 24, 2018. (*See* Spectra Energy Partners, LP Press Release, attached as "Exhibit B."). As a result of the merger, Enbridge, through a wholly owned subsidiary, acquired all of the outstanding public common units of Spectra Energy Partners, LP, and Spectra Energy Partners, LP became an indirect, wholly owned subsidiary of Enbridge. *Id.* Upon information and belief, Enbridge may now own the subject pipeline and may be contractually responsible for Spectra Energy Partners, LP's liabilities as a result of the merger.

---

[1] The documents referred to herein are confidential and the referenced portions will be provided to opposing counsel.

4

## ARGUMENT

Spectra Energy Partners, LP; Big Sandy Pipeline, LLC; and Enbridge are contractually obligated to defend and indemnify Equitrans to the extent any of the plaintiffs' claims in this case arise from conduct that occurred before Equitrans transferred its right, title, and interest concerning the subject pipeline to Spectra Energy Partners, LP. Spectra Energy Partners, LP; Big Sandy Pipeline, LLC; and Enbridge are also contractually obligated to defend and indemnify Equitrans to the extent any of the plaintiffs' claims in this case arise from conduct that occurred after Equitrans transferred its right, title, and interest concerning the subject pipeline to Spectra Energy Partners, LP.

In addition to contractual indemnity, Equitrans is entitled to equitable or common law indemnification from Spectra Energy Partners, LP; Big Sandy Pipeline, LLC; and Enbridge for all of the plaintiffs' claims in this case that arise from conduct that occurred either before or after Equitrans transferred its right, title, and interest concerning the subject pipeline to Spectra Energy Partners, LP. Kentucky recognizes a common-law right to complete indemnity from a co-defendant in certain circumstances. *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165, 168 (Ky. 1949). Where one party creates a hazard, and another party is exposed to liability to an injured person due to its failure to remedy the hazard, "the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained." *Id.* at 167. This common-law right to complete indemnity is based on principles of equity. *Id.* at 168. Thus, it is distinct from statutory provisions permitting contribution among joint tortfeasors. *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). A defendant may assert a claim for indemnity as a cross-claim against a co-defendant in the same action as the claim against it. *Lexington Country Club v. Stevenson*, 390 S.W.2d 137, 144 (Ky. App. 1965).

5

A defendant in a negligence claim is entitled to indemnity against a co-defendant if the injury was caused by negligent maintenance of property owned by the co-defendant. *Middlesboro Home Telephone Co. v. Louisville & N.R. Co.*, 284 S.W. 104 (Ky. 1926). In *Middlesboro*, a railroad company employee was injured by a sagging telephone line while riding on top of a freight car. *Id.* at 105. The employee brought an action against the railroad company, and was awarded a judgment against the railroad company. *Id.* The railroad company subsequently brought an action against the telephone company to recover the amount of the judgment against it plus costs. *Id.* The trial court awarded judgment to the railroad company, and the Court of Appeals affirmed. *Id.* at 105-08. In support of its decision, Kentucky's highest court emphasized that the telephone cable was the property of the telephone company, which was "charged with the duty of keeping them in repair . . . ." *Id.* at 106-07. The railroad company owned no interest in the telephone cable and "was not charged with the duty of keeping them in repair . . . ." *Id.* Thus, the telephone company was "liable without limit for all injuries that might result from its negligent failure to [keep the line in repair]." *Id.*

After conveying the easement across Plaintiffs' property to Spectra Energy Partners, LP, Equitrans owned no interest in the easement. As the owner of the easement, Spectra Energy Partners, LP is charged with the sole duty of maintaining and repairing the pipeline. Since Spectra Energy Partners, LP (and/or its successor-in-interest) is now solely responsible for the maintenance and repair of the pipeline, it is liable for any damages proximately resulting from any failure to do so. Therefore, to the extent that there was any negligence, Equitrans is entitled to complete indemnity from Spectra Energy Partners, LP and Big Sandy Pipeline, LLC, who were the "primarily negligent" parties. Moreover, upon information and belief, as a result of the

6

December 2018 merger, Enbridge may now be contractually responsible for Spectra Energy Partners, LP's liabilities, including liabilities in this action.

Beyond indemnification, Equitrans is entitled to apportionment and contribution from Spectra Energy Partners, LP; Big Sandy Pipeline, LLC; and Enbridge for their negligent or otherwise wrongful conduct that resulted in damage, if any, to the plaintiffs. *See* Ky. Rev. Stat. Ann. § 411.182 (West 2019); 42 PA. STAT. AND CONS. STAT. ANN. §§ 7102, 8324 (West 2019); and/or N.Y. CPLR § 1401 (McKinney 2019).

Rule 14.01 of the Kentucky Rules of Civil Procedure states that a "defendant may move for leave as a third-party plaintiff to assert a claim against a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Ky. R. Civ. P. 14.01.   When ruling on such a motion, trial courts should consider "whether permitting the impleading of other parties would avoid circuity of action and facilitate the settlement of related claims in one lawsuit as far as practicable without unduly complicating the case to the prejudice of a party." *Jackson & Church Div., York-Shipley, Inc. v. Miller*, 414 S.W.2d 893, 895 (Ky. 1967). "[T]he trial court should permit the impleading of other parties in such a situation unless it concludes that doing so would so complicate the lawsuit that it would tend to prejudice the rights of any of the litigants." *Id.*; *accord*, Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1443 (3d ed.) ("[A] timely application for impleader should be granted except when it will delay or disadvantage the existing action or the third-party claim obviously lacks merit.").

Here, this Court has not yet entered a scheduling order. As there is no scheduling order in this case, Equitrans' request for leave to name Spectra Energy Partners, LP; Big Sandy Pipeline, LLC; and Enbridge as third-party defendants in this case is timely.   Moreover, Equitrans has outlined the merits of its proposed claim against Spectra Energy Partners, LP; Big Sandy

Pipeline, LLC; and Enbridge.  It is in the interest of judicial efficiency to grant Equitrans' motion because it will allow the related claims to be resolved in one lawsuit. Lastly, granting Equitrans' motion will neither prejudice the other parties nor unduly complicate the trial.

WHEREFORE, defendant Equitrans, Limited respectfully requests that the Court grant its Motion for Leave to File Third-Party Complaint.

**EQUITRANS LIMITED,**

**By counsel,**

*/s/ Candace B. Smith*

John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, I served the foregoing *"Memorandum in Support of Motion for Leave to File Third-Party Complaint"* via the Court's electronic filing system and U.S. Mail, postage prepaid, to:

Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Hon. Brian R. Epling
Hon. Lela M. Hollabaugh
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating Company, LLC*

*/s/ Candace Smith*
Candace Smith (95710)

9

Filed        18-CI-00459     04/01/2019        Douglas R. Hall, Floyd Circuit Clerk

# EXHIBIT A

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 18-CI-459

LISA ALLEN and
ANTHONY ALLEN,                                                  PLAINTIFFS,

v.

SPECTRA ENERGY OPERATING
COMPANY, LLC, and                                              DEFENDANT

EQUITRANS LIMITED,                                          DEFENDANT/
                                                        THIRD-PARTY PLAINTIFF

AND

EQUITRANS LIMITED,                                          DEFENDANT/
                                                        THIRD-PARTY PLAINTIFF

v.

SPECTRA ENERGY PARTNERS, LP,
Serve to:    Spectra Energy Partners, LP
             Attn: Gregory J. Rizzo
             5400 Westheimer Court
             Houston, Texas 77056

        **VIA SECRETARY OF STATE**

BIG SANDY PIPELINE, LLC, and
Serve to:    CT Corporation System
             306 West Main Street, Suite 512
             Frankfort, KY 40601

        **VIA CERTIFIED MAIL**

ENBRIDGE, INC.                              THIRD-PARTY DEFENDANTS.

        **THIRD-PARTY COMPLAINT**

    Comes now the Defendant/Third-Party Plaintiff Equitrans, Limited ("Equitrans") and for

its Third-Party Complaint against Spectra Energy Partners, LP ("SEP"); Big Sandy Pipeline,

LLC ("Big Sandy"); and Enbridge, Inc. ("Enbridge") (collectively "Third-Party Defendants"),
alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Defendant/Third-Party Plaintiff Equitrans is a foreign limited partnership
registered to do business in the Commonwealth of Kentucky.

2.      Plaintiffs Lisa Allen and Anthony Allen ("Plaintiffs") are residents of the
Commonwealth of Kentucky and own real property located in Floyd County, Kentucky.

3.      Defendant Spectra Energy Operating Company, LLC is a foreign limited liability
company registered to do business in the Commonwealth of Kentucky.

4.      Third-Party Defendant, Spectra Energy Partners, LP, is a foreign limited
partnership conducting business in the Commonwealth of Kentucky. Spectra Energy Partners,
LP should be served via the Kentucky Secretary of State to: Spectra Energy Partners, LP, Attn:
Gregory J. Rizzo, 5400 Westheimer Court, Houston, TX 77056.

5.      Third-Party Defendant, Big Sandy Pipeline, LLC, is a foreign limited liability
company registered to do business in the Commonwealth of Kentucky. Big Sandy Pipeline, LLC
should be served via certified mail to its authorized agent for service of process: CT Corporation
System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

6.      Third-Party Defendant, Enbridge, Inc., is a foreign corporation incorporated under
the laws of Canada with its principal place of business in Calgary, Alberta, Canada, and owns
property and conducts business in Kentucky.

7.      The real property which is the subject of this litigation is located in Floyd County,
Kentucky.

8.    Third-Party Defendants own property and/or conduct business in Floyd County, Kentucky, including business related to the pipeline and real property at issue in this litigation. A substantial part of the events and cause of action giving rise to this case occurred in Floyd County, Kentucky.

9.    The Plaintiffs filed this action seeking damages in excess of the minimal jurisdictional limits of this Court.

10.    Jurisdiction and Venue are proper in this Court under Ky. Rev. Stat. Ann. § 454.210 (West 2019).

## STATEMENT OF FACTS

11.    Equitrans adopts and incorporates by reference Paragraphs 1 through 11 of the Third-Party Complaint as if fully stated herein.

12.    In December 2010, Equitrans conveyed to Big Sandy a natural gas pipeline, and plaintiffs Lisa Allen and Anthony Allen contend that particular pipeline caused damage to their property in Floyd County, Kentucky.

13.    Pursuant to a "Contribution Agreement" entered into between Big Sandy and Equitrans in December 2010, Big Sandy assumed all liabilities and obligations arising out of any claim, litigation, or proceeding related to the natural gas pipeline at issue in this case (the "Transferred Asset Liabilities").

14.    Pursuant to the "Contribution Agreement," Big Sandy agreed to "duly and timely pay, perform and discharge all of the Transferred Asset Liabilities, to the full extent that Equitrans had been…or would have been in the future, obligated to pay, perform and discharge the Transferred Asset Liabilities." (Contribution Agreement, Section 5.1).

15.    The "Contribution Agreement" further stated that Big Sandy agreed that "it shall indemnify, defend and hold harmless [Equitrans]…and [its] successors and assigns from, against and in respect of any and all liability, damages, claims, losses, charges, actions, causes of action, suits, demands, proceedings…and reasonable costs and expenses arising out of…Big Sandy's failure to pay, perform and discharge promptly and fully when due the Transferred Asset Liabilities." (Contribution Agreement, Section 5.2).

16.    The "Contribution Agreement" entered into between Big Sandy and Equitrans provided that the agreement "shall be binding upon" the "successors and assigns" of Big Sandy. (Contribution Agreement, Section 8.2).

17.    On May 11, 2011, Equitrans and SEP, executed a "Purchase and Sale Agreement" in which SEP bought Big Sandy, the company which owned the natural gas pipeline referenced in the Plaintiffs' Complaint.

18.    Pursuant to the May 2011 "Purchase and Sale Agreement," Equitrans sold, transferred, assigned, and conveyed the membership interests of Big Sandy to SEP.  (Sale Agreement, Section 1.1).

19.    On June 1, 2011, Big Sandy endorsed a "General Conveyance, Assignment and Bill of Sale" that said Big Sandy "assumes and agrees to duly and timely pay, perform and discharge, and indemnify and hold harmless [Equitrans] from and against, the Transferred Asset Liabilities, whether such Transferred Asset Liability arose or relates to periods prior to, on or after" June 2011.  (Bill of Sale, Article III).

20.    Big Sandy signed an "Operation and Management Services Agreement" in which Big Sandy agreed to "release, defend, indemnify, and hold [Equitrans] harmless from and against any and all liabilities arising from or related to performance of this agreement by either party

4

Filed        18-CI-00459     04/01/2019        Douglas R. Hall, Floyd Circuit Clerk

even if such claims are based upon the negligent (whether joint, concurrent, active or passive) of [Equitrans]…except to the extent the liability results from the gross negligence or willful misconduct of [Equitrans]…" (Services Agreement, Section 6.3(b)).

21.    An "Amended and Restated Operation and Management Services Agreement" was entered into after SEP "purchased all membership interests of" Big Sandy, with that agreement saying that "in no event shall [Equitrans] be liable for…any loss or damage resulting from any defects caused by faulty design, engineering or construction, or the condition of the [facilities, pipelines, or rights-of-way] as of the date hereof." (Amended Services Agreement, Section 4.1).

22.    Like the initial Services Agreement, the Amended Services Agreement provided that Big Sandy "agrees to indemnify and hold [Equitrans] harmless from and against all liabilities, loss, costs, actions, claims, fines, demands, and…expenses…to the extent arising from a third party claim…except to the extent any such claims arise from [Equitrans'] gross negligence or willful misconduct…" (Amended Services Agreement, Section 4.2(c)).

23.    Both before Big Sandy was owned by SEP and thereafter, Big Sandy possessed and controlled the natural gas pipeline at issue in this case.

24.    On December 17, 2018, SEP and Enbridge announced that the two companies had merged, pursuant to an Agreement and Plan of Merger dated August 24, 2018.

25.    As a result of the merger, Enbridge, through a wholly owned subsidiary, acquired all of the outstanding public common units of SEP, and SEP became an indirect, wholly owned subsidiary of Enbridge.

26.    Upon information and belief, Enbridge may now own the pipeline at issue in this litigation and may be contractually responsible for SEP's liabilities as a result of the merger.

Filed  8335020        18-CI-00459     04/01/2019        Douglas R. Hall, Floyd Circuit Clerk

27.     On July 11, 2018, Plaintiffs filed a complaint alleging that Equitrans and Spectra Energy Operating Company, LLC damaged their property as a result of a natural gas pipeline. (*See* Plaintiffs' Complaint, attached hereto as "Exhibit 1").

28.     Plaintiffs have asserted that Equitrans and Spectra Energy Operating Company, LLC have "negligently and/or grossly negligently caused damage to the Plaintiffs' property by virtue of their construction, maintenance, operation and repair of the pipeline in near proximity to the Plaintiffs' property." (Compl. ¶ 6).

29.     Equitrans denies that it acted wrongfully and Equitrans further denies that it caused or contributed to the damages being claimed by Plaintiffs.

30.     To the extent Plaintiffs' damage is real and compensable, the Third-Party Defendants caused the damage, if any, to Plaintiffs' property.

31.     To the extent that Equitrans may be found liable to Plaintiffs for the claims in their Complaint, Equitrans is entitled to indemnity, contribution and apportionment of fault against the Third-Party Defendants.

32.     The Third-Party Defendants' presence is necessary in order to apportion comparative fault and liability among each of the potentially responsible parties.

33.     The documents referred to herein are confidential and the referenced portions will be provided to opposing counsel.

## COUNT I—CONTRACTUAL INDEMNITY

34.     Equitrans adopts and incorporates by reference Paragraphs 1 through 33 of the Third-Party Complaint as if fully stated herein.

35.     Agreements between Equitrans and the Third-Party Defendants address, concern and apply to the natural gas pipeline at issue in Plaintiffs' Complaint.

6

36. Agreements between Equitrans and the Third-Party Defendants state that the Third-Party Defendants will indemnify Equitrans and hold Equitrans harmless from claims or liabilities relating to the pipeline at issue in this case.

37. If Equitrans is liable to Plaintiffs under any theory of recovery, Equitrans asserts that the Third-Party Defendants have agreed to indemnify Equitrans for any such liability.

38. If Plaintiffs sustained damages as claimed in their Complaint as a result of the conduct alleged in their Complaint, then such damage is the contractual responsibility of the Third-Party Defendants.

39. Accordingly, if Equitrans is held liable for any part of the damage claim asserted in this case, Equitrans is entitled to be indemnified by the Third-Party Defendants.

## COUNT II – COMMON LAW INDEMNITY

40. Equitrans adopts and incorporates by reference Paragraphs 1 through 39 of the Third-Party Complaint, as if fully stated herein.

41. Equitrans denies any negligence, wrongdoing, or fault for Plaintiffs' alleged damages; however, to the extent Equitrans is found liable to Plaintiffs under any theory of recovery, Equitrans asserts that its liability, if any, is passive and derivative only and that the liability of the Third-Party Defendants is active and primary.

42. If Plaintiffs sustained damages as claimed in their Complaint, then such damages were the direct and proximate result of the superseding and/or intervening, primary or active conduct of the Third-Party Defendants.

43. The acts or omissions of the Third-Party Defendants were the primary and efficient cause of all damages, if any, suffered by Plaintiffs.

44.     Accordingly, if Equitrans is held liable for any part of the damage claim asserted in this case, Equitrans is entitled to be indemnified by the Third-Party Defendants.

## COUNT III—APPORTIONMENT AND CONTRIBUTION

45.     Equitrans adopts and incorporates by reference Paragraphs 1 through 44 of the Third-Party Complaint, as if fully stated herein.

46.     If Plaintiffs sustained damages as claimed, then such damages were the direct and proximate result of the superseding and/or intervening, primary, or active conduct of the Third-Party Defendants.

47.     If, however, a judgment is entered in favor of Plaintiffs against Equitrans and a determination is made that Equitrans is not entitled to indemnity, then, in the alternative, Equitrans is entitled to contribution and apportionment against the Third-Party Defendants for any judgment that may be awarded.

48.     Equitrans is entitled to have the fact finder at trial apportion fault, if any, to the Third-Party Defendants in accordance with KRS § 411.182 (West 2019).

49.     Alternatively, Equitrans is entitled to have the fact finder at trial apportion fault, if any, to the Third-Party Defendants in accordance with 42 PA. STAT. AND CONS. STAT. ANN. §§ 7102, 8324 (West 2019), and/or N.Y. CPLR § 1401 (McKinney 2019).

WHEREFORE, Defendant/Third-Party Plaintiff Equitrans, Limited, respectfully demands the following relief:

1.     That Plaintiffs' Complaint be dismissed and held for naught;

2.     Contractual indemnification from the Third-Party Defendants;

3.     Common law indemnification from the Third-Party Defendants;

8

Filed          18-CI-00459    04/01/2019          Douglas R. Hall, Floyd Circuit Clerk

4.      Contribution and apportionment of fault pursuant to KRS § 411.182; 42 PA. STAT. AND CONS. STAT. ANN. §§ 7102, 8324; and/or N.Y. CPLR § 1401 (McKinney 2019);

5.      Trial by jury on all issues so triable;

6.      Post-judgment interest;

7.      Costs and attorneys' fees herein expended; and

8.      Any and all other relief to which it may appear entitled.

<div style="text-align:center">

**EQUITRANS LIMITED,**
**By counsel,**

</div>

*/s/ John Kevin West*
John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

Filed  8335020        18-CI-00459    04/01/2019        Douglas R. Hall, Floyd Circuit Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, the foregoing *"Third-Party Complaint"* was filed via the Court's electronic filing system and a copy was served via U.S. Mail, postage prepaid upon the following:

| | |
|---|---|
| Hon. Adam Collins | Hon. Brian R. Epling |
| Hon. Patrick Conley | Lela M. Hollabaugh |
| Collins, Collins and Conley, P.S.C. | Bradley Arant Boult Cummings LLP |
| P. O. Box 727 | 1600 Division Street |
| Hindman, KY 41822 | Suite 700 |
| *Counsel for Plaintiffs* | Nashville, TN 37203 |
| | *Counsel for Spectra Energy Operating Company, LLC* |

*/s/ Candace Smith*
Candace Smith (95710)

10

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO.: 18-CI-459

LISA AND ANTHONY ALLEN                                    PLAINTIFFS

VS.

EQUITRANS, LIMITED
        SERVE:        CT Corporation System
                      306 West Main Street
                      Suite 512
                      Frankfort, Kentucky 40601
                      CERTIFIED MAIL

NO. 18-CI-459 DV II.
FILED 11 DAY OF July 20 18
SUMMONS AND_____ COPIES ISSUED
FLOYD CIRCUIT & DISTRICT COURT
BY_____ BH _____D.C.

AND

SPECTRA ENERGY OPERATING COMPANY, LLC                     DEFENDANTS

        SERVE:        CT Corporation System
                      306 West Main Street
                      Suite 512
                      Frankfort, Kentucky 40601
                      CERTIFIED MAIL

## COMPLAINT

Comes the Plaintiffs, Lisa and Anthony Allen, by and through counsel, and for their

Complaint against the Defendants, and states as follows:

1)      That the Plaintiffs are residents of the Commonwealth of Kentucky;

2)      That the Defendant, Equitrans, Limited is a foreign limited liability partnership

        conducting business within the Commonwealth of Kentucky;

3)      That the Defendant, Spectra Energy Operating Company, LLC is a foreign limited

        liability company conducting business within the Commonwealth of Kentucky;

Exhibit 1

4)   That the Plaintiffs are the owners of a certain tract of real property located in Floyd County, Kentucky that is the subject matter of this litigation;

5)   That the Defendants have constructed, maintained, repaired and/or operated a natural gas pipeline in close proximity to the Plaintiffs' property in question;

6)   That Defendants, their agents, servants and employees have negligently and/or grossly negligently caused damage to the Plaintiffs' property by virtue of their construction, maintenance, operation and repair of the pipeline in near proximity to the Plaintiffs' property;

7)   That as a sole and proximate result of the Defendants' acts and failure to acts as more specifically set forth above, the Plaintiffs have been forced to endure damage to their property, a diminution in the market value of their property, and a loss of use and enjoyment of their property;

8)   That the Defendants have been placed upon notice of the damage being done to the Plaintiffs' property and the Defendant has utterly disregarded this notice;

9)   That the Defendants' acts as complained of herein, are grossly negligent thereby entitling the Plaintiffs to recover punitive damages; and

10)  That the Plaintiffs' damages are well in excess of the jurisdictional limits of this Honorable Court.

WHEREFORE, the Plaintiffs, Lisa and Anthony Allen, respectfully demand the following:

1).   Trial by jury as to all claims;

2).   Compensatory damages for the diminution in market value to the Plaintiffs'
      property, damage done to the Plaintiffs' property, and for the loss and use of
      enjoyment of their property and land;

3).   Punitive damages for the Defendants' grossly negligent conduct;

4).   Pre and Post Judgment Interest;

5).   Costs and attorney fees expended herein; and

6).   To all other relief that the Plaintiffs may be entitled in law or equity.

Respectfully submitted,

ADAM P. COLLINS, ESQ.
COLLINS, COLLINS, & CONLEY, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822
PHONE: (606) 785-5048
FAX: (606) 785-3021

Filed          18-CI-00459     04/01/2019          Douglas R. Hall, Floyd Circuit Clerk

# EXHIBIT B

**Filed**          18-CI-00459     04/01/2019          **Douglas R. Hall, Floyd Circuit Clerk**



# Press Releases

## Enbridge Inc. and Spectra Energy Partners, LP Complete Merger

CALGARY and HOUSTON, Dec. 17, 2018 /CNW/ - Enbridge Inc. (TSX: ENB) (NYSE: ENB) (Enbridge), on behalf of itself and certain of its wholly owned U.S. subsidiaries, and Spectra Energy Partners, LP (NYSE: SEP) (SEP) today announced that they have completed the previously announced merger (the Merger) pursuant to an Agreement and Plan of Merger dated as of August 24, 2018 (the Merger Agreement). The Merger resulted in Enbridge (through a wholly owned subsidiary) acquiring all of the outstanding public common units of SEP and SEP becoming an indirect, wholly owned subsidiary of Enbridge.

Effective today, SEP unitholders of record as of the close of business on November 5, 2018 (other than Enbridge and its subsidiaries) are entitled to receive from Enbridge pursuant to the Merger Agreement, for each SEP common unit held, 1.111 common shares of Enbridge.

Also effective today, the SEP common units will be suspended from trading on, and delisted from, the New York Stock Exchange (NYSE). Common shares of Enbridge will continue to trade on both the NYSE and the Toronto Stock Exchange under the symbol "ENB".

### Forward Looking Statements

*Certain information provided in this news release constitutes forward-looking statements. The words "anticipate", "expect", "project" and similar words and expressions are intended to identify such forward-looking statements. All statements other than statements of historical fact may constitute forward-looking statements Forward-looking information or statements included or incorporated by reference in this document include, but are not limited to, statements with respect to the suspension of the SEP common units from trading on, and delisting from, the NYSE. Although Enbridge and SEP believe these statements are based on information and assumptions which are current, reasonable and complete, these statements are not guarantees of future performance and readers are cautioned against placing undue reliance on forward-looking statements. By their nature, these statements involve a variety of assumptions, risks and uncertainties which may cause actual results to differ from those expressed or implied by such statements. Material assumptions include assumptions about the satisfaction of all conditions to the suspension from trading and delisting of the SEP common units. While Enbridge and SEP make these forward-looking statements in good faith, should one or more of these risks or uncertainties materialize, or should underlying assumptions prove incorrect, actual*

**Filed**          18-CI-00459     04/01/2019          **Douglas R. Hall, Floyd Circuit Clerk**                1/3

2/19/2019                          Press Releases - Spectra Energy Partners

results may vary significantly from those expected. Except as may be required by applicable securities

laws, Enbridge and SEP assume no obligation to publicly update or revise any forward-looking statements made herein or otherwise, whether as a result of new information, future events or otherwise.

### About Enbridge Inc.

Enbridge Inc. is North America's premier energy infrastructure company with strategic business platforms that include an extensive network of crude oil, liquids and natural gas pipelines, regulated natural gas distribution utilities and renewable power generation. The Company safely delivers an average of 2.9 million barrels of crude oil each day through its Mainline and Express Pipeline; accounts for approximately 62% of U.S.-bound Canadian crude oil exports; and moves approximately 22% of all natural gas consumed in the U.S., serving key supply basins and demand markets. The Company's regulated utilities serve approximately 3.7 million retail customers in Ontario, Quebec, and New Brunswick. Enbridge also has interests in more than 1,700 MW of net renewable generating capacity in North America and Europe. The Company has ranked on the Global 100 Most Sustainable Corporations index for the past nine years; its common shares trade on the Toronto and New York stock exchanges under the symbol ENB.

Life takes energy and Enbridge exists to fuel people's quality of life. For more information, visit www.enbridge.com (http://www.enbridge.com/).

### About Spectra Energy Partners, LP

Spectra Energy Partners, LP is one of the largest pipeline master limited partnerships in the United States and connects growing supply areas to high-demand markets for natural gas and crude oil. These assets include approximately 16,000 miles of transmission pipelines, approximately 170 billion cubic feet of natural gas storage, and approximately 5.6 million barrels of crude oil storage. Information about Spectra Energy Partners, LP is available on its website at www.spectraenergypartners.com (http://www.spectraenergypartners.com/).

## FOR FURTHER INFORMATION PLEASE CONTACT:

### Media

Michael Barnes
Toll Free: (888) 992-0997
Email: media@enbridge.com (mailto:media@enbridge.com)

### Investment Community

Toll Free: (800) 481-2804
Email: investor.relations@enbridge.com (mailto:investor.relations@enbridge.com)

---

**ABOUT SPECTRA ENERGY PARTNERS**

Spectra Energy Partners, LP (NYSE: SEP), an Enbridge company, is a Houston-based master limited partnership.

**CONTACT US**

5400 Westheimer Court
Houston, TX 77056-5310
(713) 627-5400 (tel:+17135...

2/19/2019                                  Press Releases - Spectra Energy Partners

(715) 627-5400 (tel:+17158
275400)

**©2019 SPECTRA ENERGY PARTNERS**

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 18-CI-459

LISA AND ANTHONY ALLEN,                                          Plaintiffs,

v.

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,                       Defendants.


### ORDER GRANTING LEAVE TO FILE-THIRD PARTY COMPLAINT

Upon Defendant Equitrans, Limited's ("Equitrans") Motion for Leave to File Third-Party Complaint, and the Court having been otherwise sufficiently advised, it is hereby ORDERED that the Motion is GRANTED and that leave be and is given to Equitrans to make Spectra Energy Partners, LP; Big Sandy Pipeline, LLC; and Enbridge, Inc. parties to this action.

It is further ORDERED that Equitrans' Third-Party Complaint be deemed filed as of the date of entry of this Order.

The Clerk is directed to send a copy of this Order to all counsel of record herein.

Entered this _____ day of_____, 2019.

_____
Hon. Thomas M. Smith
Judge, Floyd Circuit Court

Prepared by:

*/s/ Candace Smith*
J. Kevin West (0091520)
Steptoe & Johnson PLLC
The Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio  43215
(614) 458-9889 (telephone)
(614) 221-0952 (facsimile)
kevin.west@steptoe-johnson.com

Candace B. Smith (95710)
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
(859) 219-8211 (telephone)
(859) 255-6903 (facsimile)
candace.smith@steptoe-johnson.com
*Counsel for Equitrans, Limited*

**Tendered**      18-CI-00459      04/01/2019      Douglas R. Hall, Floyd Circuit Clerk

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was mailed via first class mail on this the ____ day of _____, 2019 to all parties and counsel of record.

Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Hon. Brian R. Epling
Hon. Lela M. Hollabaugh
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating Company, LLC*

J. Kevin West
Steptoe & Johnson PLLC
The Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
*Counsel for Equitrans, Limited*

Candace B. Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
*Counsel for Equitrans, Limited*

_____
Floyd Circuit Clerk

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 18-CI-459

LISA AND ANTHONY ALLEN,                                    **Plaintiffs,**

v.

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,                 **Defendants.**

## EQUITRANS, LIMITED'S RENOTICE OF HEARING

Comes now Defendant Equitrans, Limited ("Equitrans"), by counsel, and gives notice that its previously filed Motion for Leave to File Third-Party Complaint, which was electronically filed with this Court on April 1, 2019, and originally noticed to be heard on April 12, 2019, will now come before the Court for at the **Floyd County Justice Center, 127 S. Lake Drive, Prestonsburg, KY 41653, on Friday, April 26, 2019, at 9:00 a.m. EST,** or as soon thereafter as counsel may be heard.

Respectfully submitted,

*/s/ Candace B. Smith*
John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

RECEIVED  APR 0 8 2019

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone:  (859) 219-8211
Facsimile:  (859) 255-6903
candace.smith@steptoe-johnson.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2019, I served the foregoing *"Equitrans, Limited's Renotice of Hearing"* via the Court's electronic filing system and U.S. Mail, postage prepaid, to:

Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Hon. Brian R. Epling
Hon. Lela M. Hollabaugh
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating Company, LLC*

*/s/ Candace Smith*
Candace B. Smith

8378526

**COMMONWEALTH OF KENTUCKY**
**FLOYD CIRCUIT COURT, DIVISION II**
**CIVIL ACTION NO. 18-CI-459**

LISA AND ANTHONY ALLEN                                    **PLAINTIFFS**

**V.**

EQUITRANS, LIMITED, and
SPECTRA ENERGY OPERATING COMPANY, LLC,           **DEFENDANTS**

---

**PLAINTIFFS ANSWERS TO REQUEST FOR ADMISSIONS**

---

Comes the Plaintiffs, Lisa and Anthony Allen, by counsel, and for their Answers to the Request for Admissions from Equitrans Limited, and states as follows:

**REQUEST FOR ADMISSIONS**

**REQUEST NO. 1**:   Admit that thedamages you allege and seek in this case exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and cost.

**ANSWER:** The Plaintiff will be relying upon expert proof to determine the amount of damages. Plaintiff's experts have additional work to do at this time.  Plaintiff cannot admit or deny the request at this time and therefore denies this request.

**REQUEST NO. 2:** Admit that your surface damage claims are limited by KRS 353.595 and KRS 353.5901.

**ANSWER**:  Deny.

**REQUEST NO. 3:** Admit that EQT was, at all relevant times, legally authorized and entitled to construct and operate the pipeline at issue.

Filed        18-CI-00459    04/18/2019        Douglas R. Hall, Floyd Circuit Clerk   NOT ORIGINAL DOCUMENT
09/23/2019 11:22:19 AM
85355-13

**ANSWER:** After reasonable inquiry and because no discovery has been taken regarding this claim, the Plaintiffs are neither able to admit or deny this request for admission. Therefore, the same is denied.

Respectfully submitted,

/s/ Adam P. Collins
**ADAM P. COLLINS, ESQ.**
**COLLINS, COLLINS, & CONLEY, PSC**
**PO BOX 727**
**HINDMAN, KY 41822**
**PHONE: (606) 785-5048**

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was served on the parties herein by electronic filing and/or mailing a true copy on the 18th day of April, 2019 to the following:

John K. West, Esq.
Huntington Center, Ste. 2200
41 South High Street
Columbus, OH 43215

Candace Smith, Esq.
2525 Harrodsburg Road, Ste.300
Lexington, KY 40504

Brian Epling, Esq.
1600 Division Street, Ste. 700
Nashville, TN 37203

/s/ Adam P. Collins
ADAM P. COLLINS, ESQ.

FILED _____ ENTER
TENDERED _____ -RECEIVE
THIS 26 DAY OF _____ 20 19
DOUGLAS R. HALL, CLERK
BY: _____

**COMMONWEALTH OF KENTUCKY**
**FLOYD CIRCUIT COURT**
**DIVISION II**
**CIVIL ACTION NO. 18-CI-459**

LISA AND ANTHONY ALLEN,                                      **Plaintiffs,**

v.

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,        **Defendants.**

### AGREED ORDER GRANTING LEAVE TO FILE-THIRD PARTY COMPLAINT

This matter is before the Court on Defendant Equitrans, Limited's ("Equitrans") Motion for Leave to File Third-Party Complaint.  Plaintiffs Lisa and Anthony Allen and Defendant Spectra Energy Operating Company, LLC ("Spectra") have represented to the Court that they do not oppose the entry of Equitrans' Third-Party Complaint, attached hereto as "Exhibit A." However, the parties agree that Spectra, Spectra Energy Partners, LP and Big Sandy Pipeline, LLC reserve the right to contest the factual allegations of the Third Party Complaint and to assert any and all available affirmative defenses in responding to the Third Party Complaint and that they have not waived any rights or defenses by agreeing to the filing of the Third Party Complaint. The parties being in agreement, and the Court being otherwise sufficiently advised, it is hereby ORDERED that the Motion is GRANTED and that leave be and is given to Equitrans to name Spectra Energy Partners, LP and Big Sandy Pipeline, LLC parties to this action.

It is further ORDERED that Equitrans' Third-Party Complaint be deemed filed as of the date of entry of this Order.

The Clerk is directed to send a copy of this Order to all counsel of record herein.

Entered this 26th day of April, 2019.

Hon. Thomas M. Smith
Judge, Floyd Circuit Court

8401552

2

Seen and Agreed by:

/s/ J. Kevin West
J. Kevin West (0091520)
Steptoe & Johnson PLLC
The Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
(614) 458-9889 (telephone)
(614) 221-0952 (facsimile)
kevin.west@steptoe-johnson.com

Candace B. Smith (95710)
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
(859) 219-8211 (telephone)
(859) 255-6903 (facsimile)
candace.smith@steptoe-johnson.com
*Counsel for Equitrans, Limited*

/s/ _Brian Epling_ via email
Hon. Brian R. Epling
Hon. Lela M. Hollabaugh
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating
Company, LLC*

/s/ _Adam Collins_ via email
Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

8401552                                    3

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was mailed via first class mail on this the 26 day of _April_, 2019 to all parties and counsel of record.

Hon. Adam Collins
Hon. Patrick Conley
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Hon. Brian R. Epling
Hon. Lela M. Hollabaugh
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating Company, LLC*

J. Kevin West
Steptoe & Johnson PLLC
The Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
*Counsel for Equitrans, Limited*

Candace B. Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
*Counsel for Equitrans, Limited*

_GVMorgan_
Floyd Circuit Clerk

8401552

4

FILED   ENTERED
TENDERED   RECEIVED
THIS ___ DAY OF _____ 20 __
DOUGLAS R. HALL, CLERK
BY: _____

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 18-CI-459

LISA ALLEN and
ANTHONY ALLEN,                                          PLAINTIFFS,

v.

SPECTRA ENERGY OPERATING
COMPANY, LLC, and                                      DEFENDANT,

EQUITRANS LIMITED,                                     DEFENDANT/
                                                       THIRD-PARTY PLAINTIFF,

AND

EQUITRANS LIMITED,                                     DEFENDANT/
                                                       THIRD-PARTY PLAINTIFF,

v.

SPECTRA ENERGY PARTNERS, LP,
Serve to:   Spectra Energy Partners, LP
            Attn: Gregory J. Rizzo
            5400 Westheimer Court
            Houston, Texas 77056

            **VIA SECRETARY OF STATE**

BIG SANDY PIPELINE, LLC, and
Serve to:   CT Corporation System
            306 West Main Street, Suite 512
            Frankfort, KY 40601

            **VIA CERTIFIED MAIL**          THIRD-PARTY DEFENDANTS.

                        **THIRD-PARTY COMPLAINT**

        Comes now the Defendant/Third-Party Plaintiff Equitrans, Limited ("Equitrans") and for

its Third-Party Complaint against Spectra Energy Partners, LP ("SEP") and Big Sandy Pipeline,

LLC ("Big Sandy") (collectively "Third-Party Defendants"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Defendant/Third-Party Plaintiff Equitrans is a foreign limited partnership registered to do business in the Commonwealth of Kentucky.

2.      Plaintiffs Lisa Allen and Anthony Allen ("Plaintiffs") are residents of the Commonwealth of Kentucky and own real property located in Floyd County, Kentucky.

3.      Defendant Spectra Energy Operating Company, LLC is a foreign limited liability company registered to do business in the Commonwealth of Kentucky.

4.      Third-Party Defendant, Spectra Energy Partners, LP, is a foreign limited partnership conducting business in the Commonwealth of Kentucky. Spectra Energy Partners, LP should be served via the Kentucky Secretary of State to: Spectra Energy Partners, LP, Attn: Gregory J. Rizzo, 5400 Westheimer Court, Houston, TX 77056.

5.      Third-Party Defendant, Big Sandy Pipeline, LLC, is a foreign limited liability company registered to do business in the Commonwealth of Kentucky. Big Sandy Pipeline, LLC should be served via certified mail to its authorized agent for service of process: CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

6.      The real property which is the subject of this litigation is located in Floyd County, Kentucky.

7.      Third-Party Defendants own property and/or conduct business in Floyd County, Kentucky, including business related to the pipeline and real property at issue in this litigation. A substantial part of the events and cause of action giving rise to this case occurred in Floyd County, Kentucky.

8.      The Plaintiffs filed this action seeking damages in excess of the minimal jurisdictional limits of this Court.

2

9.     Jurisdiction and Venue are proper in this Court under Ky. Rev. Stat. Ann. § 454.210 (West 2019).

## STATEMENT OF FACTS

10.     Equitrans adopts and incorporates by reference Paragraphs 1 through 9 of the Third-Party Complaint as if fully stated herein.

11.     In December 2010, Equitrans conveyed to Big Sandy a natural gas pipeline, and plaintiffs Lisa Allen and Anthony Allen contend that particular pipeline caused damage to their property in Floyd County, Kentucky.

12.     Pursuant to a "Contribution Agreement" entered into between Big Sandy and Equitrans in December 2010, Big Sandy assumed all liabilities and obligations arising out of any claim, litigation, or proceeding related to the natural gas pipeline at issue in this case (the "Transferred Asset Liabilities").

13.     Pursuant to the "Contribution Agreement," Big Sandy agreed to "duly and timely pay, perform and discharge all of the Transferred Asset Liabilities, to the full extent that Equitrans had been…or would have been in the future, obligated to pay, perform and discharge the Transferred Asset Liabilities." (Contribution Agreement, Section 5.1).

14.     The "Contribution Agreement" further stated that Big Sandy agreed that "it shall indemnify, defend and hold harmless [Equitrans]…and [its] successors and assigns from, against and in respect of any and all liability, damages, claims, losses, charges, actions, causes of action, suits, demands, proceedings…and reasonable costs and expenses arising out of…Big Sandy's failure to pay, perform and discharge promptly and fully when due the Transferred Asset Liabilities." (Contribution Agreement, Section 5.2).

3

15.   The "Contribution Agreement" entered into between Big Sandy and Equitrans provided that the agreement "shall be binding upon" the "successors and assigns" of Big Sandy. (Contribution Agreement, Section 8.2).

16.   On May 11, 2011, Equitrans and SEP, executed a "Purchase and Sale Agreement" in which SEP bought Big Sandy, the company which owned the natural gas pipeline referenced in the Plaintiffs' Complaint.

17.   Pursuant to the May 2011 "Purchase and Sale Agreement," Equitrans sold, transferred, assigned, and conveyed the membership interests of Big Sandy to SEP.   (Sale Agreement, Section 1.1).

18.   On June 1, 2011, Big Sandy endorsed a "General Conveyance, Assignment and Bill of Sale" that said Big Sandy "assumes and agrees to duly and timely pay, perform and discharge, and indemnify and hold harmless [Equitrans] from and against, the Transferred Asset Liabilities, whether such Transferred Asset Liability arose or relates to periods prior to, on or after" June 2011.  (Bill of Sale, Article III).

19.   Big Sandy signed an "Operation and Management Services Agreement" in which Big Sandy agreed to "release, defend, indemnify, and hold [Equitrans] harmless from and against any and all liabilities arising from or related to performance of this agreement by either party even if such claims are based upon the negligent (whether joint, concurrent, active or passive) of [Equitrans]...except to the extent the liability results from the gross negligence or willful misconduct of [Equitrans]..." (Services Agreement, Section 6.3(b)).

20.   An "Amended and Restated Operation and Management Services Agreement" was entered into after SEP "purchased all membership interests of" Big Sandy, with that agreement saying that "in no event shall [Equitrans] be liable for...any loss or damage resulting

4

from any defects caused by faulty design, engineering or construction, or the condition of the [facilities, pipelines, or rights-of-way] as of the date hereof." (Amended Services Agreement, Section 4.1).

21.     Like the initial Services Agreement, the Amended Services Agreement provided that Big Sandy "agrees to indemnify and hold [Equitrans] harmless from and against all liabilities, loss, costs, actions, claims, fines, demands, and...expenses...to the extent arising from a third party claim...except to the extent any such claims arise from [Equitrans'] gross negligence or willful misconduct..." (Amended Services Agreement, Section 4.2(c)).

22.     Both before Big Sandy was owned by SEP and thereafter, Big Sandy possessed and controlled the natural gas pipeline at issue in this case.

23.     On July 11, 2018, Plaintiffs filed a complaint alleging that Equitrans and Spectra Energy Operating Company, LLC damaged their property as a result of a natural gas pipeline. (*See* Plaintiffs' Complaint, attached hereto as "Exhibit 1").

24.     Plaintiffs have asserted that Equitrans and Spectra Energy Operating Company, LLC have "negligently and/or grossly negligently caused damage to the Plaintiffs' property by virtue of their construction, maintenance, operation and repair of the pipeline in near proximity to the Plaintiffs' property." (Compl. ¶ 6).

25.     Equitrans denies that it acted wrongfully and Equitrans further denies that it caused or contributed to the damages being claimed by Plaintiffs.

26.     To the extent Plaintiffs' damage is real and compensable, the Third-Party Defendants caused the damage, if any, to Plaintiffs' property.

8401503

27.    To the extent that Equitrans may be found liable to Plaintiffs for the claims in their Complaint, Equitrans is entitled to indemnity, contribution and apportionment of fault against the Third-Party Defendants.

28.    The Third-Party Defendants' presence is necessary in order to apportion comparative fault and liability among each of the potentially responsible parties.

29.    The documents referred to herein are confidential and the referenced portions will be provided to opposing counsel.

## COUNT I—CONTRACTUAL INDEMNITY

30.    Equitrans adopts and incorporates by reference Paragraphs 1 through 29 of the Third-Party Complaint as if fully stated herein.

31.    Agreements between Equitrans and the Third-Party Defendants address, concern and apply to the natural gas pipeline at issue in Plaintiffs' Complaint.

32.    Agreements between Equitrans and the Third-Party Defendants state that the Third-Party Defendants will indemnify Equitrans and hold Equitrans harmless from claims or liabilities relating to the pipeline at issue in this case.

33.    If Equitrans is liable to Plaintiffs under any theory of recovery, Equitrans asserts that the Third-Party Defendants have agreed to indemnify Equitrans for any such liability.

34.    If Plaintiffs sustained damages as claimed in their Complaint as a result of the conduct alleged in their Complaint, then such damage is the contractual responsibility of the Third-Party Defendants.

35.    Accordingly, if Equitrans is held liable for any part of the damage claim asserted in this case, Equitrans is entitled to be indemnified by the Third-Party Defendants.

## COUNT II -- COMMON LAW INDEMNITY

36.   Equitrans adopts and incorporates by reference Paragraphs 1 through 35 of the Third-Party Complaint, as if fully stated herein.

37.   Equitrans denies any negligence, wrongdoing, or fault for Plaintiffs' alleged damages; however, to the extent Equitrans is found liable to Plaintiffs under any theory of recovery, Equitrans asserts that its liability, if any, is passive and derivative only and that the liability of the Third-Party Defendants is active and primary.

38.   If Plaintiffs sustained damages as claimed in their Complaint, then such damages were the direct and proximate result of the superseding and/or intervening, primary or active conduct of the Third-Party Defendants.

39.   The acts or omissions of the Third-Party Defendants were the primary and efficient cause of all damages, if any, suffered by Plaintiffs.

40.   Accordingly, if Equitrans is held liable for any part of the damage claim asserted in this case, Equitrans is entitled to be indemnified by the Third-Party Defendants.

## COUNT III—APPORTIONMENT AND CONTRIBUTION

41.   Equitrans adopts and incorporates by reference Paragraphs 1 through 40 of the Third-Party Complaint, as if fully stated herein.

42.   If Plaintiffs sustained damages as claimed, then such damages were the direct and proximate result of the superseding and/or intervening, primary, or active conduct of the Third-Party Defendants.

43.   If, however, a judgment is entered in favor of Plaintiffs against Equitrans and a determination is made that Equitrans is not entitled to indemnity, then, in the alternative,

8401503

Equitrans is entitled to contribution and apportionment against the Third-Party Defendants for any judgment that may be awarded.

44.    Equitrans is entitled to have the fact finder at trial apportion fault, if any, to the Third-Party Defendants in accordance with KRS § 411.182 (West 2019).

45.    Alternatively, Equitrans is entitled to have the fact finder at trial apportion fault, if any, to the Third-Party Defendants in accordance with 42 PA. STAT. AND CONS. STAT. ANN. §§ 7102, 8324 (West 2019), and/or N.Y. CPLR § 1401 (McKinney 2019).

WHEREFORE, Defendant/Third-Party Plaintiff Equitrans, Limited, respectfully demands the following relief:

1.    That Plaintiffs' Complaint be dismissed and held for naught;

2.    Contractual indemnification from the Third-Party Defendants;

3.    Common law indemnification from the Third-Party Defendants;

4.    Contribution and apportionment of fault pursuant to KRS § 411.182; 42 PA. STAT. AND CONS. STAT. ANN. §§ 7102, 8324; and/or N.Y. CPLR § 1401 (McKinney 2019);

5.    Trial by jury on all issues so triable;

6.    Post-judgment interest;

7.    Costs and attorneys' fees herein expended; and

8.    Any and all other relief to which it may appear entitled.

8401503

**EQUITRANS LIMITED,**
**By counsel,**

*/s/ John Kevin West*

John Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

Candace B. Smith (95710)
Steptoe & Johnson PLLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone: (859) 219-8211
Facsimile: (859) 255-6903
candace.smith@steptoe-johnson.com

8401503

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.:  18-CI-459

*Electronically Filed*

LISA ALLEN and
ANTHONY ALLEN                                          PLAINTIFFS

V.

SPECTRA ENERGY OPERATING
COMPANY, LLC and
EQUITRANS LIMITED                                      DEFENDANTS

and

EQUITRANS LIMITED                                      DEFENDANT/THIRD
                                                       PARTY PLAINTIFF

V.

SPECTRA ENERGY PARTNERS, LP
and BIG SANDY PIPELINE, LLC                            THIRD PARTY DEFENDANTS

---

## MOTION TO AMEND COMPLAINT

---

Comes the Plaintiffs, by and through counsel, and moves this Honorable Court for an Order

permitting them to file the attached Amended Complaint, allowing them to add additional claims

against additional Defendants, already parties in the above action.

WHEREFORE, Plaintiffs respectfully requests that their Motion to Amend be sustained.

Respectfully submitted,


/s/ADAM P. COLLINS
ADAM P. COLLINS, ESQ.
COLLINS, COLLINS, & CONLEY, P.S.C.
P.O. Box 727

RECEIVED  MAY 0 8 2019

**Hindman, Kentucky 41822**
**PHONE: (606) 785-5048**
**FAX: (606) 785-3021**

## NOTICE

Notice is hereby given that the foregoing Motion will be brought on for hearing before this Honorable Court on the 10th day of May, 2019 at the hour of 9:00 a.m. or as soon thereafter as Counsel may be heard.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the parties hereto by mailing same, postage prepaid, to:

Original to:

Floyd Circuit Court Clerk
127 S. Lake Drive
Prestonsburg, Kentucky 41653-1981

Copies to:

Lela Hollabaugh, Esq.
Brian Epling, Esq.
Bradley Arant Boult Cummings, LLP.
1600 Division Street, Suite 700
Nashville, TN 37203
lhollabaugh@bradley.com
bepling@bradley.com

Hon. John Kevin West
Hon. Candace Smith
STEPTOE & JOHNSON, PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Kevin.West@Steptoe-Johnson.com
Candace.smith@steptoe-johnson.com

This the 3rd day of May, 2019.

                              /s/ADAM P. COLLINS
                              ADAM P. COLLINS, ESQ

## COMMONWEALTH OF KENTUCKY
### FLOYD CIRCUIT COURT
### DIVISION II
### CIVIL ACTION NO.: 18-CI-459

*Electronically Filed*

LISA ALLEN and
ANTHONY ALLEN                                    PLAINTIFFS

V.

SPECTRA ENERGY OPERATING
COMPANY, LLC and
EQUITRANS LIMITED                                DEFENDANTS

and

EQUITRANS LIMITED                                DEFENDANT/
                                                 THIRD PARTY PLAINTIFF

V.

SPECTRA ENERGY PARTNERS, LP
        Serve: Spectra Energy Partners, LP
        Attn: Gregory J. Rizzo
        5400 Westheimer Court
        Houston, Texas 77056
        SECRETARY OF STATE

and

BIG SANDY PIPELINE, LLC                          DEFENDANTS/
        Serve: CT Corporation System            THIRD PARTY DEFENDANTS
        306 West Main Street, Suite 512
        Frankfort, Kentucky 40601
        CERTIFIED MAIL

---

## AMENDED COMPLAINT

---

Comes the Plaintiffs, Lisa and Anthony Allen, by and through counsel, and for their

Amended Complaint against the Defendants, and states as follows:

1) The Plaintiffs re-allege and adopt and incorporate here by reference each, every and all allegations contained in their previous complaints as fully set forth herein;

2) That the Plaintiffs are residents of the Commonwealth of Kentucky;

3) That the Defendant, Equitrans, Limited is a foreign limited liability partnership conducting business within the Commonwealth of Kentucky;

4) That the Defendant, Spectra Energy Operating Company, LLC is a foreign limited liability corporation conducting business within the Commonwealth of Kentucky;

5) That the Defendant, Spectra Energy Partners, LP is a foreign corporation conducting business within the Commonwealth of Kentucky, with an address for service of process to wit: Spectra Energy Partners, LP Attn: Gregory J. Rizzo, 5400 Westheimer Court, Houston, Texas 77056;

6) That the Defendant, Big Sandy Pipeline, LLC is a foreign limited liability corporation conducting business within the Commonwealth of Kentucky with an address for service of process to wit: CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601;

7) That the Plaintiffs are the owners of a certain tract of real property located in Floyd County, Kentucky that is the subject matter of this litigation;

8) That the Defendants have constructed, maintained, repaired and/or operated a natural gas pipeline in close proximity to the Plaintiffs' property in question;

9) That Defendants, their agents, servants and employees have negligently and/or grossly negligently caused damage to the Plaintiffs' property by virtue of their construction, maintenance, operation and repair of the pipeline in near proximity to the Plaintiffs' property;

10)  That as a sole and proximate result of the Defendants' acts and failure to acts as more specifically set forth above, the Plaintiffs have been forced to endure damage to their property, a diminution in the market value of their property, and a loss of use and enjoyment of their property;

11)  That the Defendants have been placed upon notice of the damage being done to the Plaintiffs' property and the Defendant has utterly disregarded this notice;

12)  That the Defendants' acts as complained of herein, are grossly negligent thereby entitling the Plaintiffs to recover punitive damages; and

13)  That the Plaintiffs' damages are well in excess of the jurisdictional limits of this Honorable Court.

WHEREFORE, the Plaintiffs, Lisa and Anthony Allen, respectfully demand the following:

1).  Trial by jury as to all claims;

2).  Compensatory damages for the diminution in market value to the Plaintiffs' property, damage done to the Plaintiffs' property, and for the loss and use of enjoyment of their property and land;

3).  Punitive damages for the Defendants' grossly negligent conduct;

4).  Pre and Post Judgment Interest;

5).  Costs and attorney fees expended herein; and

6).  To all other relief that the Plaintiffs may be entitled in law or equity.

Respectfully submitted,


/s/ADAM P. COLLINS
ADAM P. COLLINS, ESQ.
COLLINS, COLLINS, & CONLEY, P.S.C.
P.O. Box 727

Hindman, Kentucky 41822
PHONE: (606) 785-5048
FAX: (606) 785-3021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the parties hereto by mailing same, postage prepaid, to:

Original to:

Floyd Circuit Court Clerk
127 S. Lake Drive
Prestonsburg, Kentucky 41653-1981

Copies to:

Lela Hollabaugh, Esq.
Brian Epling, Esq.
Bradley Arant Boult Cummings, LLP.
1600 Division Street, Suite 700
Nashville, TN 37203
lhollabaugh@bradley.com
bepling@bradley.com

Hon. John Kevin West
Hon. Candace Smith
STEPTOE & JOHNSON, PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Kevin.West@Steptoe-Johnson.com
Candace.smith@steptoe-johnson.com

This the 3rd day of May, 2019.

/s/ADAM P. COLLINS
ADAM P. COLLINS, ESQ

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO.:  18-CI-459

FILED
TENDERED
THIS __ DAY OF _____ 20__
RECEIVED
DOUGLAS R. HALL, CLERK
BY: _____ D.

LISA ALLEN and
ANTHONY ALLEN                                          **PLAINTIFFS**

**V.**

SPECTRA ENERGY OPERATING
COMPANY, LLC and
EQUITRANS LIMITED                                      **DEFENDANTS**

**and**

EQUITRANS LIMITED          **DEFENDANT/THIRD PARTY PLAINTIFF**

**V.**

SPECTRA ENERGY PARTNERS, LP
and BIG SANDY PIPELINE, LLC        **THIRD PARTY DEFENDANTS**

---

## ORDER

---

The matter having come before the court upon the Plaintiffs' Lisa Allen and
Anthony Allen's Motion to Amend their Complaint, and the Court having been
sufficiently advised,

**IT IS HEREBY ORDERED** that the Plaintiffs', Lisa Allen and Anthony Allen is
allowed to Amend their Complaint in the above captioned matter to add additional claims
against additional parties and shall be filed with the Clerk of this Court and summons
issued thereon.

This the _10th_ day of _____May_____, 2019.

_____

**HON. THOMAS SMITH**
**JUDGE, FLOYD CIRCUIT COURT, DIV. II**

### CLERK'S CERTIFICATE OF SERVICE:

I hereby certify that a true and accurate copy of the foregoing has been duly

mailed to the following:

Hon. Adam P. Collins, Esq.
P.O. Box 727
Hindman, Kentucky 41822

Lela Hollabaugh, Esq.
Brian Epling, Esq.
Bradley Arant Boult Cummings, LLP.
1600 Division Street, Suite 700
Nashville, TN 37203
lhollabaugh@bradley.com
bepling@bradley.com

Hon. John Kevin West
Hon. Candace Smith
STEPTOE & JOHNSON, PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Kevin.West@Steptoe-Johnson.com
Candace.smith@steptoe-johnson.com

This the _10_ day of May, 2019

BY: _____, D.C.
**FLOYD CIRCUIT COURT CLERK**

<div align="center">

**COMMONWEALTH OF KENTUCKY**
**FLOYD CIRCUIT COURT**
**DIVISION II**
**CIVIL ACTION NO. 18-CI-459**

</div>

| | |
|---|---|
| LISA AND ANTHONY ALLEN, | **Plaintiffs** |
| **v.** | |
| SPECTRA ENERGY OPERATING COMPANY, LLC, and EQUITRANS, LIMITED, | **Defendants** |
| and | |
| EQUITRANS, LIMITED | **Defendant/Third-Party Plaintiff** |
| **v.** | |
| SPECTRA ENERGY PARTNERS, LP, and BIG SANDY PIPELINE, LLC | **Defendants/Third-Party Defendants** |

<div align="center">

**DEFENDANT EQUITRANS, LIMITED'S ANSWER TO AMENDED COMPLAINT**

</div>

Comes Defendant/Third-Party Plaintiff Equitrans, Limited (hereinafter "EQT"), by counsel, and for its Answer to Plaintiffs' Amended Complaint, states as follows:

<div align="center">

**FIRST DEFENSE**

</div>

1.      EQT adopts and incorporates by reference the responses, defenses, allegations, and crossclaim set forth in its Answer and Crossclaim of Equitrans Limited, filed on August 6, 2018. EQT also adopts and incorporates by reference the allegations and claims set forth in its Cross-Claim against Spectra Energy Operating Company, LLC, and the allegations and claims set forth in EQT's Third Party Complaint against Spectra Energy Partners, LP and Big Sandy Pipeline, LLC.

Filed        18-CI-00459      05/17/2019          Douglas R. Hall, Floyd Circuit Clerk   ORIGINAL DOCUMENT
                                                                                              09/23/2019 11:23:57 AM
                                                                                              85355-13

### SECOND DEFENSE

2.        The Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed.

### THIRD DEFENSE

3.        Plaintiffs' claim must be dismissed because it fails to join parties in whose absence complete relief cannot be accorded.

### FOURTH DEFENSE

4.        In response to paragraph 1 of the Amended Complaint, EQT hereby incorporates its prior responses to the allegations previously made in Plaintiffs' Complaint.

5.        EQT responds to the allegations contained in paragraph 3 of Plaintiffs' Amended Complaint with a qualified denial and states that Equitrans, Limited is a foreign limited partnership conducting business within the Commonwealth of Kentucky.

6.        EQT denies the allegations contained in paragraphs 9, 10, 11, 12, and 13 of Plaintiffs' Amended Complaint.

7.        EQT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 4, 5, 6, 7, and 8 of Plaintiffs' Amended Complaint and therefore denies same.

8.        EQT denies all allegations of the Amended Complaint not specifically admitted herein.

### FIFTH DEFENSE

9.        The Plaintiffs' claims are barred by the applicable statutes of limitation.

Filed  8420242      18-CI-00459      05/17/2019          Douglas R. Hall, Floyd Circuit Clerk

## SIXTH DEFENSE

10.     The Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel and laches.

## SEVENTH DEFENSE

11.     The Plaintiffs' claims should be dismissed as to EQT because the damages, if any, suffered by Plaintiffs were caused by or are the responsibility of parties other than EQT.

## EIGHTH DEFENSE

12.     The Plaintiffs' Amended Complaint, to the extent that it seeks punitive damages, violates EQT's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Sections 1, 2, 7 and 17 of the Constitution of the Commonwealth of Kentucky and, therefore fails to state a cause of action upon which punitive damages can be awarded.

## NINTH DEFENSE

13.     The Amended Complaint, to the extent that it seeks punitive damages, violates EQT's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Section 5 of the Constitution of the Commonwealth of Kentucky, and violates EQT's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Section 14 of the Constitution of the Commonwealth of Kentucky and, therefore, fails to state a cause of action supporting the punitive damages claim.

## TENTH DEFENSE

14.     The Amended Complaint fails to state a cause of action upon which punitive damages can be awarded.

Filed          18-CI-00459     05/17/2019          Douglas R. Hall, Floyd Circuit Clerk     ORIGINAL DOCUMENT
09/23/2019 11:23:57 AM
85355-13

## ELEVENTH DEFENSE

15.     Plaintiffs' claims are barred and must be dismissed because Plaintiffs released EQT from liability with regard to the claims asserted in the Amended Complaint.

## TWELFTH DEFENSE

16.     The Amended Complaint fails to state a cause of action upon which pre-judgment or post-judgment interest can be awarded.

## THIRTEENTH DEFENSE

17.     EQT relies on such other affirmative defenses as may be identified during the course of discovery, and reserves the right to amend its answer, file further pleadings, and assert additional claims or defenses.

WHEREFORE, having fully answered, Defendant/Third-Party Plaintiff Equitrans, Limited demands:

1.  That the relief demanded by the Plaintiffs be denied and the claim be dismissed with prejudice;

2.  That EQT be awarded a judgment of indemnification against Spectra Energy Operating Company, LLC; Spectra Energy Partners, LP; and Big Sandy Pipeline, LLC; with regard to any judgment rendered against it on Plaintiffs' Amended Complaint;

3.  That the Plaintiffs be required to pay its costs, including a reasonable attorney's fee;

4.  For any and all other relief, in law or equity, to which it is entitled.

Filed  8420242          18-CI-00459     05/17/2019          Douglas R. Hall, Floyd Circuit Clerk

NOT ORIGINAL DOCUMENT
09/23/2019 11:23:57 AM
85355-13

Dated this 17th day of May, 2019.

/s/ *John Kevin West*
J. Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 221-5100
Fax: (614) 221-0952
kevin.west@steptoe-johnson.com

Candace Smith (95710)
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, KY 40504
Telephone: (859) 219-8211
Fax: (859) 255-6903
candace.smith@steptoe-johnson.com
**COUNSEL FOR DEFENDANT
EQUITRANS, LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of May, 2019, I served the foregoing *"Defendant Equitrans, Limited's Answer to Amended Complaint"* via the electronic filing system and U.S. Mail, postage prepaid, to:

Hon. Adam Collins
Collins, Collins and Conley, P.S.C.
P. O. Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Lela Hollabaugh
Brian R. Epling
Bradley, Arant, Boult, Cummings, LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
*Counsel for Spectra Energy Operating Company, LLC*

Spectra Energy Partners, LP
Attn: Gregory J. Rizzo
5400 Westheimer Court
Houston, TX 77056

Big Sandy Pipeline, LLC
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

/s/ *Candace B. Smith*
Candace B. Smith (95710)

6

**COMMONWEALTH OF KENTUCKY**
**FLOYD CIRCUIT COURT**
**DIVISION II**
**CIVIL ACTION NO. 18-CI-459**

LISA AND ANTHONY ALLEN,                                          **Plaintiffs,**

v.

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,             **Defendants.**

<u>**NOTICE OF SERVICE**</u>

Please take notice that the Defendant Equitrans Limited, by counsel, served "Equitrans,

Limited's Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of

Documents" and "Equitrans, Limited's Response to Plaintiffs' First Set of Requests for

Production of Documents" upon all counsel of record.

Respectfully submitted this 17th day of May, 2019.

<div style="margin-left:40%">

*/s/ J. Kevin West*
J. Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 221-5100
Fax:  (614) 221-0952
kevin.west@steptoe-johnson.com

Candace B. Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Rd., Suite 300
Lexington, KY  40504
Telephone:  859-219-8212
candace.smith@steptoe-johnson.com

*Counsel for Defendant*
*Equitrans Limited*

</div>

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing pleading was served this 17th day of

May, 2019, via the Court's electronic filing system and U.S. Mail, postage prepaid, to:

Adam P. Collins
Patrick Conley
Collins, Collins & Conley, PSC
PO Box 727
Hindman, KY 41822
*Counsel for Plaintiffs*

Brian R. Epling
Bradley, Arant, Boult, Cummings, LLP
1600 Division Street
Suite 700
Nashville, TN 37203
*Counsel for Defendant Spectra Energy Operating Company, LLC*


*/s/ J. Kevin West*
J. Kevin West

8424445

Filed        18-CI-00459     05/17/2019        Douglas R. Hall, Floyd Circuit Clerk   ORIGINAL DOCUMENT
                                                                    09/23/2019 11:24:47 AM
                                                                    85355-13

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 18-CI-459

LISA AND ANTHONY ALLEN,                                    **Plaintiffs,**

v.

EQUITRANS, LIMITED,
and SPECTRA ENERGY OPERATING COMPANY, LLC,                 **Defendants.**

### NOTICE OF SERVICE

Please take notice that the Defendant Equitrans Limited, by counsel, served "Equitrans, Limited's Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents" and "Equitrans, Limited's Response to Plaintiffs' First Set of Requests for Production of Documents" upon all counsel of record.

Respectfully submitted this 17th day of May, 2019.

<div style="text-align:right">

*/s/ J. Kevin West*
J. Kevin West (0081802)
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 221-5100
Fax:  (614) 221-0952
kevin.west@steptoe-johnson.com

Candace B. Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Rd., Suite 300
Lexington, KY  40504
Telephone:  859-219-8212
candace.smith@steptoe-johnson.com

*Counsel for Defendant*
*Equitrans Limited*

</div>

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing pleading was served this 17th day of

May, 2019, via the Court's electronic filing system and U.S. Mail, postage prepaid, to:

Adam P. Collins                          Brian R. Epling
Patrick Conley                           Bradley, Arant, Boult, Cummings, LLP
Collins, Collins & Conley, PSC           1600 Division Street
PO Box 727                               Suite 700
Hindman, KY  41822                       Nashville, TN  37203
*Counsel for Plaintiffs*                 *Counsel for Defendant Spectra Energy*
                                         *Operating Company, LLC*


/s/ J. Kevin West
J. Kevin West

COMMONWEALTH OF KENTUCKY
FLOYD COUNTY COURT
DIVISION II
CIVIL ACTION NO. 18-CI-459

| | | |
|---|---|---|
| LISA ALLEN and | ) | PLAINTIFFS, |
| ANTHONY ALLEN, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPECTRA ENERGY OPERATING | ) | DEFENDANT, |
| COMPANY, LLC, and | ) | |
| | ) | DEFENDANT/ |
| EQUITANS LIMITED, | ) | THIRD-PARTY PLAINTIF, |
| | ) | |
| AND | ) | |
| | ) | |
| EQUITRANS LIMITED, | ) | DEFENDANT/ |
| | ) | THIRD-PARTY PLAINTIFF, |
| v. | ) | |
| | ) | |
| SPECTRY ENERGY PARTNERSHIP, | ) | |
| L.P. | ) | |
| | ) | |
| BIG SANDY PIPEINE, LLC | ) | THIRD-PARTY DEFENDANTS. |

## ANSWER OF BIG SANDY PIPELINE, LLC TO THIRD-PARTY COMPLAINT

Third-Party Defendant Big Sandy Pipeline, LLC ("Big Sandy Pipeline"), for its Answer to

the Third-Party Complaint filed by Equitrans, Limited ("Equitrans"), states as follows:

1.      Admitted

2.      Admitted.

3.      Admitted.

4.      Big Sandy Pipeline admits that Third-Party Defendant, Spectra Energy Partners,

LP, is a foreign limited partnership but denies the remaining allegations contained in Paragraph 4.

5.      Admitted.

6.      Admitted.

4851-2497-6791.1

7.      Big Sandy Pipeline admits that it owns and operates a natural gas pipeline in Floyd County, Kentucky and that a substantial part of the events and cause of action giving rise to this case occurred in Floyd County, Kentucky.

8.      Admitted.

9.      Denied.

10.     Big Sandy Pipeline adopts and incorporates by reference Paragraphs 1 through 9 of this Answer as if fully stated herein.

11.     Admitted.

12.     Denied.

13.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 13 as the Contribution Agreement speaks for itself.

14.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 14 as the Contribution Agreement speaks for itself.

15.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 15 as the Contribution Agreement speaks for itself.

16.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 16 as the Purchase and Sale Agreement speaks for itself.

17.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 17 as the Purchase and Sale Agreement speaks for itself.

18.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 18 as the "General Conveyance, Assignment and Bill of Sale" speaks for itself.

19.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 19 as the "Operation and Management Services Agreement" speaks for itself.

20.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 20 as the "Amended and Restated Operation and Management Services Agreement" speaks for itself.

21.     Big Sandy Pipeline states that no response is required to the allegations set forth in Paragraph 21 as the "Amended and Restated Operation and Management Services Agreement" speaks for itself.

22.     Big Sandy Pipeline admits that Equitrans did not own the pipeline after it was sold to Big Sandy Pipeline.

23.     Big Sandy Pipeline states that no response is required to the allegations contained in Paragraph 23 as Plaintiffs' Complaint speaks for itself.

24.     Big Sandy Pipeline states that no response is required to the allegations contained in Paragraph 24 as Plaintiffs' Complaint speaks for itself.

25.     Big Sandy Pipeline admits that the allegations contained in Paragraph 25 reflect Equitrans' position in this lawsuit.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Big Sandy Pipeline states that no response is required to the statements contained in Paragraph 29.

30.     Big Sandy Pipeline adopts and incorporates by reference Paragraphs 1 through 29 of this Answer as if fully stated herein.

31.     Big Sandy Pipeline admits that certain documents between Equitrans and certain Third-Party Defendants related to the pipeline owned by Big Sandy Pipeline.

32.     Denied.

4851-2497-6791.1

33.    Big Sandy Pipeline admits that Equitrans asserts that the Third-Party Defendants have agreed to indemnify Equitrans if the Equitrans is liable to Plaintiffs.   Big Sandy Pipeline denies that it is obligated to indemnify Equitrans.

34.    Denied.

35.    Denied.

36.    Big Sandy Pipeline adopts and incorporates by reference Paragraphs 1 through 35 of this Answer as if fully stated herein.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Big Sandy Pipeline adopts and incorporates by reference Paragraphs 1 through 40 of this Answer as if fully stated herein.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

Big Sandy Pipeline denies that Equitrans is entitled to any of the relief sought in the paragraphs following paragraph 45.

## AFFIRMATIVE DEFENSES

1.    The Third-Party Complaint fails to state a claim upon which relief can be granted.

2.    Big Sandy Pipeline has no obligation to indemnify or defend allegations of gross negligence or willful misconduct.

4851-2497-6791.1

3.     Big Sandy Pipeline has no obligation to indemnify or defend for claims arising from the construction of the natural gas pipeline now owned by Big Sandy.

4.     Big Sandy Pipeline denies that Plaintiff is entitled to any recovery whatsoever under its Complaint or Amended Complaint.

5.     Requiring Big Sandy Pipeline to indemnify Equitrans in this dispute is against the public policy of Kentucky.

6.     Equitrans has waived its right to assert common-law indemnity claims.

7.     Big Sandy Pipeline has no obligation to indemnify Equitrans for consequential, exemplary, or punitive damages.

8.     Equitrans seeks indemnification from Big Sandy Pipeline beyond the scope of any contract between them.

9.     Big Sandy Pipeline relies on such other affirmative defenses as may be identified during the court of discovery, and reserves the right to amend its answer, file further pleadings, and assert additional claims or defenses.

10.     Big Sandy Pipeline denies all allegations not expressly admitted.

## JURY DEMAND

Big Sandy Pipeline demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Brian R. Epling*

Lela M. Hollabaugh
Brian R. Epling
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone (615) 244-2582
Facsimile: (615) 252-6380
lhollabaugh@bradley.com
bepling@bradley.com

COUNSEL FOR BIG SANDY PIPELINE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of May, 2019, the foregoing pleading was served via United States Mail, postage prepaid on the following:

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822

J. Kevin West
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Kevin.west@steptoe-johnson.com

Candace Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
Candace.smith@steptoe-johnson.com

*s/ Brian R. Epling*
Of Counsel

4851-2497-6791.1

**Filed**       **18-CI-00459**    **05/22/2019**       **Douglas R. Hall, Floyd Circuit Clerk**

# COMMONWEALTH OF KENTUCKY
## FLOYD COUNTY COURT
## DIVISION II
## CIVIL ACTION NO. 18-CI-459

| | | |
|---|---|---|
| **LISA ALLEN and**<br>**ANTHONY ALLEN,** | ) | **PLAINTIFFS,** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SPECTRA ENERGY OPERATING**<br>**COMPANY, LLC, and** | ) | **DEFENDANT,** |
| | ) | **DEFENDANT/** |
| **EQUITANS LIMITED,** | ) | **THIRD-PARTY PLAINTIF,** |
| | ) | |
| **AND** | ) | |
| | ) | |
| **EQUITRANS LIMITED,** | ) | **DEFENDANT/** |
| | ) | **THIRD-PARTY PLAINTIFF,** |
| **v.** | ) | |
| | ) | |
| **SPECTRY ENERGY PARTNERSHIP,**<br>**L.P.** | ) | |
| | ) | |
| **BIG SANDY PIPEINE, LLC** | ) | **THIRD-PARTY DEFENDANTS.** |

## ANSWER OF SPECTRA ENERGY PARTNERS, LP TO THIRD-PARTY COMPLAINT

Third-Party Defendant Spectra Energy Partners, LP ("SEP"), for its Answer to the Third-Party Complaint filed by Equitrans, Limited ("Equitrans"), states as follows:

1.    Admitted

2.    Admitted.

3.    Admitted.

4.    SEP admits that it is a foreign limited partnership but denies the remaining allegations contained in Paragraph 4.

5.    Admitted.

6.    Admitted.

**Filed**       **18-CI-00459**    **05/22/2019**       **Douglas R. Hall, Floyd Circuit Clerk**

4848-2648-6934.3

7.      SEP admits that Big Sandy Pipeline, LLC conducts business in Floyd County, Kentucky and admits that a substantial part of the events alleged in Plaintiffs' Complaint occurred in Floyd County, Kentucky.  SEP denies the remaining allegations contained in paragraph 7.

8.      Admitted.

9.      Denied.

10.      SEP adopts and incorporates by reference Paragraphs 1 through 9 of this Answer as if fully stated herein.

11.      Admitted.

12.      Denied.

13.      SEP states that no response is required to the allegations set forth in Paragraph 13 as the Contribution Agreement speaks for itself.

14.      SEP states that no response is required to the allegations set forth in Paragraph 14 as the Contribution Agreement speaks for itself.

15.      SEP states that no response is required to the allegations set forth in Paragraph 15 as the Contribution Agreement speaks for itself.

16.      SEP states that no response is required to the allegations set forth in Paragraph 16 as the Purchase and Sale Agreement speaks for itself.

17.      SEP states that no response is required to the allegations set forth in Paragraph 17 as the Purchase and Sale Agreement speaks for itself.

18.      SEP states that no response is required to the allegations set forth in Paragraph 18 as the "General Conveyance, Assignment and Bill of Sale" speaks for itself.

19.      SEP states that no response is required to the allegations set forth in Paragraph 19 as the "Operation and Management Services Agreement" speaks for itself.

20.     SEP states that no response is required to the allegations set forth in Paragraph 20 as the "Amended and Restated Operation and Management Services Agreement" speaks for itself.

21.     SEP states that no response is required to the allegations set forth in Paragraph 21 as the "Amended and Restated Operation and Management Services Agreement" speaks for itself.

22.     SEP admits that Equitrans did not own the pipeline after it was sold to Big Sandy Pipeline.

23.     SEP states that no response is required to the allegations contained in Paragraph 23 as Plaintiffs' Complaint speaks for itself.

24.     SEP states that no response is required to the allegations contained in Paragraph 24 as Plaintiffs' Complaint speaks for itself.

25.     SEP admits that the allegations contained in Paragraph 25 reflect Equitrans' position in this lawsuit.

26.     Denied.

27.     Denied.

28.     Denied.

29.     SEP states that no response is required to the statements contained in Paragraph 29.

30.     SEP adopts and incorporates by reference Paragraphs 1 through 29 of this Answer as if fully stated herein.

31.     SEP admits that certain documents between Equitrans and certain Third-Party Defendants related to the pipeline owned by Big Sandy Pipeline.

32.     Denied.

33.     SEP admits that Equitrans asserts that the Third-Party Defendants have agreed to indemnify Equitrans if the Equitrans is liable to Plaintiffs. SEP denies that it is obligated to indemnify Equitrans.

34.     Denied.

35.     Denied.

36.     SEP adopts and incorporates by reference Paragraphs 1 through 35 of this Answer as if fully stated herein.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     SEP adopts and incorporates by reference Paragraphs 1 through 40 of this Answer as if fully stated herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

SEP denies that Equitrans is entitled to any of the relief sought in the paragraphs following paragraph 45.

## AFFIRMATIVE DEFENSES

1.     The Third-Party Complaint fails to state a claim upon which relief can be granted.

2.     This Court lacks personal jurisdiction over Spectra Energy Partners, LP.

3.     This dispute cannot be litigated in this Court because the Purchase and Sale Agreement, dated May 11, 2011 ("PSA"), provides that this dispute is subject to an exclusive forum provision, requiring any litigation to take place in the Borough of Manhattan, State of New York.

4.     SEP does not construct, maintain, repair, or operate any natural gas pipeline.

4848-2648-6934.3

5.      SEP lacks authority from the Federal Energy Regulatory Commission to construct, maintain, repair, or operate any natural gas pipeline.

6.      Some entity other than SEP has or had the authority and/or obligation to construct, maintain, repair, or operate the natural gas pipeline on or near Plaintiffs' property.

7.      This litigation does not arise from a breach of the PSA.

8.      SEP denies that Plaintiff is entitled to any recovery whatsoever under its Complaint or Amended Complaint.

9.      Requiring SEP to indemnify Equitrans in this dispute is against the public policy of Kentucky.

10.     Equitrans has waived its right to assert common-law indemnity claims.

11.     SEP has no obligation to indemnify Equitrans for consequential, exemplary, or punitive damages.

12.     Equitrans seeks indemnification from SEP beyond the scope of any contract between them.

13.     SEP relies on such other affirmative defenses as may be identified during the court of discovery, and reserves the right to amend its answer, file further pleadings, and assert additional claims or defenses.

14.     SEP denies all allegations not expressly admitted.

### JURY DEMAND

SEP demands a trial by jury on all issues so triable.

4848-2648-6934.3

Respectfully submitted,

*s/ Brian R. Epling*
Lela M. Hollabaugh
Brian R. Epling
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone (615) 244-2582
Facsimile: (615) 252-6380
lhollabaugh@bradley.com
bepling@bradley.com

COUNSEL FOR SPECTRA ENERGY PARTNERS, LP

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of May, 2019, the foregoing pleading was served via United States Mail, postage prepaid on the following:

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822

J. Kevin West
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Kevin.west@steptoe-johnson.com

Candace Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
Candace.smith@steptoe-johnson.com

*s/ Brian R. Epling*
Of Counsel

4848-2648-6934.3

Filed        18-CI-00459      06/07/2019        Douglas R. Hall, Floyd Circuit Clerk        ORIGINAL DOCUMENT
                                                                                    09/23/2019 11:26:25 AM
                                                                                    85355-13

# COMMONWEALTH OF KENTUCKY
## FLOYD COUNTY COURT
## DIVISION II
## CIVIL ACTION NO. 18-CI-459

***\*\*\*Electronically Filed\*\*\****

| | | |
|---|---|---|
| LISA ALLEN and | ) | PLAINTIFFS, |
| ANTHONY ALLEN, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPECTRA ENERGY OPERATING | ) | DEFENDANT, |
| COMPANY, LLC, and | ) | |
| | ) | DEFENDANT/ |
| EQUITRANS LIMITED, | ) | THIRD-PARTY PLAINTIF, |
| | ) | |
| AND | ) | |
| | ) | |
| EQUITRANS LIMITED, | ) | DEFENDANT/ |
| | ) | THIRD-PARTY PLAINTIFF, |
| v. | ) | |
| | ) | |
| SPECTRY ENERGY PARTNERSHIP, | ) | |
| L.P. | ) | |
| | ) | |
| BIG SANDY PIPEINE, LLC | ) | THIRD-PARTY DEFENDANTS. |

## SPECTRA ENERGY OPERATING COMPANY, LLC'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Spectra Energy Operating Company, LLC ("Operating Company") for its answer to the Amended Complaint filed by Plaintiffs Lisa and Anthony Allen ("Plaintiffs") states as follows:

1.     Operating Company adopts and incorporates here by reference each and every response made to the previous complaint in this action to the extent such responses are not inconsistent with the responses made below.

2.     Admitted.

3.     Admitted.

1

Filed        18-CI-00459      06/07/2019        Douglas R. Hall, Floyd Circuit Clerk

4.      Operating Company admits that it is a foreign limited liability company and that it is authorized to do and does business in Kentucky.

5.      Operating Company admits that Spectra Energy Partners, LP ("SEP") is a foreign entity.  Operating Company denies the remaining allegations contained in Paragraph 5.

6.      Admitted.

7.      Admitted.

8.      Operating Company admits that a natural gas pipeline was constructed, maintained, repaired and/or operated in close proximity to the Plaintiffs' property in question.   Operating Company denies the remaining allegations contained in Paragraph 8.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Operating Company admits that Plaintiffs seek damages in excess of the jurisdiction limit.

Operating Company denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 13.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Some or all of Plaintiffs' Complaint is barred by the applicable statute of limitations.

3.      Some or all of Plaintiffs' Complaint is barred by the doctrine of laches.

Filed        18-CI-00459    06/07/2019        Douglas R. Hall, Floyd Circuit Clerk    ORIGINAL DOCUMENT
09/23/2019 11:26:25 AM
85355-13

4.      Operating Company does not construct, maintain, repair, or operate any natural gas pipeline.

5.      Operating Company lacks authority from the Federal Energy Regulatory Commission to construct, maintain, repair, or operate any natural gas pipeline.

6.      Some entity other than Operating Company has or had the authority and/or obligation to construct, maintain, repair, or operate the natural gas pipeline on or near Plaintiffs' property.

7.      Plaintiffs' claims are barred, in whole or in part, by release.

8.      Plaintiffs' alleged damages are barred, in whole or in part, by their failure to mitigate any alleged damages.

9.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' assumption of the risk.

10.     Plaintiffs' alleged damages were caused by the operation of superseding and intervening causes, acts of God, natural disaster or other events over which Operating Company exercised no control and for which it bears no liability or responsibility.

11.     The Complaint fails to state a cause of action upon which pre-judgment or post-judgment interest can be awarded.

12.     Operating Company states and pleads that punitive damages are not recoverable in this action for the following reasons:

a.      The Complaint fails to state a cause of action upon which punitive damages can be awarded.

b.      To the extent that it seeks punitive damages, the Complaint violates Operating Company's right to procedural due process under the Fourteenth Amendment of the

Filed        18-CI-00459    06/07/2019        Douglas R. Hall, Floyd Circuit Clerk

Filed        18-CI-00459      06/07/2019        Douglas R. Hall, Floyd Circuit Clerk    ORIGINAL DOCUMENT
09/23/2019 11:26:25 AM
85355-13

United States Constitution, and Sections 1, 2, 7, and 17 of the Constitution of the Commonwealth of Kentucky.

        c.     Plaintiffs' claim for punitive damages is in violation of and is barred by the substantive due process clauses contained in Section 14 of the Constitution of the Commonwealth of Kentucky and by the Fifth and Fourteenth Amendments to the United States Constitution.

        d.     Plaintiff's claim for punitive damages is in violation of and is barred by the Equal Protection Clause of Sections 2 and 3, et seq., of the Constitution of the Commonwealth of Kentucky and by the Fourteenth Amendment to the United States Constitution.

        e.     Plaintiffs' claim for punitive damages is in violation of and is barred by the prohibition of ex post facto laws contained within § 10 of Article I of the United States Constitution.

        f.     Plaintiffs' claim for punitive damages is in violation of and is barred by the prohibition against excessive fines and cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution as set forth in *Cooper v. Leatherman Tool Group, Inc.*, and its progeny.

13.     Operating Company relies on such other affirmative defenses as may be identified during the course of discovery, and reserves the right to amend its answer, file further pleadings, and assert additional claims or defenses.

14.     Any allegation not specifically admitted is denied.

Dated this 6th day of June 2019.

Filed        18-CI-00459      06/07/2019        Douglas R. Hall, Floyd Circuit Clerk

Filed          18-CI-00459     06/07/2019        Douglas R. Hall, Floyd Circuit Clerk    ORIGINAL DOCUMENT
                                                                                09/23/2019 11:26:25 AM
                                                                                85355-13

Respectfully submitted,

*s/ Brian R. Epling*
Lela M. Hollabaugh (TN BPR #14894)
(Admitted *pro hac vice*)
Brian R. Epling (KY Bar #95539)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Telephone:  (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
bepling@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of June, 2019, the foregoing pleading was served via United States Mail, postage prepaid on the following:

Adam P. Collins
Collins, Collins, & Conley, P.S.C.
P.O. Box 727
Hindman, Kentucky 41822

J. Kevin West
Steptoe & Johnson PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
Kevin.west@steptoe-johnson.com

Candace Smith
Steptoe & Johnson PLLC
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
Candace.smith@steptoe-johnson.com

*s/ Brian R. Epling*
Of Counsel

Filed          18-CI-00459     06/07/2019        Douglas R. Hall, Floyd Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**FLOYD CIRCUIT COURT, DIVISION II**
**CIVIL ACTION NO. 18-CI-459**

**LISA AND ANTHONY ALLEN**                                    **PLAINTIFFS**

**V.**

**EQUITRANS, LIMITED, and**
**SPECTRA ENERGY OPERATING COMPANY, LLC,**          **DEFENDANTS**

---

### MOTION FOR PRE-TRIALCONFERENCE

---

Comes the Plaintiffs, by and through counsel, and hereby moves this Honorable Court to

assign the within action for Pre- Trial Conference

**WHEREFORE,** the Plaintiffs respectfully pray for appropriate Orders of the Court.


Respectfully submitted,


**/s/ADAM P. COLLINS**
**ADAM P. COLLINS, ESQ.**
**COLLINS, COLLINS, & CONLEY P.S.C.**
**P.O. BOX 727**
**HINDMAN, KENTUCKY 41822**
**PHONE (606) 785-5048**
**FAX (606) 785-3021**

### <u>NOTICE</u>

The Parties hereto will take notice that the foregoing Motion will be brought on for hearing before

this Honorable Court on the 26th day of **July, 2019**, at the hour of **9:00** a.m., or as soon as the

business of the Court may allow.

Respectfully submitted,

**/s/ADAM P. COLLINS**
**ADAM P. COLLINS, ESQ.**
**COLLINS, COLLINS & CONLEY, P.S.C.**

P.O. BOX 727
**HINDMAN, KENTUCKY 41822**
**(606) 785-5048**
**FAX: (606) 785-3021**
**ATTORNEY FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE:

This is to certify that true and accurate copies of the foregoing were duly e-filed and mailed

this day, postage prepaid, to the following:

Original copy:

 Floyd Circuit Court Clerk
127 S. Lake Drive
Prestonsburg, Kentucky 41653-1981

And copies to:

Hon. Lela Hollabaugh
Hon. Brian Epling
Bradley Arant Boult Cummings, LLP.
1600 Division Street, Suite 700
Nashville, TN 37203

Hon. John Kevin West
STEPTOE & JOHNSON, PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215

Hon. Candace Smith.
2525 Harrodsburg Road, Ste.300
Lexington, KY 40504


This the 18th day of July, 2019.

/s/ADAM P. COLLINS
**ADAM P. COLLINS, ESQ.**

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 18-CI-00459

FILED                ENTER
TENDERED             RECEI
THIS 30 DAY OF July  20 1
DOUGLAS R. HALL, CLERK
BY: J. Morgan

LISA ALLEN, ET AL                                   PLAINTIFFS

VS.          ORDER ASSIGNING PRETRIAL CONFERENCE

EQUITRANS LIMITED, ET AL                            DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This cause coming on pursuant to the Motion of Plaintiff; and, the Court being sufficiently advised, **HEREBY ORDERS AS FOLLOWS:**

1) This case is assigned for a conference to be held in the Conference Room of Division II Floyd Circuit Court, Floyd County Justice Center in Prestonsburg, Kentucky, on Friday, **February 28, 2020 at the hour of 1:15 p.m.**

2) The attorneys for the Parties are directed to appear on the date and time noticed. Each attorney shall be fully informed on the facts and prepared on the law, and shall be authorized and prepared to enter into stipulations, to the extent the same may be possible, concerning:

(A) The simplification of the issues;

(B) The necessity or desirability of amendment to the pleadings.

(C) The possibility of obtaining admissions of fact, documents,

RECEIVED AUG 0 5 2019

photographs and other exhibits
which will avoid unnecessary
proof.

(D)   The limitation of the number
of expert witnesses.

(E)   Such other matters as may aid
in the disposition of the action.

3)   Furthermore, the Parties are directed to do the
following:

(A)   The attorneys who participate
in the pre-trial conference must
be those who will actually try the
case.

(B)   All discovery, including
medical and all depositions, shall
be completed before the pretrial
conference except to the extent
that such completion is impossible
or highly impractical.

(C)   Each counsel should confer
with his client prior to the
conference in order to obtain a
firm commitment as to the amount
of settlement, to determine the
client's position with respect to
pleadings, admissions, or other
matters that may require consent
of the client.

4)   If counsel for any party shall fail to comply
with the above or to attend the conference without previous
excuse by the Judge for good cause, the party represented by him
shall be subject to dismissal of his action or by striking of
his answer, as the case may be, and shall be further subject to
the assessment of special costs, including attorneys' fees,

incurred by the Parties who do attend the conference.

5) On conclusion of the Conference, the Court will set the action for trial, unless fully disposed of at the conference, and shall make and enter its Pretrial Order, which shall be a part of the record of each case.

SO ORDERED, this the _29th_ day of July 2019.

HON. THOMAS M. SMITH
JUDGE, FLOYD CIRCUIT COURT
31ST JUDICIAL DISTRICT
DIVISION NO. II

CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Order was mailed this day, postage prepaid, to the following:

This the _30_ day of _July_, 2019.

DOUGLAS RAY HALL, CLERK
FLOYD CIRCUIT COURT

BY: _J. Morgan_ D.C.