UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LISA ALLEN and ANTHONY ALLEN, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 7:19-cv-00073-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| EQUITRANS, LIMITED, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Plaintiffs' Motion to Remand. [R. 8.] Plaintiffs Lisa Allen and Anthony Allen originally filed this suit in Floyd Circuit Court against several defendants including Equitrans, Limited and Spectra Energy Operating Company, LLC. [R. 1.] Plaintiffs seek remand on the grounds that Spectra has not shown there is complete diversity between the parties. [R. 8.] Plaintiffs also seek an award of costs related to removal. *Id.* For the following reasons, Plaintiffs' Motion to Remand is GRANTED, but their request for an award of costs is DENIED.

**I**

This is the second time these litigants have come before the Court following removal from Floyd Circuit Court, and likewise Plaintiffs' second request for remand. *See Allen, et al. v. Equitrans, Limited, et al.*, Civil No. 7:18-83-GFVT. Plaintiffs initially disputed removal on the grounds that the amount in controversy had not been met. [18-83, R. 9.] The Court agreed, and remanded the case because there was not "sufficient evidence available in the record to

determine, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." [18-83, R. 28.]  At the time, the parties did not dispute there was complete diversity between them.

Since remand in the other case, Defendants have conducted discovery in state court and now believe they can show, by a preponderance of the evidence, that Plaintiffs seek damages in excess of $75,000.  This time, Plaintiffs seek remand for lack of complete diversity.  [R. 8.]  They argue defendant Big Sandy Pine is a limited liability company which has the citizenship of each of its partners or members.  Plaintiffs contend "Spectra has ignored its burden and has not provided documentation showing the identity of all of its members," and therefore "cannot meet its burden to show complete diversity[.]"  [R. 8 at 2.]  Plaintiffs also seek an award of costs and fees "to deter similarly-deficient removals in the future and to compensate the Plaintiffs and their attorneys for the unjustified inconvenience, needless delay and wasted time and effort to which they have been put by the removing Defendant's deficient removal of this case[.]"  *Id.* at 5.

Spectra states it has obtained a declaration showing Spectra, Spectra Energy Partners, LP, and Big Sandy Pipeline, LLC are "(1) citizens of Delaware and Texas and (2) not citizens of Kentucky."  [R. 9 at 2.]  However, Spectra was unable to obtain a similar declaration from Equitrans, and therefore "concedes that it cannot establish that diversity exists between Equitrans and Plaintiffs and that this matter may be remanded to state court."  *Id.*  Despite conceding to remand, Spectra disputes that an award of fees and costs is appropriate.  Spectra argues it had an objectively reasonable basis for removing the case, because "[i]t has previously removed the case with no objection to the parties' citizenship," and Equitrans, the only defendant whose citizenship is undetermined, consented to removal.  *Id.* at 3.

## II

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

In some instances, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that the purpose of an award of fees and costs under § 1447(c) is to "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter[.]" *Martin v. Franklin Capial Corp.*, 546 U.S. 132, 140 (2005). Therefore, the general rule is fee awards are only appropriate where the removing party lacks an objectively reasonable basis for removal. *See Powers v. Cottrel, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (citing *Martin*, 546 U.S. at 140). But, because "district courts retain considerable discretion in awarding attorney fees," a district court may consider whether unusual circumstances exist to warrant a departure from this rule. *Id.*

Spectra concedes that remand is appropriate here, because they cannot establish with certainty the citizenship of co-defendant Equitrans, Limited. [R. 9.] And, as has already been stated, doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted). However, the Court will not award costs to Plaintiffs. Although Spectra admits it has been unable to obtain a declaration of citizenship from Equitrans, Spectra conferred with Equitrans prior to removal and Equitrans consented. [R. 1 at 6; R. 9 at 1.] Furthermore Spectra was unaware there was a dispute about diversity of citizenship. In the earlier federal case, Plaintiffs only argument for remand related to the amount in controversy requirement not being met. [18-83, R. 9.] Spectra reasonably believed that diversity was not disputed, and therefore it cannot be said Spectra lacked "an objectively reasonable basis for removal." *Powers*, 728 F.3d at 515. Therefore, Plaintiffs' Motion to Remand is GRANTED, but Plaintiffs request for attorneys' fees and costs is DENIED.

### III

Spectra cannot establish that there is complete diversity between the parties and so this case must be remanded. However, especially in light of the previous removal and remand, Spectra had an objectively reasonable basis for removal and Plaintiffs are not entitled to an award of fees and costs.

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Remand [**R. 8**] is **GRANTED;**

2. This action is **REMANDED** in its entirety to the Floyd Circuit Court from which it was removed; and

3. This matter is **STRICKEN** from the Court's active docket.

4

This the 24th day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge